IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 20-cr-00040 (BAH) |
| JESSICA JOHANNA OSEGUERA ) | |
| GONZALEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

DEFENDANT JESSICA JOHANNA OSEGUERA GONZALEZ'S
MOTION TO COMPEL PRODUCTION OF EVIDENCE AND WITNESSES
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Jessica Johanna Oseguera Gonzalez, by and through undersigned counsel, respectfully moves the Court for an Order compelling the Government to produce certain evidence and the presence of certain witnesses at the March 2, 2020 detention hearing in the above-captioned case. In support of this motion, Ms. Gonzalez states the following.

I. BACKGROUND

On February 13, 2020, a Grand Jury handed up an Indictment charging Ms. Gonzalez with five counts of Engaging in Transactions or Dealings in Properties of a Designated Foreign Person, in violation of 21 U.S.C. §§ 1904 and 1906. On February 26, 2020, Ms. Gonzalez was arraigned and entered pleas of Not Guilty as to all charges.

On February 28, 2020, Ms. Gonzalez, through undersigned counsel, provided a discovery letter to the United States. *See* ECF 10, 10-1. Through this letter, Ms. Gonzalez requested several pieces of critical evidence under Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963) and other applicable authority, in advance of her March 2, 2020 detention hearing. *See* ECF 10-1, at 1.

1

Specifically, and pursuant to *Brady*, Ms. Gonzalez requested: (1) all evidence that would permit Ms. Gonzalez to challenge the weight of the evidence at the detention hearing scheduled for Monday, March 2, 2020; (2) identification of all cases within the past five years where the United States has charged an individual under 21 U.S.C. §§ 1904 and 1906; and (3) all evidence the Government had in its possession to support a finding of probable cause when law enforcement officers surveilled and attempted to interview Ms. Gonzalez in August 2019. *Id.* at 1-2. Ms. Gonzalez requested this evidence by the close of business on Friday, February 28, 2020, so that she could make use of the evidence in preparation for her March 2, 2020 detention hearing. *Id.* at 2.

In response to this letter, the Government represented, via e-mail to undersigned counsel, that it intended to have a discovery production to counsel by close of business on Friday. *See* Exhibit 1 (February 28, 2020 Email from Anthony John Nardozzi to Steven McCool). Although the Government did not specify to which Friday it was referring, the Government did not provide a response, or any discovery, to undersigned counsel on Friday, February 28, 2020. Ms. Gonzalez, therefore, is currently without this evidence, which will be critical to her detention hearing on March 2, 2020.

II.   LEGAL STANDARD

Rule 16(d)(2)(A) of the Federal Rules of Criminal Procedure states that a Court may "order [a] party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions" if a party fails to comply with its discovery obligations under Rule 16. *See* Fed. R. Crim. P. 16(d)(2)(A).

When the government suppresses evidence favorable to an accused that is material to guilt or to punishment, it violates the defendant's right to due process. *Brady v. Maryland*, 373 U.S. 83 (1963); *see also Cone v. Bell*, 556 U.S. 449, 451 (2009). "*Brady* suppression occurs

when the government fails to turn over even evidence that is known only to police investigators." *Youngblood v. W. Virginia*, 547 U.S. 867, 869-70 (2006) (internal citations omitted). "Such evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of **the proceeding** would have been different.'" *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (emphasis added) (internal citations omitted). The plain language of *Strickler* does not limit *Brady* to trial, and instead applies more broadly to "proceeding[s]." *Id.* A criminal defendant has the right to present evidence at a detention hearing challenging "[t]he weight of the evidence against the person." *Tyler v. United States*, 705 A.2d 270, 275 (D.C. 1997). This is consistent with the longstanding principle that "[i]n our society, liberty is the norm and detention prior to trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Therefore, a court's authority to detain a person before trial must be "carefully limited." *Id*.

Consistent with this mandate, the Bail Reform Act grants the trial court a limited and carefully circumscribed authority to hold a defendant before trial. Judges at detention hearings have been required to consider "the weight of the evidence against the person." *See* 18 U.S.C. § 3142(g)(2). The right to challenge the weight of the evidence necessarily indicates a defendant's right to present exculpatory evidence. If the evidence were not exculpatory, there would be no reason for a defendant to present the evidence at a detention hearing. Moreover, the right to present exculpatory evidence means that a defendant has the right to receive such evidence and to receive it in time to make use of it. Suppression of material exculpatory evidence is violative of due process. The restriction on a person's liberty has always been a chief concern of the Fifth Amendment as evidenced by its prohibition against depriving a person of "liberty" without due process. U.S. Const. amend. V.

III. <u>ARGUMENT</u>

As set forth above, the Government has failed to produce the evidence necessary for Ms. Gonzalez to address the Government's arguments during her detention hearing. This evidence has been properly sought pursuant to Rule 16 and *Brady*, and the suppression of this evidence violates Ms. Gonzalez's due process rights under the United States Constitution.

During Ms. Gonzalez's detention hearing, the Court will weigh the factors set forth in the Bail Reform Act, 18 U.S.C. § 3142. The evidence sought by Ms. Gonzalez in her February 28, 2020 discovery letter is relevant and material to the Court's analysis of those factors. The documents and information sought by this motion are within the Government's possession, custody, or control, and are material to Ms. Gonzalez's preparation for her detention hearing. Since the Government has failed to produce these materials, Ms. Gonzalez respectfully requests the Court to Order the Government to comply with its discovery obligations and produce this information prior to Ms. Gonzalez's March 2, 2020 detention hearing. For these same reasons, and pursuant to *Brady*, Ms. Gonzalez respectfully requests the Court to enter an Order directing the Government to produce all evidence that the allegations in the Indictment against Ms. Gonzalez had been previously litigated in Mexico. Finally, given the Government's failure to produce the information requested in counsel's February 28, 2020 letter, Ms. Gonzalez respectfully requests the Court enter an Order directing the Government to produce the federal law enforcement agents who surveilled and questioned Ms. Gonzalez in August 2019 as witnesses at Ms. Gonzalez's March 2, 2020 detention hearing, so Ms. Gonzalez may question these witnesses and present argument concerning the factors set forth in 18 U.S.C. § 3142.

IV. <u>CONCLUSION</u>

Wherefore, for the foregoing reasons, and any reasons that appear to the Court, Ms. Gonzalez respectfully requests the Court enter an Order compelling the Government to disclose the above-requested information pursuant to its obligations under Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), and to produce the above-requested witnesses at her March 2, 2020 detention hearing.

Respectfully submitted,

/s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-3346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.

/s/ Steven J. McCool
STEVEN J. McCOOL