FILED by MDC D.C.
ELECTRONIC
JUL 27, 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **07-20587-CR-GOLD/BANDSTRA**

21 U.S.C. §§ 1906(a) and 1904(c)(2)
18 U.S.C. § 1956(a) and (h)
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

FERNANDO MELCIADES ZEVALLOS GONZALES,
a/k/a "Lunarejo,"
and
SANDRA ELISA SANCHEZ,

           Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.     On June 1, 2004, in a report to the Congress of the United States ("the Congress") issued pursuant to the Foreign Narcotics Kingpin Designation Act (the "Kingpin Act"), Title 21, United States Code, Sections 1901 through 1908, and Title 8, United States Code, Section 1182, the President of the United States ("the President") identified and designated defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** as a "significant foreign narcotics trafficker" subject to economic sanctions.

2.     The Kingpin Act declared a national emergency with respect to the activities of international narcotics traffickers and their organizations, which threatened the national security, foreign policy, and economy of the United States. In response to that emergency, Congress applied economic and other financial sanctions to significant foreign narcotics traffickers and their organizations worldwide.

**EXHIBIT 1**

3. Any property and interests in property within the United States which were owned or controlled by any "significant foreign narcotics trafficker" identified and designated by the President pursuant to the Kingpin Act were blocked as of the date of such designation and identification, in accordance with Title 21, United States Code, Section 1904(b)(1) .

4. Any transaction within the United States, or by a United States person wherever located, in property or interests in property of any "significant foreign narcotics trafficker" identified and designated by the President pursuant to the Kingpin Act was prohibited by Title 21, United States Code, Section 1904(c)(1).

5. LA HACIENDA (USA), LLC, a limited liability corporation, filed for incorporation in the State of Florida on or about June 7, 1999. A membership certificate for LA HACIENDA (USA), LLC dated June 9, 1999, stated that defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** (under the name FERNANDO ZEVALLOS) was a member of LA HACIENDA (USA), LLC. A membership certificate for LA HACIENDA (USA), LLC dated May 30, 2003, stated that defendant **SANDRA ELISA SANCHEZ** (under the name SANDRA E. SANCHEZ) was a member of LA HACIENDA (USA), LLC. Minutes of an organizational meeting of the members of LA HACIENDA (USA), LLC dated June 9, 1999, stated that defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** (under the name FERNANDO ZAVALLOS) had a 100% interest in the company. Minutes of an organizational meeting of the members of LA HACIENDA (USA), LLC dated May 30, 2003, stated that defendant **SANDRA ELISA SANCHEZ** (under the name SANDRA SANCHEZ) had a 100% interest in the company. An amended annual report for LA HACIENDA (USA), LLC, dated September 2, 2004, listed defendant **SANDRA ELISA SANCHEZ** (under the name SANDRA SANCHEZ) as the new registered agent and manager of LA HACIENDA (USA), LLC.

2

6. On or about May 12, 1995, defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** (under the name FERNANDO M. ZEVALLOS) purchased real property located at 9640 N.W. 45th Manor, Coral Springs, Florida. Defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** (under the name FERNANDO ZEVALLOS) paid the property taxes for the property located at 9640 N.W. 45th Manor, Coral Springs, Florida, for tax years 1995-1998, 2000 and 2001. On or about June 22, 1999, defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** (under the name FERNANDO M. ZEVALLOS) transferred his title of the property located at 9640 N.W. 45th Manor, Coral Springs, Florida to LA HACIENDA (USA), LLC.

7. On or about October 18, 2004, LA HACIENDA (USA), LLC sold the house located at 9640 N.W. 45th Manor, Coral Springs, Florida for approximately $731,500. Defendant **SANDRA ELISA SANCHEZ** (under the name SANDRA SANCHEZ) signed the warranty deed transferring title of the house located at 9640 N.W. 45th Manor, Coral Springs Florida.

8. RUNNING BROOK, LLC, a limited liability corporation, filed for incorporation in the State of Florida on or about September 12, 2000. A membership certificate for RUNNING BROOK, LLC dated September 13, 2000, stated that defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** (under the name FERNANDO ZEVALLOS) was a member of RUNNING BROOK, LLC. A membership certificate for RUNNING BROOK, LLC dated May 30, 2003, stated that defendant **SANDRA ELISA SANCHEZ** (under the name SANDRA E. SANCHEZ) was a member of RUNNING BROOK, LLC. An amended annual report for RUNNING BROOK, LLC, dated September 2, 2004, listed the new registered agent and manager of RUNNING BROOK, LLC, as defendant **SANDRA ELISA SANCHEZ** (under the name SANDRA SANCHEZ).

9. On or about September 20, 2000, RUNNING BROOK, LLC, purchased real property

3

located at 4422 N.W. 100th Avenue, Coral Springs, Florida. Defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** (under the name FERNANDO ZEVALLOS) paid the property taxes for tax years 2000 and 2001 for the property located at 4422 N.W. 100th Avenue, Coral Springs, Florida. On or about October 27, 2004, RUNNING BROOK, LLC, sold the property located at 4422 N.W. 100th Avenue, Coral Springs, Florida for approximately $850,000.

10. Defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** and defendant **SANDRA ELISA SANCHEZ** were married to each other on or about December 18, 2000.

## COUNT 1

### Conspiracy to Violate the Kingpin Act
### (21 U.S.C. § 1904(c)(2))

1. The allegations of paragraphs 1 through 10 of the General Allegations Section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From on or about June 1, 2004, and continuing through in or around November 2004, the exact dates being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO MELCIADES ZEVALLOS GONZALES,**
a/k/a "Lunarejo,"
and
**SANDRA ELISA SANCHEZ,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others unknown to the Grand Jury, to commit violations of the Kingpin Act, in violation of Title 21, United States Code, Sections 1906(a), 1904(b)(1), (c)(1) and (c)(2).

### PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendants to willfully violate and circumvent the prohibitions of the Kingpin Act through the transfer, use and dealing in property in which defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** had an interest.

4

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the purpose of the conspiracy included, among others, the following:

4. Defendant **SANDRA ELISA SANCHEZ** deposited into her personal checking account two checks totaling $100,000 written on defendant **FERNANDO MELCIADES ZEVALLOS GONZALES**'s personal checking account.

5. Defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** created two shell corporations, **RUNNING BROOK, LLC** and **LA HACIENDA (USA), LLC** using nominees as officers of the shell corporations to conceal and disguise the nature, location, source, ownership, and control of the proceeds of narcotics trafficking owned and controlled by defendant **FERNANDO MELCIADES ZEVALLOS GONZALES.**

6. Through the two shell corporations, defendants **FERNANDO MELCIADES ZEVALLOS GONZALES** and **SANDRA ELISA SANCHEZ** sold two real estate properties located in Coral Springs, Florida, which had been blocked by operation of the Kingpin Act designation, and which were then owned and controlled by defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** through the two shell corporations.

7. Using the proceeds of the sales of the two real properties illegally transferred and sold in violation of the prohibition established by the designation under the Kingpin Act, defendants **FERNANDO MELCIADES ZEVALLOS GONZALES** and **SANDRA ELISA SANCHEZ** wire-transferred the proceeds of the illegal real estate transactions to Peruvian bank accounts of the two shell corporations controlled by the defendants.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the purpose thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

### Deposit of Defendant's Checks

1. On or about June 2, 2004, defendant **SANDRA ELISA SANCHEZ** deposited two checks written on the Wachovia Bank account of defendant **FERNANDO MELCIADES ZEVALLOS GONZALES** in the amounts of $50,000 each, into defendant **SANDRA ELISA SANCHEZ's** Wachovia Bank account.

### Sales of Real Property

2. On or about October 18, 2004, defendants **FERNANDO MELCIADES ZEVALLOS GONZALES** and **SANDRA ELISA SANCHEZ** sold the property located at 9640 N.W. 45th Manor, Coral Springs Florida for approximately $731,500 through LA HACIENDA (USA) LLC.

3. On or about October 18, 2004, Defendant **SANDRA ELISA SANCHEZ** (under the name SANDRA SANCHEZ) signed the warranty deed transferring title of the house located at 9640 N.W. 45th Manor, Coral Springs Florida.

4. On or about October 27, 2004, defendants **FERNANDO MELCIADES ZEVALLOS GONZALES** and **SANDRA ELISA SANCHEZ** sold the house located at 4422 N.W. 100th Avenue, Coral Springs, Florida for approximately $850,000 through RUNNING BROOK, LLC.

### Wire Transfers of Illegal Proceeds

5. On or about October 29, 2004, the defendants **FERNANDO MELCIADES ZEVALLOS GONZALES** and **SANDRA ELISA SANCHEZ** caused the execution of four wire

6

transfers totaling approximately $1,408,402.99, which constituted proceeds from the illegal transfer and sale of the real properties, from a lawyer's trust account in Plantation, Florida, to the bank accounts in Lima, Peru of the two shell corporations that the defendants controlled.

Pursuant to Title 21, United States Code, Section 1906(a)(2), it is further alleged that defendant **SANDRA ELISA SANCHEZ** was an officer and agent of an entity who knowingly participated in a violation of the Kingpin Act.

All in violation of Title 21, United States Code, Section 1904(c)(2).

## COUNTS 2-9

### Violations of the Kingpin Act
### (21 U.S.C. §§ 1906(a) and 1904(b)(1) and (c)(1))

1. The allegations of paragraphs 1 through 10 of the General Allegations Section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. On or about the dates listed below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO MELCIADES ZEVALLOS GONZALES,**
a/k/a "Lunarejo,"
and
**SANDRA ELISA SANCHEZ,**

did knowingly and willfully conduct transactions described below, within the United States, in property and interests in property owned and controlled by defendant **FERNANDO MELCIADES ZEVALLOS GONZALES**, a designated significant foreign narcotics trafficker, so identified in a report by the President of the United States issued on June 1, 2004, pursuant to Title 21, United States Code, Section 1903(b), which designation blocked the transfer, use and dealing in any such property and interests in property.

7

| COUNT | APPROX. DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 2 | June 2, 2004 | Deposit of check #1045 totaling $50,000 written on defendant **FERNANDO MELCIADES ZEVALLOS GONZALES's** Wachovia Bank account and deposited into defendant **SANDRA ELISA SANCHEZ's** Wachovia bank account. |
| 3 | June 2, 2004 | Deposit of check #1046 totaling $50,000 written on defendant **FERNANDO MELCIADES ZEVALLOS GONZALES's** Wachovia Bank account and deposited into defendant **SANDRA ELISA SANCHEZ's** Wachovia bank account. |
| 4 | October 18, 2004 | Sale of real property located at 9640 N.W. 45th Manor, Coral Springs, Florida. |
| 5 | October 27, 2004 | Sale of real property located at 4422 N.W. 100 Avenue, Coral Springs, Florida. |
| 6 | October 29, 2004 | Wire transfer totaling $350,000 from a lawyer's trust account at Wachovia Bank in Plantation, Florida, to LA HACIENDA (USA), LLC's account at Banco Wiese Sudameris in Lima, Peru. |
| 7 | October 29, 2004 | Wire transfer totaling $300,000 from a lawyer's trust account at Wachovia Bank in Plantation, Florida, to LA HACIENDA (USA), LLC's account at Banco Continental in Lima, Peru. |
| 8 | October 29, 2004 | Wire transfer totaling $350,000 from a lawyer's trust account at Wachovia Bank in Plantation, Florida, to RUNNING BROOK, LLC's account at Banco Continental in Lima, Peru. |
| 9 | October 29, 2004 | Wire transfer totaling $408,402.99 from a lawyer's trust account at Wachovia Bank in Plantation, Florida, to RUNNING BROOK, LLC's account at Banco Wiese Sudameris in Lima, Peru. |

Pursuant to Title 21, United States Code, Section 1906(a)(2), it is further alleged that defendant **SANDRA ELISA SANCHEZ** was an officer and agent of an entity who knowingly participated in a violation of the Kingpin Act.

8

All in violation of Title 21, United States Code, Sections 1906(a)(1) and (2), 1904 (b)(1) and (c)(1), and Title 18, United States Code, Section 2.

## COUNT 10

### Money Laundering Conspiracy
### (18 U.S.C. § 1956(h))

1. Paragraphs 1 through 10 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From on or about June 1, 2004, and continuing through in or around November 2004, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO MELCIADES ZEVALLOS GONZALES,**
a/k/a "Lunarejo,"
and
**SANDRA ELISA SANCHEZ,**

did knowingly combine, conspire, confederate and agree with each other to commit certain offenses under Title 18, United States Code, Section 1956, that is, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which financial transactions involved the proceeds of specified unlawful activity, knowing that the financial transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I).

It is further alleged that the specified unlawful activity is the unlawful receiving, buying, selling, possessing with the intent to distribute, and otherwise dealing in a controlled substance.

All in violation of Title 18, United States Code, Section 1956(h).

# COUNTS 11-16

## Money Laundering
## (18 U.S.C. §§ 1956(a)(1)(B)(I) and 2)

1. Paragraphs 1 through 10 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**FERNANDO MELCIADES ZEVALLOS GONZALES,**
a/k/a "Lunarejo,"
and
**SANDRA ELISA SANCHEZ,**

did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, as described in each count below, involving the proceeds of specified unlawful activity, that is, the unlawful receiving, buying, selling, possessing with intent to distribute, and otherwise dealing in a controlled substance, knowing that the financial transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing that the property involved in the financial transactions represented proceeds of some form of unlawful activity:

| COUNT | APPROX. DATE | DESCRIPTION OF FINANCIAL TRANSACTION |
|---|---|---|
| 11 | October 18, 2004 | Sale of real property located at 9640 N.W. 45th Manor, Coral Springs, Florida. |
| 12 | October 27, 2004 | Sale of real property located at 4422 N.W. 100 Avenue, Coral Springs, Florida. |
| 13 | October 29, 2004 | Wire transfer totaling $350,000 from a lawyer's trust account at Wachovia Bank in Plantation, Florida, to LA HACIENDA (USA), LLC's account at Banco Wiese Sudameris in Lima, Peru. |

10

| 14 | October 29, 2004 | Wire transfer totaling $300,000 from a lawyer's trust account at Wachovia Bank in Plantation, Florida, to LA HACIENDA (USA), LLC's account at Banco Continental in Lima, Peru. |
|---|---|---|
| 15 | October 29, 2004 | Wire transfer totaling $350,000 from a lawyer's trust account at Wachovia Bank in Plantation, Florida, to RUNNING BROOK, LLC's account at Banco Continental in Lima, Peru. |
| 16 | October 29, 2004 | Wire transfer totaling $408,402.99 from a lawyer's trust account at Wachovia Bank in Plantation, Florida, to RUNNING BROOK, LLC's account at Banco Wiese Sudameris in Lima, Peru. |

It is further alleged that the specified unlawful activity is the unlawful receiving, buying, selling, possessing with the intent to distribute, and otherwise dealing in a controlled substance.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION

### (18 U.S.C. § 982)

1. The allegations of Counts 10 through 16 of this Indictment are re-alleged and incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property, pursuant to the provisions of Title 18, United States Code, Section 982(a)(1) and the procedures set forth in Title 21, United States Code, Section 853 and Rule 32.2, Federal Rules of Criminal Procedure, as incorporated pursuant to Title 18, United States Code, Sections 982(b).

2. Pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853, upon the conviction of the defendants of any violation of Title 18, United States Code, Section 1956, as alleged in Counts 10 through 16 of this Indictment, the United States is entitled to the forfeiture of, and the defendants
shall forfeit to the United States, any property, real or personal, involved in any such offenses or any property traceable to such property.

11

3. With respect to the forfeitures described in Paragraphs 1 and 2 of this Forfeiture Allegation, the property subject to forfeiture to the United States includes, but is not limited to, the sum of $1,681,500 in United States currency, and all interest and proceeds traceable thereto.

4. If any of the property described above, as a result of any act or omission by the defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred, or sold to, or deposited with a third party;

(C) has been placed beyond the jurisdiction of the Court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty,

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the above forfeitable property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b).

All pursuant to Title 18, United States Code, Sections 982(a)(1), and 982(b), and Title 21, United States Code, Section 853.

A TRUE BILL

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
RICARDO A. DEL TORO
ASSISTANT UNITED STATES ATTORNEY

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

vs.

**CERTIFICATE OF TRIAL ATTORNEY***

**FERNANDO MELCIADES
ZEVALLOS GONZALES, et al.**

                 **Defendants.**
_____/

**Superseding Case Information:**

**Court Division:** (Select One)

| | | |
|---|---|---|
| X Miami | ___ Key West | |
| ___ FTL | ___ WPB | ___ FTP |

New Defendant(s)     Yes ___   No ___
Number of New Defendants    ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    Yes
   List language and/or dialect    Spanish

4. This case will take    10    days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)           (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | ___ | Petty | ___ |
   | II | 6 to 10 days | ___ | Minor | ___ |
   | III | 11 to 20 days | X | Misdem. | ___ |
   | IV | 21 to 60 days | ___ | Felony | X |
   | V | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No) ___
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) No

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ___ Yes   X No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes   X No
   If yes, was it pending in the Central Region? ___ Yes ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes   X No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003? ___ Yes   X No

_____
RICARDO DEL TORO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0957585

*Penalty Sheet(s) attached                                   REV.1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** FERNANDO MELCIADES ZEVALLOS GONZALES

**Case No:**

Count #: 1

Conspiracy to violate the Kingpin Act.

Title 21, United States Code, Section 1904(c)(2).

**\* Max.Penalty:** 10 Years' Imprisonment

Count #: 2-9

Violations of the Kingpin Act.

Title 21, United States Code, Sections 1906(a); 1904(b)(1) and (c)(1).

**\* Max.Penalty:** 10 Years' Imprisonment

Count #: 10

Conspiracy to commit money laundering.

Title 18, United States Code, Section 1956(h).

**\* Max.Penalty:** 20 Years' Imprisonment

Count #: 11-16

Money laundering.

Title 18, United States Code, Section 1956(a).

**\* Max.Penalty:** 20 Years' Imprisonment

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: SANDRA ELISA SANCHEZ

**Case No:**

Count #: 1

Conspiracy to violate the Kingpin Act.

Title 21, United States Code, Section 1904(c)(2).

* **Max.Penalty**: 30 Years' Imprisonment

Count #: 2-9

Violations of the Kingpin Act.

Title 21, United States Code, Sections 1906(a); 1904(b)(1) and (c)(1).

* **Max.Penalty**: 30 Years' Imprisonment

Count #: 10

Conspiracy to commit money laundering.

Title 18, United States Code, Section 1956(h).

* **Max.Penalty**: 20 Years' Imprisonment

Count #: 11-16

Money laundering.

Title 18, United States Code, Section 1956(a).

* **Max.Penalty**: 20 Years' Imprisonment

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**