UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO.: 1:20-CR-040 |
| | ) |
| JESSICA JOHANNA OSEGUERA | ) |
| GONZALEZ, also known as "Jessica | ) |
| Johanna Castillo" and "La Negra" | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION FOR REVIEW AND APPEAL OF RELEASE ORDER**

The United States respectfully moves this Court to hear an appeal to review and overturn the Magistrate Judge Meriweather's denial of the government's motion for pretrial detention. In support, we submit as follow:

**BACKGROUND**

On February 13, 2020, a federal grand jury sitting in the District of Columbia returned and filed an Indictment against the Defendant, charging her with five counts of violating the Kingpin Act by engaging in transactions or dealings in properties of a designated foreign person, in violation of Title 21, United States Code, Sections 1904(c)(1), 1904(c)(2) and 1906(a).

Based on the charges, the United States District Court for the District of Columbia issued a warrant for the Defendant's arrest on February 13, 2020. On February 26, 2020, the Defendant was arrested. The Defendant made her initial appearance before the Honorable G. Michael Harvey on February 26, 2020, and was arraigned. At arraignment, the government requested that the Defendant be detained pending trial, and the Court scheduled a detention hearing for March 2, 2020.

1

During the detention hearing on March 2, 2020, the government outlined the reasons why the defendant should be held without bond. The government's oral argument at the detention hearing was supplemented by the Government's Motion for Pre-trial Detention, ECF Docket No. 12. At the conclusion of the hearing, Magistrate Judge Meriweather denied the government's request to detain the defendant pending trial, and ordered the defendant to be released on conditions of release. Judge Meriweather granted the government's motion to stay the order of release and to continue to detain the defendant, pending the District Court's determination of the government's motion for review and appeal of the release order.

**Nature and Circumstances of the Offenses Charged**

The Indictment in this case is the product of an extensive, long-term and ongoing investigation conducted by the Drug Enforcement Administration ("DEA") into the operations of two large-scale drug trafficking organizations ("DTO") based in Jalisco, Mexico known as the Cartel de Jalisco Nueva Generacion ("CJNG"), headed by the Defendant's father, Nemesio Oseguera Cervantes ("Mencho"), and Los Cuinis Drug Trafficking Organization ("Los Cuinis"), headed by the Defendant's maternal uncle, Abigael Gonzalez Valencia ("Abi"). The CJNG and Los Cuinis are two of the largest, most dangerous drug cartels currently operating in Mexico, and they are responsible for trafficking tonnage quantities of cocaine, methamphetamine, and heroin into the United States, as well as for violence and significant loss of life in Mexico. OFAC has designated over 100 business entities and individuals for providing material support to CJNG and/or Los Cuinis.

As part of the investigation, agents have coordinated with The Department of the Treasury, Office of Foreign Asset Control ("OFAC"). The President designated Mencho and Abi, as well as the CJNG and Los Cuinis as "significant foreign narcotics traffickers" or "Kingpins" in 2015

2

for their narcotics trafficking activities. Since that time, OFAC has levied economic sanctions against over 100 business entities and persons for providing material support to the narcotics trafficking activities of the CJNG and/or Los Cuinis. If this matter were to proceed to trial, the government intends to prove that the Defendant owns and operates five businesses, which have been designated by OFAC for providing material support to the CJNG and/or Los Cuinis, and she failed to separate herself from the businesses post-designation despite notification, in violation of the Kingpin Act.

All five businesses were designated by OFAC on September 17, 2015, and the Defendant maintained an interest in four of the five up until the date of the indictment, February 13, 2020. The designations were published in the Federal Register, the Department of Treasury issued press releases, and the designations were covered by the American and Mexican media extensively. Additionally, OFAC mailed the Defendant a letter that included notification of the designations, notified several of her family members via similar letters, and eventually served the Defendant with a notification letter in person.

At trial, the government would show the Defendant's interest in two of the businesses (J&P Advertising, Count 1; and JJGON, Count 2) using publicly available, Mexican government incorporation paperwork, which shows that the Defendant had an ownership interest in the businesses. For the three other businesses named in the indictment (Las Flores Cabanas, Count 3; Mizu Sushi/Kenzo Sushi, Count 4; and Tequila Onze Black, Count 5), the government found no records of incorporation; however, the government would show the Defendant's interest in the three businesses using publicly available, Mexican government trademark registrations, which were all registered in the Defendant's name.

In some instances, the Defendant attempted to skirt OFAC designations by changing the name and/or branding of businesses after they were designated while maintaining the same business operations and management. At trial, the government would show these changes in name and branding through a series of publicly available social media posts, websites, and news media coverage of the businesses.

In addition to the documentary evidence mentioned above, the government has cooperating sources with personal knowledge of the Defendant's role in the designated businesses both before and after designation, who are prepared to testify.

## **The Bail Reform Act**

Title 18, U.S.C. § 3146(a) states:

> (a) Review of a release order – If a person is ordered released by a magistrate, …
>
>> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release …

The Motion shall be determined promptly.

On the government's motion to review a release order, this Court considers *de novo* the Magistrate Judge's denial of pretrial detention. In its discretion, the Court may proceed to rehear the evidence by recalling the witnesses, reviewing transcripts, or by proceeding through proffer and argument. It may take additional evidence from new witnesses or consider arguments not raised previously. In short, the Court may proceed as best enables it to resolve the question posed: whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

The Defendant must be held pending trial because the Defendant is a serious flight risk and no condition or combination of conditions will reasonably assure her appearance as required. *See*

4

18 U.S.C. § 3142(e). A finding of risk of flight must be supported by a preponderance of the evidence. *See United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996). In an indicted case, the government may proceed by factual proffer in lieu of presenting live witnesses at a detention hearing pursuant to the Bail Reform Act. *See United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

The district court should consider the same statutory factors considered by the magistrate judge, including: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant, including family ties, financial resources, length of residence in the community, community ties, and past conduct; and (4) the seriousness of the danger posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Consideration of these factors as to the Defendant is outlined in the government's previously filed Motion for Pre-trial Detention, incorporated herein, and can be further detailed at a hearing on the matter. ECF Docket No. 12. These factors warrant the Defendant's pretrial detention in this case.

## **Conclusion**

For the foregoing reasons, the government respectfully requests this Court to convene a hearing to review the denial of the government's motion to detain the Defendant pending trial.

Respectfully submitted this 2nd day of March, 2020.

        MARLON COBAR, Acting Chief
        Narcotic and Dangerous Drug Section
        Criminal Division
        United States Department of Justice

By:   ___/s/_____
        Kate M. Naseef, Trial Attorney
        Brett Reynolds, Trial Attorney
        Kaitlin Sahni, Trial Attorney
        Cole A. Radovich, Trial Attorney
        Anthony Nardozzi, Assistant Deputy Chief
        United States Department of Justice
        Narcotic and Dangerous Drug Section
        145 N Street, Northeast
        East Wing, Second Floor
        Washington, D.C. 20530
        Kate.Naseef@usdoj.gov
        (202) 353-8810