IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-cr-00040 (BAH) |
| | ) |
| JESSICA JOHANNA OSEGUERA GONZALEZ, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT JESSICA JOHANNA OSEGUERA GONZALEZ'S
MOTION TO DISMISS THE INDICTMENT FOR LACK OF SPECIFICITY
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Jessica Johanna Oseguera Gonzalez, by and through her undersigned counsel, and pursuant to Rules 12(b)(3)(B)[1] and 7(c)(1) of the Federal Rules of Criminal Procedure, hereby moves this Court for an Order dismissing Counts One through Five of the Indictment, because the factual basis for the charged offenses does not "sufficiently apprise [Ms. Gonzalez] of what [she] must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 764 (1962).

**I. BACKGROUND**

On February 13, 2020, a Grand Jury handed up a sealed Indictment in the United States District Court for the District of Columbia, case number 20-cr-00040, charging Ms. Gonzalez with five counts of Engaging in Transactions or Dealings in Properties of a Designated Foreign Person, in violation of 21 U.S.C. §§ 1904 and 1906 (hereinafter "Kingpin Act").

---

[1] "A criminal defendant may move to dismiss an indictment before trial based on a 'defect in the indictment,' including for 'lack of specificity' and 'failure to state an offense.'" *United States v. Saffarinia*, 424 F. Supp. 3d 46, 56 (D.D.C. 2020) (citing Fed. R. Crim. P. 12(b)(3)(B)(iii), (v)).

1

Count One alleges:

Beginning on or about September 17, 2015, and continuing to the present day, in the United States, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, engaged in transactions or dealings in property or interests in property of a foreign person, J&P Advertising, S.A. de C.V. (also known as J and P Advertising, S.A. de C.V.), designated for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(6)(2), 1904(6)(3); and/or (2) engaged in transactions or dealings to evade or avoid, or that had the effect of evading or avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(l), 1904(c)(2) and 1906(a).

Count Two alleges:

Beginning on or about September 17, 2015, and continuing to February 11, 2016, in the United States, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, (1) engaged in transactions or dealings in property or interests in property of a foreign person, JJGON S.P.R de R.L. de C.V., designated for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(6)(2), 1904(6)(3); and/or engaged in transactions or dealings to evade or avoid, or that had the effect of evading or avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(1), 1904(c)(2) and 1906(a).

Count Three alleges:

Beginning on or about September 17, 2015, and continuing to the present date, in the United States, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, (1) engaged in transactions or dealings in property or interests in property of a foreign person, Las Flores Cabanas (also known as Cabanas Las Flores), designated for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel

de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(b)(2), 1904(b)(3); and/or (2) engaged in transactions or dealings to evade or avoid, or that had the effect of evading or avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(l), 1904(c)(2) and 1906(a).

Count Four alleges:

Beginning on or about September 17, 2015, and continuing to the present date, in the United States, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, (1) engaged in transactions or dealings in property or interests in property of a foreign person, Mizu Sushi Lounge and Operadora Los Famosos, S.A. de C.V. (also known as Kenzo Sushi and Operadora Los Famosos, S.A.P.I. de C.V.), designated for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(b)(2), 1904(b)(3); and/or (2) engaged in transactions or dealings to evade or avoid, or that had the effect of evading or avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(l), 1904(c)(2) and 1906(a).

Count Five alleges:

Beginning on or about September 17, 2015, and continuing to the present date, in the United States, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, (1) engaged in transactions or dealings in property or interests in property of a foreign person, Onze Black (also known as Tequila Onze Black), designated for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(b)(2), 1904(b)(3); and/or (2) engaged in transactions or dealings to evade or avoid, or that had the effect of evading or avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(l), 1904(c)(2) and 1906(a).

On February 26, 2020, Ms. Gonzalez was arrested, arraigned, and entered a plea of not guilty as to all counts, and she has maintained her right to a Speedy Trial.

## II. LEGAL STANDARD

The Fifth Amendment guarantees that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The Sixth Amendment guarantees the right of the accused "to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. The Sixth Amendment right guaranteeing the accused the right to be informed of the nature of the charges and cause of the accusation "is basic to the proper functioning of our adversary system of justice." *United States v. Murphy*, 762 F.2d 1151, 1154 (1st Cir. 1985) (quoting *United States v. Tomasetta*, 429 F.2d 978, 979 (1st Cir. 1970)).

Taken together, these rights form the constitutional basis for Federal Rule of Criminal Procedure 7(c)(1)'s requirement that "[t]he indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Supreme Court has held that "it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, it must descend to particulars." *United States v. Nance*, 533 F.2d 699, 474 (D.C. Cir. 1976) (quoting *United v. Cruikshank*, 92 U.S. 542, 558 (1875)).

In *Russell v. United States*, the Supreme Court further explained:

> In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, *without any uncertainty or ambiguity*, set forth all the elements necessary to constitute the offence intended to be punished. Undoubtedly, the language of the statute may be used in the general description of an offence, *but it must be accompanied with such a statement of the facts and circumstances as will*

4

> *inform the accused of the specific offence, coming under the general description, with which he is charged.*

369 U.S. 749, 765 (1962) (internal citations and quotations omitted; emphasis added); *see also United States v. Pickett*, 353 F.3d 62, 67 (D.C. Cir. 2004) ("As the Supreme Court taught in *Russell*, it is a fundamental 'protection[] which an indictment is intended to guarantee,' that the indictment 'contain[] the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet.'") (internal citations omitted).

Conformity with the Rule 7(c)(1) and *Russell*'s requirements is necessary to secure "two fundamental protections to the accused: (1) it informs the accused of the charges against [her] so that [she] may adequately prepare [her] defense; and (2) it describes the crime with sufficient specificity to protect the accused against future prosecution for the same offense." *United States v. Cisneros*, 26 F. Supp. 2d 24, 45 (D.D.C. 1998) (citing *Russell*, 369 U.S. at 763-64). A "valid indictment must: (1) allege the essential facts constituting the offense[,] (2) allege each element of the offense, so that fair notice is provided[,] and (3) be sufficiently distinctive that a verdict will bar a second prosecution for the same offense." *United States v. Sunia*, 643 F. Supp. 2d 51, 77 (D.D.C. 2009) (internal citations and emphasis omitted); *see also United States v. Martinez*, 764 F. Supp. 2d 166, 170 (D.D.C. 2011) (citing *Sunia*, 643 F. Supp. 2d at 77).

### III. ARGUMENT

Section 1904(c)(1) and (c)(2) provides:

Except to the extent provided in regulations, orders, instructions, licenses, or directives issued pursuant to this chapter, and notwithstanding any contract entered into or any license or permit granted prior to the date on which the President submits the report required under subsection (b) or (h)(1) of section 1903 of this title, the following transactions are prohibited:

5

> (1) Any transaction or dealing by a United States person, or within the United States, in property or interests in property of any significant foreign narcotics trafficker so identified in the report required pursuant to subsection (b) or (h)(1) of section 1903 of this title, and foreign persons designated by the Secretary of the Treasury pursuant to subsection (b) of this section.
>
> (2) Any transaction or dealing by a United States person, or within the United States, that evades or avoids, or has the effect of evading or avoiding, and any endeavor, attempt, or conspiracy to violate, any of the prohibitions contained in this chapter.

21 U.S.C. 1904(c)(1)-(2). All five counts in the Indictment allege that Ms. Gonzalez "engaged in transactions or dealings." *See* ECF 1. The Indictment, however, provides no notice regarding what transactions or dealings Ms. Gonzalez allegedly engaged in.

In a prosecution based on false statements, in order to sufficiently inform the defendant of the nature of the charges against her, the indictment must identify the false statements or omissions on which the government intends to rely. *See, e.g., United States v. Cuevas*, 285 F. App'x 469, 470 (9th Cir. 2008) (reversing conviction for failure of indictment to identify false statement, explaining: "Because the indictment on this charge completely fails to identify what the alleged false statement was, it failed to apprise [the defendant] sufficiently of that which she must be prepared to meet at trial."); *United States v. Pirro*, 212 F.3d 86, 93-94 (2d Cir. 2000) (affirming dismissal and explaining that, in a case alleging an omission that amounted to a material falsehood, the indictment must identify the omission and explain why it was criminal); *United States. v. Nance*, 533 F.2d 699, 700-701 (D.C. Cir. 1976) (*per curiam* opinion reversing conviction for failure of indictment, which charged obtaining something of value by false pretenses, to identify false pretenses).

In *United States v. Thomas*, the defendant was charged with burglary, and the indictment was drawn in the language of the statute, which prohibited entry of a dwelling with intent to

commit a criminal offense. 444 F.2d 919, 921-22 (D.C. Cir. 1971). The indictment did not state what criminal offense the defendant intended to commit. The United States Court of Appeals for the District of Columbia Circuit stated:

> The prohibition contained in the District's burglary statute against entry of a dwelling with an "intent . . . to commit [a] criminal offense" is a proscription on entry of a dwelling with any one or more of a certain category of specific intents and not merely a proscription against entry with a generally evil or criminal intent. The statute contains only the genus of proscribed intent . . . . As so drawn, [the indictment] describes the offense only in impermissibly broad and categorical terms. In order to achieve the requisite degree of precision, we hold, in accordance with the great weight of authority, that the indictment must state the particular offense the accused intended to commit upon entry into the dwelling.

*Id.* (citations omitted). In *United States v. Hillie*, the district court held that an indictment inadequately stated violations of child pornography statutes, because the charges did not "specify the nature of the sexual acts that relate to [the defendant's] unspecified conduct involving video depictions, let alone the manner of his actual or attempted video recording of any such sexual act." 227 F. Supp. 3d 57, 74 (D.D.C. 2017).

The same reasoning should apply in this case. Because the counts in the Indictment fail to identify the dealings or transactions that Ms. Gonzalez allegedly engaged in, the charges should be dismissed.

**IV. CONCLUSION**

Because the Indictment does not identify the specific acts that form the basis for the five counts in the Indictment, the charges must be dismissed.

Respectfully submitted,

/s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-3346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.


/s/ Steven J. McCool
STEVEN J. McCOOL