IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 20-cr-00040 (BAH) |
| ) | |
| JESSICA JOHANNA OSEGUERA ) | |
| GONZALEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT JESSICA JOHANNA OSEGUERA GONZALEZ'S
MOTION TO DISMISS THE INDICTMENT BASED ON
VIOLATIONS OF DEFENDANT'S DUE PROCESS RIGHTS AND
INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Jessica Johanna Oseguera Gonzalez, by and through her undersigned counsel, and pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, respectfully moves this Court to dismiss the Indictment based on the government's violations of her right to due process.

**I. BACKGROUND**

On February 13, 2020, a Grand Jury handed up a sealed Indictment in the United States District Court for the District of Columbia, case number 20-cr-00040, charging Ms. Gonzalez with five counts of Engaging in Transactions or Dealings in Properties of a Designated Foreign Person, in violation of 21 U.S.C. §§ 1904 and 1906 (hereinafter "Kingpin Act"). On February 26, 2020, Ms. Gonzalez was arrested, arraigned, and entered a plea of not guilty as to all counts.

In 1999, Congress enacted the Kingpin Act. The purpose of the Kingpin Act is "to provide authority for the identification of, and application of sanctions on a worldwide basis to, significant foreign narcotics traffickers, their organizations, and the foreign persons who provide support to those significant foreign narcotics traffickers and their organizations, whose activities

1

threaten the national security, foreign policy, and economy of the United States." 21 U.S.C. § 1902.  A foreign person includes "any entity not organized under the laws of the United States . . . ." 21 U.S.C. § 1907(2).  The Kingpin Act permits the designation as "specially designated narcotics traffickers" of foreign persons who "materially assist[] in . . . the international narcotics trafficking activities" of significant foreign narcotics traffickers or are "owned, controlled, or directed by" those traffickers.  21 U.S.C. § 1904(b)(2)–(4).  The Kingpin Act requires the procurement of a government-issued license before private individuals may execute against assets frozen under the Act.  21 U.S.C. § 1904(c).  United States citizens and residents are prohibited from transacting or dealing in blocked property "[e]xcept to the extent provided in . . . licenses, or directives issued pursuant to [the Kingpin Act.]"  *Id.*

The Indictment charges Ms. Gonzalez with engaging in dealings with entities that apparently were blocked or designated by the government for materially assisting in the international narcotics trafficking activities of the Cartel de Jalisco Nueva Generacion.

**II. ARGUMENT**

The Due Process Clause requires an individual to be afforded notice and a hearing before she is deprived of a protected liberty or property interest.  *See Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976)).  With respect to the Kingpin Act, the Due Process Clause requires "notice and a meaningful opportunity to be heard."  *Zevallos v. Obama*, 793 F.3d 106, 116 (D.C. Cir. 2015).  In *Zevallos*, the United States Court of Appeals for the District of Columbia Circuit found that Zevallos's due process rights were not violated by the government's failure to provide him notice before his property was frozen, because, had Zevallos been given such notice, he could have moved his assets.  *Id.* at 116-17.  The same is not true here.  The Court of Appeals also found that Zevallos was given a meaningful opportunity to be heard, because,

postdeprivation, he was given actual notice. *Id.* The Indictment here fails to allege that Ms. Gonzalez received any sort of notice that she would be in violation of the laws of the United States, if she conducted business with entities located in Mexico.

### III. CONCLUSION

The Indictment in this case suffers from a lack of specificity in that it fails to allege notice in violation of the Due Process Clause of the Fifth Amendment. The Court should, therefore, dismiss the Indictment on this basis.

Respectfully submitted,

/s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-3346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.

    /s/ Steven J. McCool
    STEVEN J. McCOOL