IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>JESSICA JOHANNA OSEGUERA )<br>GONZALEZ,        )<br>)<br>**Defendant.**      )<br>_____ ) | Criminal No. 20-cr-00040 (BAH) |

**DEFENDANT JESSICA JOHANNA OSEGUERA GONZALEZ'S MOTION FOR NOTICE BY THE GOVERNMENT PURSUANT TO RULE 12 OF ITS INTENTION TO USE SPECIFIC EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Jessica Johanna Oseguera Gonzalez, by and through her undersigned counsel, respectfully moves this Court for entry of an Order directing the government to make inquiry and to serve and file specific written notice and designations,[1] pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure, of the following:

1. Any and all evidence or information, including all information subject to disclosure under Rule 16 of the Federal Rules of Criminal Procedure in the possession, custody, or control of the government, or the existence of which is known, or by the exercise of due diligence could become known to the government, which evidence or information the government presently or at any time contemplates or considers using in its evidence at trial, in order to afford Ms. Gonzalez an opportunity to move for suppression of any such evidence or information.

2. In addition to such other evidence as may be subject to Rule 12(b)(4), notice of the following specific evidence or information is requested pursuant to Rule 12(b)(4), unless the

---

[1] Ms. Gonzalez submits that the production of documents cannot suffice to meet the requirements of Rule 12. *See, e.g.*, *United States v. Lujan*, 530 F. Supp. 2d 1224, 1244-45 (D.N.M. 2008) (holding that "relying on an open-file policy is not sufficient" under Rule 12(b)(4)).

government has already provided written notice/transcripts/statements, documents or inventories:

(a) Evidence that was obtained through any warrantless search or seizure, or that relates to or was derived from any such search or seizure regarding Ms. Gonzalez;

(b) Evidence that was obtained through the execution of any search or seizure warrant, or that relates to or was derived from any such warrant regarding Ms. Gonzalez;

(c) Evidence that was obtained through any electronic or mechanical surveillance or tape recordings, or that relates to or was derived from any such surveillance or recordings regarding Ms. Gonzalez;

(d) Evidence that was obtained through any use of a beeper or other tracking device, or that relates or was derived from any such beeper or other tracking device regarding Ms. Gonzalez;

(e) Evidence that was obtained through any use of a mail cover, or that relates to or was derived from any such mail cover regarding Ms. Gonzalez;

(f) Any evidence relating to the exhibition or display of the Ms. Gonzalez's photograph, likeness, image, or voice recording to anyone, not then employed by a law enforcement agency regarding Ms. Gonzalez;

(g) Any written, recorded, or oral statements of Ms. Gonzalez, or any other written, recorded, or oral statements by others intended to be offered as a statement of Ms. Gonzalez.

3. Ms. Gonzalez further requests that any evidence or information that falls within Rule 12(b)(4) be specifically identified from among the items of other discovery that has been or will be produced in this matter pursuant to Rule 16.

In order to expedite preparation for trial and to avoid necessary interruptions during trial to hear suppression or exclusion issues, a means is provided under Rule 12(b)(4) of the Federal Rules of Criminal Procedure for early notice and pretrial litigation of such questions. The means and method set forth in Rule 12(b)(4) is the motion made herein calling upon the government to advise

Ms. Gonzalez of certain specific evidence, which may arguably be subject to challenge or suppression. By such disclosure, Ms. Gonzalez is alerted to the necessity, if it exists, of making an appropriate motion to challenge or suppress. This motion requests notice of evidence "arguably" subject to challenge or suppression. If an argument properly can be made, counsel is entitled to the opportunity to make it.

Although Rule 12(b)(4) speaks only of evidence that the government intends to use in its case-in-chief, federal courts have the inherent authority to require the government to give notice of such evidence that the government intends to use for any reason. *See United States v. Richter*, 488 F.2d 170, 173-74 (9th Cir. 1973) ("It is recognized that wide latitude is reposed in the district court to carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice."). Such notice is required to ensure fundamental fairness and administrative efficiency. *See United States v. Holmes,* 343 A.2d 272, 276-77 (D.C. 1975). The Court's power to require the government to give a defendant notice of its intent to use evidence susceptible to suppression also helps eliminate the danger of unfair prejudice.

Finally, it is requested that the Court require the government to specifically identify any evidence or information within the category of Rule 12(b)(4) separate and apart from any items of other discovery that will be produced pursuant to Rule 16. It is not the intent or purpose of Rule 12(b)(4) that the government simply replies that this evidence is contained "somewhere" within the mass of discovery items provided under Rule 16. Specific identification of Rule 12(b)(4) evidence is essential to enable counsel to prepare effectively, to conserve judicial time and resources and, if appropriate, to afford an opportunity to move to suppress.

Wherefore, for the foregoing reasons and any others which may appear to the Court following an evidentiary hearing, Ms. Gonzalez requests the Court to grant the relief sought herein.

Respectfully submitted,

/s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-3346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.

/s/ Steven J. McCool
STEVEN J. McCOOL