**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 20-cr-00040 (BAH)** |
| | ) | |
| **JESSICA JOHANNA OSEGUERA** | ) | |
| **GONZALEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT JESSICA JOHANNA OSEGUERA GONZALEZ'S**
**MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR LACK OF VENUE**
**AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Jessica Johanna Oseguera Gonzalez, by and through her undersigned counsel, respectfully moves this Court to dismiss the Superseding Indictment for lack of venue.[1]

The Superseding Indictment alleges that venue for the offenses allegedly committed by Ms. Gonzalez is proper in the District of Columbia.  Notwithstanding, the offenses alleged in the Superseding Indictment were obviously not committed in the United States.

Accordingly, venue must be determined under 18 U.S.C. § 3238, which covers "offenses not committed in any district."  This statute provides:

> *The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought*; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

---

[1] Alternatively, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, Ms. Gonzalez asks the Court to transfer this case to the Southern District of California.  The witnesses and evidence are closer to that district.  Moreover, given that the government has successfully sought the defendant's detention, in part, because Ms. Gonzalez has no ties to this district, it is in the "interests of justice" to transfer this case to the Southern District of California, because Ms. Gonzalez has ties to that district.

18 U.S.C. § 3238 (emphasis added). The government bears the burden of proving venue by a preponderance of the evidence. *United States v. Kwong-Wah*, 924 F.2d 298, 301 (D.C. Cir. 1991).[2]

The government will not shoulder its burden. We expect the evidence to show that when Ms. Gonzalez entered the United States from Mexico, she was taken to secondary inspection by the United States Customs and Border Protection ("CBP"), and CBP agents were or became aware of the outstanding arrest warrant in this case. We expect the evidence to further show that Ms. Gonzalez was not free to leave while she was in the custody of the CPB. Given this, Ms. Gonzalez was "first brought" to the Southern District of California, and venue is proper in that district. *Cf. United States v. Han*, 199 F. Supp. 3d 38, 54 (D.D.C. 2016) (finding the "functional equivalent" of custody, where, unlike here, the defendant was not in actual custody of government agents.).

Notwithstanding, even if this Court could finds that Ms. Gonzalez was not "first brought" to California, we expect the evidence to show that the CBP released Ms. Gonzalez so she could be apprehended in this district. In doing so, the government violated Ms. Gonzalez's due process rights when its agents purposefully arranged for Ms. Gonzalez's arrest in the District of Columbia, in order to manufacture venue here. In *United States v. Slatten*, the government, by choosing to arrest a joint offender in the District of Columbia, "simply exercised the choice given to it under the statute." 865 F.3d 767, 788 (D.C. Cir. 2017). The United States Court of Appeals for the District of Columbia Circuit explained "[s]omething more is required to sustain a claim that venue was manufactured." *Id.* "Something more" is present in this case. If, as expected, the evidence shows that government agents released Ms. Gonzalez, knowing there was a warrant outstanding,

---

[2] The government cannot argue that the effects of the alleged crime (*i.e.*, the fact that the United States Department of Treasury's notices were generated in this district) is sufficient to establish venue in the District of Columbia, where the alleged crimes were allegedly committed in Mexico. *See United States v. White*, 887 F.2d 267, 272 (D.C. Cir. 1989) ("[U]nder the controlling precedent of this circuit, venue for bribery lies only in a district in which the defendant committed unlawful acts and is not proper in a district where only the effects of the crime occur.")

so that she could be arrested in the District of Columbia, it cannot be credibly claimed the government did not manufacture venue.[3]

       For the foregoing reasons, Ms. Gonzalez's motion to dismiss the Superseding Indictment for lack of venue should be granted.

                    Respectfully submitted,

                    /s/ Steven J. McCool
                    STEVEN J. McCOOL
                    D.C. Bar No. 429369
                    JULIA M. COLEMAN
                    D.C. Bar No. 1018085
                    McCOOL LAW PLLC
                    1776 K Street, N.W., Suite 200
                    Washington, D.C. 20006
                    Telephone: (202) 450-3370
                    Fax: (202) 450-3346
                    smccool@mccoollawpllc.com
                    jcoleman@mccoollawpllc.com

                    *Counsel for Jessica Johanna Oseguera Gonzalez*

---

[3] Should the Court disagree with Ms. Gonzalez, having raised a genuine issue of material fact, the issue of venue in this case should be decided by the jury at trial.  *See United States v. Fahnbulleh*, 752 F.3d 470, 477 (D.C. Cir. 2014).

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.


/s/ Steven J. McCool
STEVEN J. McCOOL