# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-cr-00040 (BAH) |
| | ) | |
| JESSICA JOHANNA OSEGUERA GONZALEZ, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

## DEFENDANT JESSICA JOHANNA OSEGUERA GONZALEZ'S MOTION FOR NOTICE OF GOVERNMENT'S INTENTION TO INVOKE RESIDUAL HEARSAY EXCEPTION UNDER RULE 807 AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Jessica Johanna Oseguera Gonzalez, by and through her undersigned counsel, and pursuant to Rule 807 of the Federal Rules of Evidence, respectfully moves the Court for an Order requiring the Government to provide notice of its intent to offer any statement, not specifically covered by the hearsay exceptions, but allegedly having equivalent circumstantial guarantees of trustworthiness, and to provide notice of the particulars of the statement, including the name and address of the declarant.

Rule 803 of the Federal Rules of Evidence sets forth specific hearsay exceptions, which apply regardless of whether the declarant is available as a witness. Rule 804(b) sets forth specific exceptions applicable when a declarant is unavailable as a witness. Rule 807 is a residual hearsay exception for the admission of a statement not specifically covered by any of the exceptions listed in Rule 803 and Rule 804(b). As a prerequisite for admitting a statement under Rule 807, however, a proponent is required to meet the following standard: "[A] statement is admissible only if, *before the trial or hearing*, *the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars*, including the declarant's name and address, so that the party has a fair

opportunity to meet it." *See* Fed. R. Evid. 807(b) (emphasis added); *see also United States v. Pelullo*, 964 F.2d 193, 202 (3d Cir. 1992) (holding that documents the government intended to admit under the residual hearsay exception were not admissible when the government did not "give notice of its intention specifically to rely on the rule as grounds for admissibility" and instead merely made the documents available to the defense "months before trial"); *United States v. Ruffin*, 575 F.2d 346, 358 (2d Cir. 1978) ("[A]s Rule [807] clearly requires . . . that provision can be utilized only if notice of an intention to rely upon it is given in advance of trial. There is, moreover, absolutely no doubt that Congress intended that the requirement of advance notice be rigidly enforced.") (internal citations omitted).

By this motion, it is Ms. Gonzalez's intention to place the government on notice that she seeks advance notice of any such statement and the particulars of it, including the name and address of the declarant, so she has a fair opportunity to meet any such evidence at trial.

                                               Respectfully submitted,

                                               /s/ Steven J. McCool
                                        STEVEN J. McCOOL
                                        D.C. Bar No. 429369
                                        JULIA M. COLEMAN
                                        D.C. Bar No. 1018085
                                        McCOOL LAW PLLC
                                        1776 K Street, N.W., Suite 200
                                        Washington, D.C. 20006
                                        Telephone: (202) 450-3370
                                        Fax: (202) 450-33346
                                        smccool@mccoollawpllc.com
                                        jcoleman@mccoollawpllc.com

                                        *Counsel for Jessica Johanna Oseguera Gonzalez*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.

/s/ Steven J. McCool
STEVEN J. McCOOL