UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO.: 1:20-CR-040 |
| | ) |
| JESSICA JOHANNA OSEGUERA GONZALEZ, | ) |
|     also known as "Jessica Johanna Castillo" and "La Negra," | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR RULE 12(b)(4) NOTICE**

The United States, through undersigned counsel, respectfully submits this response to Defendant Jessica Johanna Oseguera Gonzalez's Motion for Notice by the Government Pursuant to Rule 12 of Its Intention to Use Specific Evidence Arguably Subject to Suppression ("Motion" or "Mot.") [Dkt. No. 70]. The defendant purports to rely on Federal Rule of Criminal Procedure 12(b)(4), but the defendant misapprehends the rule: it permits a defendant to determine *whether* the government intends to use particular evidence at trial in order to save the defendant a potential suppression motion; it does not require the government to identify for a defendant all evidence that could arguably be suppressed. Because the Motion fails to identify the evidence that the defendant seeks to suppress and requests information beyond the scope of Rule 12(b)(4), the Court should deny the Motion.

**I.      BACKGROUND**

The defendant's Motion seeks an order directing the government to provide written notice of the following:

1

1. "Any and all evidence or information," including but not limited to Rule 16 discovery, that the Government "presently or at any time contemplates or considers using in its evidence at trial";

2. "[S]pecific evidence or information," unless already provided, obtained via warrantless search, search warrant, electronic or mechanical surveillance, tape recording, beepers, tracking devices, mail cover, surveillance or consensual recording by someone other than law enforcement, or that otherwise constitute the Defendant's statements; and

3. Specific identification "of any evidence or information that falls within Rule 12(b)(4) . . . from among the items of other discovery that has been or will be produced in this matter pursuant to Rule 16."

Mot. at 1–2. The Motion further "call[s] upon the government to advise Ms. Gonzalez of certain specific evidence, which may arguably be subject to challenge or suppression." *Id.* at 2–3.

## II.  LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(4)(B) provides that:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B). The Advisory Committee's Note states that the purpose of the rule is to ensure that a defendant can "make [her] motion to suppress prior to trial" by "request[ing] the government to give notice of its intention to use *specified evidence* which the defendant is entitled to discover under rule 16." Fed. R. Crim. P. 12, 1974 advisory committee's note

(emphasis added).  "[R]ule 12 makes it possible for [the defendant] to avoid the necessity of moving to suppress evidence which the government does not intend to use."  *Id.*[1]

Rule 12(b)(4)(B) is limited in two important respects.  *United States v. Ishak*, 277 F.R.D. 156, 158 (E.D. Va. 2011).  First, the rule limits the purpose for which a defendant may request notice—that is, "to file the necessary suppression motions."  *United States v. Lujan*, 530 F. Supp. 2d 1224, 1246 (D.N.M. 2008); *see also United States v. Conyers*, No. S13 15-CR-537 (VEC), 2016 WL 7189850, at *10 (S.D.N.Y. Dec. 9, 2016) (denying defendant's motion for "complete accounting of 'any and all' evidence that the Government may use at trial" because the "request [went] far beyond what would be necessary to facilitate efficient motion practice").  Rule 12(b)(4)(B) "is not intended to allow a defendant to force the government to decide precisely which documents provided in discovery it will offer at trial and to prevent it from using any that it does not so designate as a matter of trial tactics."  *United States v. El-Silimy*, 228 F.R.D. 52, 57 (D. Me. 2005); *see also United States v. de la Cruz-Paulino*, 61 F.3d 986, 994 (1st Cir. 1995) ("Rule 12(d) was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial.");  *Lujan*, 530 F. Supp. 2d at 1246 ("[I]nterpreting Rule 12(b)(4)(B) as requiring the government to file an exhibit list . . . expands the rule too far."); *but see United States v. Anderson*, 416 F. Supp. 2d 110, 112 (D.D.C. 2006) (requiring government to notify defendant which items seized from defendant's home and office government intended to use in its case-in-chief).[2]

---

[1] These portions of the 1974 Advisory Committee's Note refer to "subdivision d" of Rule 12.  The substance of Rule 12(b)(4)(B) was contained in Rule 12(d)(2) prior to the 2002 amendments.

[2] The *Ishak* Court described *Anderson* as "unpersuasive," as "it ignores the Rule's text, purpose, and proper relationship to Rule 16."  *Ishak*, 277 F.R.D. at 159 n.2.

3

Second, "[i]n order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with specificity." *Ishak*, 277 F.R.D. at 159; *see also United States v. Scheer*, No. 7:17-CR-154-8H, 2018 WL 4935433, at *3 (E.D.N.C. Oct. 11, 2018) (denying motion that did "not specify any potentially suppressible evidence and therefore fail[ed] to trigger the Government's obligation to provide notice under Rule 12(b)(4)(B)"). A request is sufficiently specific if "the government can readily ascertain the particular evidence referenced." *Ishak*, 277 F.R.D. at 160. Additionally, "the defendant must decide for [herself] whether a particular piece of discoverable evidence is arguably subject to suppression, and then [s]he may request notice from the Government regarding whether it intends to use that evidence in its case-in-chief-at trial." *United States v. Bunch*, No. 3:09-CR-127, 2009 WL 4784637, at *1 (E.D. Tenn. Dec. 8, 2009) (quotations and internal citation omitted); *see also United States v. DeLeon*, 428 F. Supp. 3d 698, 715–16 (D.N.M. 2019) ("[A]fter the Defendants specify evidence they intend to move to suppress, the United States must indicate whether it intends to use such evidence."). "The task of identifying what evidence discoverable under Rule 16 might be the rightful object of a suppression motion belongs to that defendant." *Ishak*, 277 F.R.D. at 159; *see also United States v. Blick*, No. CR17-0216-JCC, 2018 WL 10699692, at *1 (W.D. Wash. Jan. 30, 2018) ("Rule 12(b)(4) does not require the government to determine and advise the defendant of evidence that may be subject to a motion to suppress."*)*; *United States v. Rigmaiden*, No. CR 08-814-PHX-DGC, 2010 WL 3463723, at *1 (D. Ariz. Aug. 27, 2010) (same); *United States v. Norman*, No. 05-CR-30015-DRH-4, 2005 WL 2739082, at *2 (S.D. Ill. Oct. 24, 2005) ("[Rule 12(b)(4)(B) does not provide a basis for Defendant to request that the government identify evidence that 'might be suppressible.'").

Furthermore, "Rule 12(b)(4)(B) is not a discovery rule defining what material the government must produce; that is the function of Rule 16." *Ishak*, 277 F.R.D. at 160.

### III.  ARGUMENT

The defendant's Motion represents a fundamental misunderstanding of the purpose and requirements of Rule 12(b)(4)(B).  The rule does not require the government to do the work of defense counsel by advising the defendant which evidence she should move to suppress.  Instead, the rule requires the defendant to identify potentially suppressible evidence with specificity before the government is obligated to provide notice whether it intends to use that evidence in its case-in-chief at trial.  If the defendant's reading of the rule were correct, the government would in every criminal prosecution be in the untenable position of having to correctly identify – on penalty of risking exclusion at trial – evidence that *might* be suppressed, without conceding or believing that the evidence *should* be suppressed.[3]  As the authorities set forth above amply demonstrate, this is not the rule.

In this case, the defendant has not identified what she contends to be potentially suppressible evidence with specificity and has requested information beyond the scope of Rule 12(b)(4) in each of her three requests.  Therefore, the Motion has not triggered the government's duty to provide notice.

The defendant's first request for notice of "[a]ny and all evidence or information" that the government may use at trial attempts to force the government to disclose an exhibit list well in advance of any deadline for doing so as an improper trial tactic.  *See El-Silimy*, 228 F.R.D. at 57.  The defendant's three requests are nearly identical in order and substance to those filed in a

---

[3] The latter clause stems from the fact that if the government does not believe that evidence was lawfully obtained, it could not in good faith seek to introduce the evidence at trial.

5

motion by the defendants, and ultimately denied by the court, in *United States v. Ferguson*, No. 2:16-CR-00103-JRG, 2018 WL 636710 (E.D. Tenn. Jan. 30, 2018), Dkt. No. 78 (attached as Exhibit 1).  The *Ferguson* Court described the defendants' first and third requests as "exceedingly broad" and "devoid of the specificity contemplated by the rule or *Ishak*."  *Id.* at *4.  In denying the requests, the *Ferguson* Court further explained that "[t]he only practical way in which the Government could respond to either is to supply what amounts to an exhibit list," to which the defendants were not entitled at that time.  *Id.*  For the same reasons, the defendant's attempt to lock the government into an exhibit list at this stage of the litigation, for the alleged purpose of filing suppression motions, is not supported by Rule 12(b)(4)(B).

Moreover, Rule 12(b)(4)(B) notice is expressly limited to "any evidence that the defendant may be entitled to discover under Rule 16."  Fed. R. Crim. P. 12(b)(4)(B).  Therefore, the rule does not support, and the defendant does not cite any caselaw to support, the defendant's contention that the government must "specifically identify any evidence or information within the category of Rule 12(b)(4) separate and apart from any items of other discovery that will be produced pursuant to Rule 16."  Mot. at 3.  Rule 12(b)(4)(B) also "expressly limits the notice to evidence in the government's 'evidence-in-chief at trial.'"  *Lujan*, 530 F. Supp. 2d at 1246.  The defendant's attempt to invoke the Court's inherent authority to effectuate the speedy and orderly administration of justice to broaden Rule 12(b)(4) beyond its express terms and intended purpose is misguided.

The defendant's second request does not specifically identify any potentially suppressible evidence.  Rather the request provides a laundry list of investigative techniques and asks the government to identify evidence collected pursuant to any of those techniques.  Most courts have interpreted Rule 12(b)(4) as requiring the government to identify *whether* it intends to use

6

specific evidence in its case-in-chief, not *which* specific evidence it intends to use. *See, e.g.*, *Ishak*, 277 F.R.D. at 160; *Ferguson*, 2018 WL 636710, at *4–5 (rejecting argument that government must "break out" exactly what statements it intended to use in response to request nearly identical to the defendant's request labeled 2(g)). The defendant must identify with specificity what evidence she wishes to suppress, and only then is the government obligated to give notice whether it intends to use that particular evidence in its case-in-chief. *Ishak*, 277 F.R.D. at 159. Because the defendant's second request does not identify evidence such that "the government can readily ascertain the particular evidence referenced," the government is under no obligation to give notice. *Id.* at 160

The defendant's third request improperly seeks to shift the burden to identify what evidence is arguably subject to suppression onto the government. The responsibility for deciding whether a piece of evidence should be challenged with a motion to suppress belongs to the defendant. *Id.* at 159. Rule 12(b)(4) requires only that the government provide notice whether it intends to use in its case-in-chief the evidence the defendant identifies as arguably suppressible. The government has no corresponding duty to advise the defendant what evidence "may arguably be subject to challenge or suppression." *See* Mot. at 3.

//

//

//

//

//

//

//

**IV.    CONCLUSION**

For the foregoing reasons, the defendant's Motion for Notice by the Government Pursuant to Rule 12 of Its Intention to Use Specific Evidence Arguably Subject to Suppression should be denied.

Respectfully submitted this 2nd day of September, 2020.

                            Marlon Cobar, Acting Chief
                            Narcotic and Dangerous Drug Section
                            Criminal Division
                            U.S. Department of Justice

By:    /s/
                            Kaitlin Sahni, Trial Attorney
                            Kate Naseef, Trial Attorney
                            Brett Reynolds, Trial Attorney
                            Narcotic and Dangerous Drug Section
                            Criminal Division
                            U.S. Department of Justice
                            Washington, D.C. 20530
                            Telephone: (202) 514-0917

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the Defendant, this 2nd day of September, 2020.

By:  /s/
Kaitlin Sahni
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice