UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:16-CR-103 |
| ) | JUDGE GREER |
| MATTHEW HARRISON MARTLAND ) | |

**MOTION FOR NOTICE PURSUANT TO RULE 12(b)(4)(B) OF GOVERNMENT'S INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION AND EVIDENCE GOVERNMENT INTENDS TO INTRODUCE IN ITS CASE IN CHIEF AT TRIAL**

The defendant, MATTHEW HARRISON MARTLAND, by and through counsel, pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, and moves the Court for entry of an Order directing the government to make inquiry and to serve and file specific written notice and designations of the following:

1. Any and all evidence and information, including all information subject to disclosure under Rule 16, in the possession, custody, or control of the government, or the existence of which is known, or by the exercise of due diligence could become known to the government, which evidence or information the government presently or at any time contemplates or considers using in its evidence-in-chief at trial, in order to afford the Defendant and opportunity to move for suppression.

2. In addition to such other evidence as may be subject to Rule 12(b)(4)(B), notice of the following specific evidence or information is requested pursuant to Rule 12(4)(B):

   a. Evidence that was obtained through any warrantless search or seizure, or that relates to or was derived from any such search or seizure;

1

    b. Evidence that was obtained through the execution of any search or seizure warrant, or that relates to or was derived from any such warrantless search or seizure;

    c. Evidence that was obtained through any electronic or mechanical surveillance or tape/digital recordings, or that relates to or was derived from any such surveillance or recordings, irrespective of whether the recordings were made by a party to the conversation who consented to the recording;

    d. Evidence that was obtained through any use of a beeper or other tracking device, or that relates or was derived from any such beeper or tracking device;

    e. Evidence that was obtained through any use of a mail cover, or that relates to or was derived from any such mail cover;

    f. Any evidence relating to the exhibition or display of the Defendant's photograph, likeness, image, or voice recording to anyone, not then employed by a law enforcement agency;

    g. Any written, recorded, or oral statements of the Defendant; or any other written, recorded, or oral statements by others intended to be offered as a statement of the Defendant or a vicarious admission, such as a statement purported to be made in support of an alleged conspiracy.

  3. Mr. Martland further requests that any evidence or information that falls within Rule 12(b)(4)(B) be specifically identified from among the voluminous items of discovery that have been produced pursuant to Rule 16.

Respectfully submitted this 26th day of October, 2017, by:

_____
**STEPHEN ROSS JOHNSON [BPR #022140]**
**WADE V. DAVIES [BPR # 016052]**
*Ritchie, Dillard, Davies & Johnson, P.C.*
606 W. Main Street, Suite 300
Knoxville, TN 37902
(865) 637-0661
johnson@rddjlaw.com
*Counsel for Matthew Harrison Martland*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

_____
STEPHEN ROSS JOHNSON