**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) **CRIMINAL NO.: 1:20-CR-040** |
| | ) |
| **JESSICA JOHANNA OSEGUERA** | ) |
| **GONZALEZ,** | ) |
|     **also known as "Jessica Johanna** | ) |
|     **Castillo" and "La Negra,"** | ) |
| | ) |
|     **Defendant.** | ) |

<u>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS ONE THROUGH FIVE OF THE SUPERSEDING INDICTMENT AS DUPLICITOUS**</u>

The United States, through undersigned counsel, respectfully submits this response to Defendant's Motion to Dismiss Counts One Through Five of the Superseding Indictment as Duplicitous ("Motion" or "Mot."). Dkt. No. 68. None of the counts in the Superseding Indictment are duplicitous. Rather what the defendant identifies as duplicity is the long-established practice of pleading in the conjunctive the various means – each sufficient to support a conviction – of committing each of the five offenses alleged. Furthermore, even if the Court were to find that any one of the counts in the Superseding Indictment is duplicitous, the proper remedy would not be dismissal, but rather a corrective instruction to the jury.

**A. Background**

The defendant is charged with five counts of violating the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. §§ 1904, 1906. Dkt. No. 65. In each count of the Superseding Indictment, the defendant is charged with willfully: (1) engaging in transactions or dealings in property of a foreign person, designated as materially assisting in, or providing support for or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion; (2) engaging in

transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person; and (3) aiding, abetting, and causing others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property or interests in property of said foreign person. *Id.* Each count of the Superseding Indictment corresponds to a different "foreign person" – J&P Advertising, JJGON, Las Flores Cabanas, Mizu Sushi (later known as Kenzo Sushi and Operadora Los Famosos), and Tequila Onze Black. *Id.*

## B. Argument

An indictment is impermissibly duplicitous where it combines "two or more distinct and separate offenses" into one count, *United States v. Klat*, 156 F.3d 1258, 1266 (D.C. Cir. 1998), *and* the defendant is prejudiced. *See United States v. Shorter*, 608 F. Supp. 871, 879 (D.D.C. 1985) (collecting cases); Fed. R. Crim. P. 8(a). However, an indictment is not impermissibly duplicitous if it alleges alternate means of committing the offense in a single count, as the Superseding Indictment does in this case. Federal Criminal Procedure Rule 7(c)(1) provides that "[i]t may be alleged in a single count that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." Where a criminal statute lists multiple acts which constitute violations, "the prosecution may in a single count of an indictment or information charge several or all of such acts in the conjunctive and under such charge make proof of any one or more of the acts, proof of one alone, however, being sufficient to support a conviction." *United States v. Brown*, 504 F. 3d 99, 104 (D.C. Cir. 2007) (quoting *District of Columbia v. Hunt*, 163 F.2d 833, 837-38 (D.C. Cir. 1947)).

This Court has previously rejected duplicity arguments similar to the one made by the defendant here in other sanctions evasion cases. Specifically, the Court in *United States v.*

*Quinn*, explained that an indictment alleging violations of 50 U.S.C. § 1705(b) was not duplicitous where each count of the indictment alleged that the defendant did one or more of the following: "(i) tried to evade or avoid the requirements of the law … (ii) attempted to engage in conduct that would violate the law … (iii) succeeded in violating the law … or (iv) aided or abetted another person in doing one of the foregoing, *see* 18 U.S.C. § 2."  401 F. Supp. 2d 80, 104 (D.D.C. 2005).  As the Government has previously explained in its Omnibus Set of Pretrial Motions, the Kingpin Act charged here was modeled on the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et. seq.* ("IEEPA"), and the District of Columbia Circuit has looked to IEEPA in cases interpreting the Kingpin Act.  *See* Dkt. No. 63 at 19-20.  The language in each count of the Superseding Indictment in this case closely mirrors the language in the *Quinn* indictment, and clearly alleges alternate means of violating the Kingpin Act.  Indeed, as the Court explained in *Quinn*, had the Government "separated out attempt, evasion, and aiding and abetting as distinct counts—the Court would be faced with the greater danger of 'inappropriate multiple punishments for a single criminal episode.'"  *Quinn*, 401 F. Supp. 2d at 104 (citing *United States v. Mangieri,* 694 F.2d 1270, 1282 (D.C. Cir. 1982)).

Finally, "even if the Court were to conclude that the indictment was impermissibly duplicitous, such a conclusion would not compel dismissal of the charges."  *Quinn,* 401 F. Supp. 2d at 104 n.24; *see also United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 116 (D.D.C. 2012) (citing *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981); *United States v. Place,* 757 F. Supp. 2d 60, 61 (D. Mass. 2010)).  The Court may correct a duplicitous indictment with a corrective instruction to the jury, such as an instruction requiring that the jury unanimously agree on at least one mean by which the Defendant violated the Kingpin Act (e.g. engaging in transactions or dealings in property of a foreign person, engaging in transactions or

dealings to evade or avoid the Kingpin Act prohibitions, or aiding and abetting others in

violating the Kingpin Act).  *See United States v. Damrah*, 412 F.3d 618, 623 (6th Cir. 2005); *see*

*also United States v. Palmer*, 105 F. Supp. 3d 64, 66-68 (D.D.C. 2015).  Even though a special

jury instruction on unanimity may be appropriate in this case for other reasons, the Superseding

Indictment is not impermissibly duplicitous and therefore does not need to be "corrected."

### C. Conclusion

None of the counts in the Superseding Indictment are duplicitous, as each count alleges

alternate means of committing the same offense.  Even if the Court were to find that the counts

in the Superseding Indictment were duplicitous, the remedy would not be dismissal, but rather a

corrective instruction to the jury addressing unanimity—an instruction that may be appropriate in

this case for other reasons.  Nevertheless, none of the counts of the Superseding Indictment are

duplicitous, and the defendant's Motion should be denied.

Respectfully submitted this 2nd day of September, 2020.

> Marlon Cobar, Acting Chief
> Narcotic and Dangerous Drug Section
> Criminal Division
> U.S. Department of Justice

> By: _____/s/_____
> Kaitlin Sahni, Trial Attorney
> Kate Naseef, Trial Attorney
> Brett Reynolds, Trial Attorney
> Narcotic and Dangerous Drug Section
> Criminal Division
> U.S. Department of Justice
> Washington, D.C. 20530
> Telephone: (202) 514-0917

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing

(ECF) system with the United States District Court for the District of Columbia to counsel of

record for the defendant, this 2nd day of September, 2020.


By:   /s/
      Kaitlin Sahni
      Trial Attorney
      Narcotic and Dangerous Drug Section
      Criminal Division
      U.S. Department of Justice