# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.           )<br>)<br>JESSICA JOHANNA OSEGUERA )<br>GONZALEZ,      )<br>    also known as "Jessica Johanna  )<br>    Castillo" and "La Negra,"     )<br>)<br>Defendant.       ) | CRIMINAL NO.: 1:20-CR-040 |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR LACK OF SPECIFICITY

The United States, through undersigned counsel, respectfully submits this response to Defendant's Motion to Dismiss the Superseding Indictment for Lack of Specificity ("Motion" or "Mot.") [Dkt. No. 76].

All five counts of the Superseding Indictment are sufficiently specific to apprise the defendant of the charges against her so that she can prepare her defense and protect against double jeopardy. Therefore, the Court should deny the Motion.

### A. Background

The Indictment in this case is the product of an extensive, long-term and ongoing investigation conducted by the Drug Enforcement Administration ("DEA") into the operations of two large-scale drug trafficking organizations ("DTO") based in Jalisco, Mexico known as the Cartel de Jalisco Nueva Generacion ("CJNG"), headed by Nemesio Oseguera Cervantes ("Mencho"), and Los Cuinis Drug Trafficking Organization ("Los Cuinis"), headed by Abigael Gonzalez Valencia ("Abi"). As part of the investigation, agents have coordinated with the Office of Foreign Assets Control of the U.S. Department of the Treasury ("OFAC"), which has levied

1

economic sanctions against business entities and persons for providing material support to the narcotics trafficking activities of the CJNG and/or Los Cuinis.

In each count of the Superseding Indictment, the defendant is charged with willfully: (1) engaging in transactions or dealings in property of a foreign person, designated as materially assisting in, or providing support for or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the CJNG; (2) engaging in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person; and (3) aiding, abetting, and causing others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property or interests in property of said foreign person.  Dkt. No. 65.  Each count of the Superseding Indictment corresponds to a different "foreign person" – J&P Advertising, JJGON, Las Flores Cabanas, Mizu Sushi (later succeeded by Kenzo Sushi, also known as Operadora Los Famosos), and Tequila Onze Black – and covers a specific period of time.  *Id*.  Additionally, each count of the Superseding Indictment alleges that the defendant is "an officer, director, and/or agent" of the named designated business.  *Id*.

The government intends to prove at trial that the defendant owns and operates the six businesses that correspond with the five counts in the Superseding Indictment.  Each business was designated by OFAC, and the defendant willfully continued to operate the businesses post-designation, in violation of the Kingpin Act.

The government has turned over in discovery the documentary evidence in its possession that it intends to use at trial.  The evidence includes corporate registration documents and trademark registrations for the businesses; social media posts, websites, and press related to the

businesses; official OFAC designations and notices, as well as Mexican press reporting on the designations; business records from U.S.-based web hosting services that show that the defendant registered and managed the websites for the designated businesses and received notice that the websites were taken down; the defendant's U.S. passport application, in which the defendant lists her occupation and employer as manager of Kenzo Sushi; intercepts of phone conversations between the defendant and an individual who was managing one of the designated businesses; and emails between the defendant and the Kenzo Sushi business email account.[1]

### B. Legal Standard

The purpose of an indictment is "to apprise the accused of the charges against him so that he may adequately prepare his defense, and to describe the crime with which he is charged with sufficient specificity to enable him to protect against future jeopardy for the same offense." *United States v. Haldeman,* 559 F.2d 31, 123 (D.C. Cir. 1976), *cert. denied* 431 U.S. 935 (1977) (citing *Hamling v. United States*, 418 U.S. 87, 117, (1974), *reh'g denied*, 419 U.S. 885 (1975); *Russell v. United States*, 369 U.S. 749, 763-64 (1962); *United States v. Debrow*, 346 U.S. 374, 377-78, (1953)).  To that end, an indictment must provide the defendant with "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  "An indictment is sufficient in this regard if it contains the elements of the offense and enough detail to apprise the defendant of the particular offense with which he is charged."  *United States v. Poindexter,* 725 F. Supp. 13, 21 (D.D.C. 1989).  It is well established that it is generally sufficient for an indictment to allege the offense in the words of the statute and

---

[1] This paragraph's description of documentary evidence is not intended to be exhaustive, but rather only to provide context for this response.  It should not be read to limit the proof that the government may present, nor does it account for non-documentary evidence in the form of witness testimony.

state the time and place of the alleged offense so long as the words of the statute "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense." *United States v. Carll,* 105 U.S. 611, 612 (1882) (*quoted in Russell,* 369 U.S. at 765).[2]

A technically sufficient indictment handed down by a grand jury "is enough to call for trial of the charge on the merits.'" *Costello v. United States*, 350 U.S. 359, 363 (1956). As the District of Columbia Circuit has observed, courts should dismiss an indictment only in unusual circumstances, as dismissal "directly encroaches upon the fundamental role of the grand jury." *United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015) (citing *Whitehouse v. U.S. Dist. Ct. for Dist. of R.I.*, 53 F.3d 1349, 1360 (1st Cir. 1995)). Generally, courts "will not engage in Monday-morning quarterbacking of a grand jury that has returned otherwise facially valid charges." *United States v. Quinn,* 401 F. Supp. 2d 80, 102 (D.D.C. 2005).

**C. Argument**

All five counts in the Superseding Indictment are sufficiently specific: each sets forth the elements of the offense, the alleged time and place of the offense, and the specific business with which the defendant is alleged to have conducted the unlawful transactions or dealings. The defendant argues that the Superseding Indictment "provides no notice regarding what transactions or dealings" the defendant engaged in. Dkt. No. 76 at 7. However, the Superseding Indictment is more precise than the defendant acknowledges in her Motion. Each count alleges

---

[2] Although the government is separately opposing the defendant's request for a bill of particulars, the government notes that under applicable case law, an indictment that fails to allege a particular fact that the accused is entitled to know, that defect can be cured by a bill of particulars, unless the omitted fact is an element of the offense. *United States v. Thomas*, 444 F.2d 919, 922 (D.C. Cir. 1971). As detailed herein, however, the Superseding Indictment does not omit elements of the offenses charged.

that the defendant "engaged in transactions or dealings in property or interests in property of a foreign person," and then names with particularity the foreign person (*i.e.*, the relevant designated business).  Each of count of the Superseding Indictment also alleges that the defendant was "an officer, director, and/or agent" of the named business during the course of the violation.  The Superseding Indictment is therefore sufficient to provide notice of the charges so that the defendant may adequately prepare her defense and to describe the crime charged with sufficient specificity to enable her to protect against double jeopardy.

The defendant relies on several cases to argue that the Superseding Indictment was insufficiently specific because it did not state with particularity the transactions or dealings in which the defendant engaged.  The defendant's reliance on these cases is misplaced.  First, the defendant relies on *United States v. Nance*, 533 F.2d 699 (D.C. Cir. 1976).  But *Nance* is factually dissimilar.  In *Nance*, the D.C. Circuit dismissed ten counts of obtaining something of value by false pretenses, because the counts alleged "that the defendants 'made and caused to be made *the following representations* to the following customers, knowing said representations were untrue ...'" (emphasis added) but then failed "to set forth any of the 'representations' that allegedly 'were untrue.'" *Nance*, 533 F.2d at 700.  The D.C. Circuit even commented in *United States v. Blackley*, 167 F.3d 543, 549 (D.C. Cir. 1999), that it was "amazing" that the *Nance* indictment had not set forth the "following representations" that it promised.  "In other words, the Indictment in *Nance* explicitly promised to include information which it plainly omitted, which did not occur in either *Blackley* or the instant case." *United States v. Brown*, No.

CRIM.07 75 CKK, 2007 WL 2007513, at *15 (D.D.C. July 9, 2007) (describing the opinions in *Nance* and *Blackley* in further detail).[3]

Second, in *United States v. Thomas*, 444 F.2d 919, 920-21 (D.C. Cir. 1971), the D.C. Circuit found that the indictment was defective to charge the offense of burglary, since it accused the defendant of entering a dwelling "with intent to commit a criminal offense therein," without further describing the specific crime that the defendant allegedly intended to commit. Therefore, "there was no way of knowing the specific intent the grand jury had found to exist in returning the indictment, [and] there was no way of knowing whether he was being tried for the offense for which he was indicted." *Id.* at 921. Here, by contrast, every element of the offense is specified in each count of the Superseding Indictment, and the defendant has not identified any element of the offense that is absent. Instead, the defendant's argument seems to be that the indictment must provide notice of the specific evidence that the government intends to use to prove one of the elements of the offense—transactions or dealings in property or interests in property with a designated significant foreign narcotics trafficker—not that the government failed to state an element in the indictment.

Finally, the defendant relies on *United States v. Hillie*, 227 F. Supp. 3d 57 (D.D.C. 2017). In dismissing the indictment, this Court in *Hillie* noted the broad language of the child

---

[3] The defendant also cites two cases outside of this Circuit that held that an indictment must identify the false statements or omissions on which the government intends to rely. These two cases are factually and legally inapposite to the instant case. The defendant herself admits that they are cases that concern "prosecution[s] based on false statements." Dkt. No. 76 at 7 (*citing United States v. Cuevas*, 285 F. App'x 469, 470 (9th Cir. 2008) (holding that indictment alleging false statements was not sufficiently specific when it wholly failed to identify the allegedly false statement) and *United States v. Pirro*, 212 F.3d 86, 93-94 (2d Cir. 2000) (holding that indictment was not sufficiently specific where it alleged that defendant had an unspecified "ownership interest" in an entity when the applicable statutes and regulations proscribed the alleged criminal tax violations only if taken by "shareholders")). This, by contrast, is not a false statements case, and the Superseding Indictment covers the elements of the crime alleged.

pornography production statute, as well as the fact that it was "impossible to discern—and therefore distinguish between—the conduct underlying each separate count" in the indictment, because the counts differed only in the overlapping time frames alleged. *Id*. at 72-73. In contrast to the statutes at issue in *Hillie*, 21 U.S.C. §§ 1904 and 1906 do not "proscribe[] a wide array of conduct in the broadest, most generic terms," *id.* at 75, but make specific conduct—transactions or dealings in property or interests in property with a designated significant foreign narcotics trafficker—a federal crime. *See United States v. Apodaca*, 275 F. Supp. 3d 123, 153-54 (D.D.C. 2017) (holding that indictment for violation of 18 U.S.C. § 924(c) was sufficiently specific even though it did not specify a particular weapon that was possessed). In further contrast to *Hillie*, each count of the Superseding Indictment identifies a different designated business with which the defendant conducted transactions during a specified period of time, providing the defendant with sufficient information "to discern … the conduct underlying each separate count." *Hillie*, 227 F. Supp. 3d at 72.

    Ultimately, the core concern articulated in the case law governing specificity is to ensure that an indictment (1) "apprises the defendant of what he must be prepared to meet," and (2) protects a defendant from double jeopardy by being sufficiently specific to bar further prosecution for offenses contained in an indictment's scope. *Russell*, 369 U.S. at 763-64. The Superseding Indictment does just that. The Superseding Indictment apprises the defendant that the government is charging her with criminal violations of the Kingpin Act in relation to the named OFAC-designated businesses, over specified timeframes, through her transactions and dealings with those entities. Furthermore, the government has in various pleadings provided additional specificity, explaining that the transactions and dealings that the government intends to prove include her ownership interests, management roles, ownership of trademarks, and

7

receipt of income from the six designated entities. This additional information, however, reflects evidence that proves the elements of the crimes alleged; it is not itself an element that needs to be specified in an indictment. From the perspective of the sufficiency of the indictment, it is of no moment which of these pieces of evidence will be shown at trial for each of the entities. *Any* transaction or dealing by a United States person with an OFAC-designated entity, if done willfully, is unlawful if conducted without permission from OFAC. *See* 21 U.S.C. §§ 1904, 1906. The Superseding Indictment—which names the designated entities and specifies the timeframe of the defendant's alleged transactions and dealings with the designated entities—is therefore sufficiently clear to avoid any risk of a discrepancy between the crime that the grand jury indicted and the crime the government will prosecute. *See Hamling*, 418 U.S. at 117 (1974) ("[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.").

/

/

/

/

/

/

/

/

/

/

**D. Conclusion**

All five counts of the Superseding Indictment are sufficiently specific to apprise the defendant of the charges against her so that she can prepare her defense and protect against double jeopardy. The Defendant's Motion to Dismiss for Lack of Specificity should be denied.

Respectfully submitted this 2nd day of September, 2020.

        Marlon Cobar, Acting Chief
        Narcotic and Dangerous Drug Section
        Criminal Division
        U.S. Department of Justice

By:     /s/
        Kaitlin Sahni, Trial Attorney
        Kate Naseef, Trial Attorney
        Brett Reynolds, Trial Attorney
        Narcotic and Dangerous Drug Section
        Criminal Division
        U.S. Department of Justice
        Washington, D.C. 20530
        Telephone: (202) 514-0917

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the defendant, this 2nd day of September, 2020.

                                                By:    /s/
                                                            Kaitlin Sahni
                                                            Trial Attorney
                                                            Narcotic and Dangerous Drug Section
                                                            Criminal Division
                                                            U.S. Department of Justice