UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO.: 1:20-CR-040 |
| ) | |
| JESSICA JOHANNA OSEGUERA ) | |
| GONZALEZ, ) | |
|     also known as "Jessica Johanna ) | |
|     Castillo" and "La Negra," ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR LACK OF VENUE

The United States, through undersigned counsel, respectfully submits this response to Defendant's Motion to Dismiss the Superseding Indictment for Lack of Venue ("Motion" or "Mot.") [Dkt. No. 66].

Venue for all of the offenses alleged in the Superseding Indictment is proper in this district under both 18 U.S.C. § 3237(a) and 18 U.S.C. § 3238, and the government will prove venue at trial by a preponderance of the evidence.[1]  Because venue is proper in this district, the Court should deny the Motion.

### A. Venue is Proper in the District of Columbia under 18 U.S.C. § 3237(a)

18 U.S.C. § 3237(a) provides:

Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

---

[1] While the government does not concede that venue is proper in any other district, the venue statutes are not mutually exclusive.  Where there is an overlap between the two sections, venue may be appropriate in more than one district.  *See United States v. Hassanshahi*, 185 F. Supp. 3d 55, 58-60 (D.D.C. 2016).  "Venue in this District does not become improper simply because venue might also be proper elsewhere…[.]"  *Id*. at 60.

1

Judges in this District have consistently held that a defendant's failure to obtain a license from an export control agency located in the District of Columbia – including the Office of Foreign Assets Control of the U.S. Department of the Treasury ("OFAC")– is an omission sufficient to support venue in the District of Columbia in such cases under Section 3237(a).  *See Hassanshahi*, 185 F. Supp. 3d at 56 ("[A]n omission can support a prosecution in the district in which the actions were to have occurred."); *United States v. Quinn*, 401 F. Supp. 2d 80, 87 (D.D.C. 2005) ("[V]enue is proper here because of the alleged omissions that are part of the crimes charged (namely the failure to secure licenses for exports to Iran from OFAC)."); *see also United States v. Montgomery*, 441 F. Supp. 2d 58, 60-61 (D.D.C. 2006) (concluding that venue was proper in the District of Columbia because the defendant's "failure to ask for authorization to export ... occurred in the District of Columbia").  Even if a license would likely have been denied, venue is still appropriate in this District.  *See Montgomery*, 441 F. Supp. 2d at 60 ("However unlikely it is that permission to export would have been granted, he did not seek such permission.").

*Hassanshahi*, *Quinn*, and *Montgomery* were all cases that involved violations of the International Emergency Economic Powers Act ("IEEPA").  The D.C. Circuit has previously explained that the Foreign Narcotics Kingpin Designation Act was modeled on IEEPA and has looked to IEEPA in cases interpreting the Kingpin Act.  *See Zevallos v. Obama*, 793 F.3d 106, 109-13 (D.C. Cir. 2015); *see also* 21 U.S.C. § 1901; Government's Omnibus Set of Pretrial Motions, Dkt. No. 63 (July 13, 2020) at 19-20.

The Superseding Indictment in this case charges the defendant with five counts of violating the Kingpin Act and alleges that the defendant "did not first obtain the required license

from the Office of Foreign Asset Control ("OFAC")," which the government will prove at trial. Therefore, venue is proper in the District of Columbia under Section 3237(a).

### B. Venue is Proper in the District of Columbia under 18 U.S.C. § 3238

Venue is also proper in the District of Columbia under 18 U.S.C. § 3238, which provides:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

Many Circuits have held that Section 3238 applies "even when some of a defendant's offense conduct takes place in the United States." *United States v. Pendleton*, 658 F.3d 299, 304-05 (3d Cir. 2011); *see also United States v. Miller*, 808 F.3d 607, 620 (2d Cir. 2015); *United States v. Levy Auto Parts*, 787 F.2d 946, 950-52 (4th Cir. 1986); *United States v. Erwin*, 602 F.2d 1183, 1185 (5th Cir. 1979). The D.C. Circuit has not yet decided the issue. However, this District has followed the view that venue is proper if the offense began abroad or most of the conduct occurred abroad, despite some conduct occurring in the United States. *See United States v. Rivera-Niebla*, 37 F. Supp. 3d 374, 380 (D.D.C. 2014); *see also Hassanshahi*, 185 F. Supp. 3d at 59 (discussing the Circuit split and agreeing with the majority, more-permissive interpretation).

The two major clauses of Section 3238 are read in the disjunctive. *See United States v. Fraser*, 709 F.2d 1556, 1558 (6th Cir. 1983). Venue is proper in either the district where the offender is arrested or first brought *or* the district of the last known residence of the offender or, if no such residence is known, the District of Columbia. Therefore, if the indictment is filed before the offender is arrested in the United States, venue lies in the District of Columbia, when

the defendant's last known residence in the United States is not known.  *Frazer*, 709 F.2d at 1558.  The legislative history of Section 3238 supports this reading.  As one district court explained, "[t]here appears no reason why Congress would want to interrupt the proceedings, once begun, to move them to the district where the defendant later happened to be brought."  *United States v. Layton*, 519 F. Supp. 942, 945 (N.D. Cal. 1981).

Additionally, a defendant is "arrested" under Section 3238 "where the defendant is first restrained of his liberty *in connection with the offense charged*."  *United States v. Hong Vo*, 978 F. Supp. 2d 49, 58 (D.D.C. 2013) (citing *United States v. Catino,* 735 F.2d 718, 724 (2d Cir. 1984); *United States v. Erdos,* 474 F.2d 157, 160 (4th Cir. 1973); *United States v. Provoo,* 215 F.2d 531, 538 (2d Cir. 1954)) (emphasis in original).  For example, in *United States v. Catino*, the Second Circuit held that the defendant's initial arrest on narcotics trafficking charges was irrelevant to venue when the defendant was later arrested for passport violations in another district, even though the defendant was in the custody of the government for the entirety of the intervening period because he was serving an imposed sentence.  735 F.2d at 724.

All of the OFAC-designated businesses referenced in the five counts of the Superseding Indictment are located in Mexico, and the defendant's alleged transactions and dealings with the businesses happened in Mexico.  The defendant's last known residence was in Mexico, where she has resided for approximately 20 years.  Furthermore, the original indictment in this case was returned by the grand jury in the District of Columbia prior to the defendant's arrest.  (The Superseding Indictment was returned while the defendant was being held in pre-trial detention.)

Venue therefore properly lies in the District of Columbia under the second clause of Section 3238, regardless of where the defendant was "arrested" or "first brought."[2]

The defendant additionally argues that venue must lie in the Southern District of California because the United States Customs and Border Protection ("CBP") conducted a secondary inspection when the defendant entered the United States from Mexico. Mot. at 2. This argument is contradicted by applicable law, because CBP's alleged detention of the defendant was not an arrest sufficient to trigger Section 3238. First, although it does not appear that any federal court has had occasion to consider whether a secondary inspection at the border is an "arrest" as defined in Section 3238, several appellate courts have held that a secondary inspection is not an "arrest" for Sixth Amendment purposes. *See, e.g., United States v. Butler*, 249 F.3d 1094, 1098 (9th Cir.2001) ("[A] brief detention at the border by immigration and customs officials of persons presenting themselves for admission to the United States is not custody, even though such persons are not free to leave or to refuse to be searched."); *United States v. Hernandez*, 229 F. App'x 331, 332 (5th Cir. 2007) ("Referral to secondary inspection at a border checkpoint does not constitute an arrest requiring Miranda warnings."); *United States v. Yilmaz*, 508 F. App'x 49 (2d Cir. 2013) (holding that secondary inspection at a border crossing is not an "arrest" for *Miranda* purposes). Second, the defendant's alleged detention as she entered into the United States was not *in connection with the charged offenses*. *See Hong Vo*, 978 F.

---

[2] Although it is not the venue provision that governs here, the government notes that the defendant was first arrested on the underlying charges in this District – indeed, in the very courthouse in which this Court sits – and was promptly presented in this District within hours of her arrest.

Supp. 2d at 58, discussed *supra*.³ The defendant's allegation that she was released to manufacture venue in this district is baseless.

### C. Motion to Transfer for Convenience

The defendant moves in the alternative for the Court to transfer this case to the Southern District of California pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. Mot. At FN 1. Rule 21(b) provides that "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and witnesses and in the interest of justice." The Supreme Court laid out a balancing test to be used in exercising such discretion in *Platt v. Minnesota Mining & Mfg., Co.,* 376 U.S. 240 (1964). However, there is a presumption that trial should be held in the district where the government elected to bring the case. *United States v. Bowdoin*, 770 F. Supp. 2d 133, 138 (D.D.C. 2011) (citing *Quinn,* 401 F. Supp. 2d at 85; *United States v. Baltimore & Ohio R.R.,* 538 F. Supp. 200, 205 (D.D.C. 1982)). "To warrant a transfer from the district where an indictment was properly returned, it should appear that a trial there would be so unduly burdensome that fairness requires the transfer to another district of proper venue where a trial would be less burdensome." *Baltimore & Ohio R.R.,* 538 F. Supp. at 205 (quoting *United States v. U.S. Steel Corp.,* 233 F. Supp. 154, 157 (S.D.N.Y. 1964)). The defendant bears the burden of establishing that "prosecution in the district where the indictment was properly returned will result in a substantial balance of inconvenience to [herself]." *Baltimore & Ohio R.R.,* 538 F. Supp. at 205 (quoting *United States v. Jones,* 43 F.R.D. 511, 514 (D.D.C. 1967)).

---

³ The government's understanding is that a notation regarding the defendant had been logged in electronic databases accessible by CBP, requesting that CBP detain the defendant and contact DEA. However, DEA was not notified until several hours after the defendant had been released and admitted into the country.

The defendant raises her motion for a Rule 21(b) transfer to the Southern District of California in a footnote. In support of that motion, the defendant offers only the conclusory statement that "[t]he witnesses and evidence are closer to that district." Mot. at FN 1. The defendant also notes that "the government has successfully sought the defendant's detention, in part, because Ms. Gonzalez has no ties to this district." *Id.* These two statements are not only inaccurate and incomplete, but are wholly insufficient to meet the defendant's burden of establishing that trial in this district "would be so unduly burdensome that fairness requires the transfer to another district." *Baltimore & Ohio R.R.,* 538 F. Supp. at 205.

### D. Conclusion

Venue is proper in the District Court for the District of Columbia under both 18 U.S.C. § 3237(a) and 18 U.S.C. § 3238. Furthermore, the defendant has failed to meet her burden to demonstrate that it is in the interest of justice to transfer this case. For the foregoing reasons, the government respectfully requests that the Defendant's Motion to Dismiss the Superseding Indictment for Lack of Venue be denied.

Respectfully submitted this 2nd day of September, 2020.

        Marlon Cobar, Acting Chief
        Narcotic and Dangerous Drug Section
        Criminal Division
        U.S. Department of Justice

By:    /s/
        Kaitlin Sahni, Trial Attorney
        Kate Naseef, Trial Attorney
        Brett Reynolds, Trial Attorney
        Narcotic and Dangerous Drug Section
        Criminal Division
        U.S. Department of Justice
        Washington, D.C. 20530
        Telephone: (202) 514-0917

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the defendant, this 2nd day of September, 2020.

                By:    /s/
                        Kaitlin Sahni
                        Trial Attorney
                        Narcotic and Dangerous Drug Section
                        Criminal Division
                        U.S. Department of Justice