**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>      v.                                                            )<br>)<br>**JESSICA JOHANNA OSEGUERA** )<br>**GONZALEZ,**                                             )<br>      also known as "Jessica Johanna    )<br>      Castillo" and "La Negra,"              )<br>)<br>                  **Defendant.**                       ) | **CRIMINAL NO.: 1:20-CR-040** |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO EXCLUDE WITNESSES**

The United States, through undersigned counsel, respectfully submits this response to Defendant Jessica Johanna Oseguera Gonzalez's Motion to Exclude Witnesses Prior to and During the Trial of This Case and to Disclose All Instances Where Witnesses Were Interviewed Jointly ("Motion" or "Mot.") [Dkt. No. 72]. The government does not oppose the sequestration of witnesses, other than law enforcement agents designated as the government's representatives, during the trial proceedings pursuant to Federal Rule of Evidence Rule 615.[1]  However, the Court should deny the remainder of the defendant's Motion as moot, or alternatively, as procedurally improper.

**I.      BACKGROUND**

On July 31, 2020, the defendant filed a Motion pursuant to Rule 615 of the Federal Rules of Evidence seeking "to exclude witnesses prior to and during the trial of this case." Mot. at 1.

---

[1] The government interprets the defendant's distinct request to exclude witnesses "prior to" trial as a request to exclude witnesses from the courtroom during voir dire and opening statements. In this case, the government does not oppose the exclusion of witnesses, other than designated law enforcement witnesses, during voir dire and opening statements. If the defendant's request for exclusion of witnesses prior to trial is intended to mean anything more, the government objects on the basis that such a request would be far beyond the scope of Rule 615. *See* Fed. R. Evid. 1101.

1

The Motion also seeks disclosure of all instances where government and/or civilian witnesses were interviewed jointly, disclosure of all documents relating to any joint interviews, and a hearing to examine all individuals who participated in any joint interviews. *Id.*

The government does not oppose the sequestration of witnesses, other than law enforcement agents designated as the government's representatives, during the trial proceedings pursuant to Rule 615. However, the government opposes the remainder of the defendant's motion for the reasons set forth below.

**II.     LEGAL STANDARD**

Federal Rule of Evidence 615 states in relevant part:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> . . .
>
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney.

Fed. R. Evid. 615. This exception to the general rule against a witness being present at trial applies to investigative agents, such as federal agents and police detectives. *See* Fed. R. Evid. 615 advisory committee's note to 1974 Enactment ("Many district courts permit government counsel to have an investigative agent at counsel table . . . although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in—he always has the client with him to consult during trial").

In *United States v. Sullivan*, the D.C. Circuit, recognized that "under the second exception to Rule 615," the government is permitted "to designate a law enforcement officer to

2

remain in the courtroom as the government's representative." 56 F.3d 1532, 1995 WL 364662, at *2 (D.C. Cir. 1995) (unpublished); *see also United States v. Eiland*, No. 04-cr-379, 2006 WL 516743, at *17 (D.D.C., Mar. 2, 2006) (same). Numerous other courts have issued similar rulings. *See, e.g.*, *United States v. Farnham*, 791 F.2d 331, 334–35 (4th Cir. 1986) (stating that under Rule 615, district court may allow government's chief investigating agent to remain in courtroom throughout proceedings, even if he is expected to testify); *United States v. Phibbs*, 999 F.2d 1053, 1073 (6th Cir. 1993) ("Rule 615(2) allows the government to have any law enforcement officer it wants at its counsel table."); *United States v. Rivera*, 971 F.2d 876, 889 (2d Cir. 1992) ("It is within a trial court's discretion to exempt the government's chief investigative agent from sequestration, and it is well settled that such an exemption is proper under Rule 615(2), deeming the agent-witness a 'representative' of the government") (internal citations omitted); *United States v. Adamo*, 882 F.2d 1218, 1235 (7th Cir. 1989).

### III.     ANALYSIS

The defendant's Motion does not account for the presence of a designated law enforcement agent in the courtroom at trial. A Drug Enforcement Administration (DEA) Special Agent is "an officer or employee of a party which is not a natural person," the United States government, and the government may elect to designate a DEA Special Agent who is a member of the investigative team as its lead case agent and representative at trial. A Special Agent so designated would fall squarely within the Rule 615(2) exception and need not be sequestered during the trial proceeding, even if the government were to decide to call that agent as a trial witness. *See Rivera*, 971 F.2d at 889. To the extent that the defendant's Motion seeks to exclude a later-designated law enforcement agent from the courtroom during trial, the request should be denied.

The defendant's requests for notice, documentation, and a hearing regarding joint interviews are both moot and unfounded. No individuals currently identified by the government as potential trial witnesses have been interviewed jointly. Even if such joint interviews occurred, the proper remedy would not be a separate hearing to interrogate those witnesses, but rather cross-examination of the witnesses at trial. *See United States v. Feola*, 651 F. Supp. 1068, 1130 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir. 1989) ("The witnesses need not be sequestered during pretrial proceedings, or after their testimony; they can speak freely to anybody and if they do so, may be cross-examined with respect thereto insofar as may relate to bias or credibility."). The defendant has cited no rule or caselaw to support her contention that she is entitled to notice and documentation regarding joint interviews, and nothing in Rule 615 requires such disclosures.

The government will fulfill its obligations to disclose Jencks Act materials to the defendant pursuant to Fed. R. Crim. P. 26.2 and 18 U.S.C. § 3500 and potentially impeachable material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959). However, the defendant is not entitled to early disclosure of witness identities, Jencks Act materials, and *Giglio* information in a hunt for the possibility of impropriety in joint interviews.

**IV.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that the defendant's Motion to Exclude Witnesses Prior to and During the Trial of This Case and to Disclose All Instances Where Witnesses Were Interviewed Jointly be denied in part.

Respectfully submitted this 2nd day of September, 2020.

>
> Marlon Cobar, Acting Chief
> Narcotic and Dangerous Drug Section
> Criminal Division
> U.S. Department of Justice
>
> By:    /s/
> Kaitlin Sahni, Trial Attorney
> Kate Naseef, Trial Attorney
> Brett Reynolds, Trial Attorney
> Narcotic and Dangerous Drug Section
> Criminal Division
> U.S. Department of Justice
> Washington, D.C. 20530
> Telephone: (202) 514-0917

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the Defendant, this 2nd day of September, 2020.

                By:    /s/
                        Kaitlin Sahni
                        Trial Attorney
                        Narcotic and Dangerous Drug Section
                        Criminal Division
                        U.S. Department of Justice