UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>     )<br>     v.     )<br>     )<br>JESSICA JOHANNA OSEGUERA )<br>GONZALEZ, )<br>    also known as "Jessica Johanna )<br>    Castillo" and "La Negra," )<br>     )<br>     Defendant.     ) | CRIMINAL NO.: 1:20-CR-040 |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The United States respectfully submits this Opposition to Defendant Jessica Johanna Oseguera Gonzalez's Motion for a Bill of Particulars ("Motion" or "Mot.") (Dkt. No. 69.)  As set forth below, the defendant is not entitled to a bill of particulars because the Superseding Indictment and the Government's discovery productions provide more than sufficient information to adequately apprise the defendant of the nature of the charges and the evidence against her.  Accordingly, the defendant's Motion should be denied.

**I.     BACKGROUND**

On February 13, 2020, a federal grand jury sitting in the District of Columbia returned an indictment charging the defendant with five counts of engaging in transactions or dealings in properties of a designated foreign person, in violation of the Foreign Narcotics Kingpin Act, 21 U.S.C. §§ 1904 and 1906 (hereinafter "Kingpin Act").  *See* Dkt. No. 1.  On July 16, 2020, a federal grand jury sitting in the District of Columbia returned a Superseding Indictment.  Dkt. No. 65.  In each count of the Superseding Indictment, the defendant is charged with willfully: (1) engaging in transactions or dealings in property of a foreign person, designated as materially supporting the international narcotics trafficking activities of the significant foreign narcotics

1

trafficker known as the Cartel de Jalisco Nueva Generacion ("CJNG"); (2) engaging in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property of said foreign person; and (3) aiding, abetting, and causing others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property of said foreign person. *Id.* Each count of the Superseding Indictment corresponds to a different "foreign person" – J&P Advertising, JJGON, Las Flores Cabanas, Mizu Sushi (later known as Kenzo Sushi and Operadora Los Famosos), and Tequila Onze Black – and covers a specific period of time. *Id.* Additionally, each count of the Superseding Indictment alleges that the defendant is "an officer, director, and/or agent" of the named designated business. *Id.*

On February 28, 2020, the Government filed a Motion for Pre-trial Detention, and on March 2, 2020, the Government filed a Motion for Review and Appeal of Release Order. Dkt. Nos. 12 & 15. The motions explained that the defendant owned and operated the five businesses named in the Indictment, which were designated by the Office of Foreign Assets Control of the U.S. Department of the Treasury ("OFAC") for providing material support to the narcotics trafficking activities of the CJNG, and she willfully failed to separate herself from the businesses post-designation. Dkt. No. 15 at 2-3. The motions also included a non-exhaustive list of the evidence the Government intends to introduce at trial. *Id.* at 3-4.

Additionally, on July 13, 2020, the Government filed an Omnibus Set of Pretrial Motions, which explained that the defendant applied for and owns the Mexican trademarks for three of the businesses named in the Indictment (Las Flores Cabanas, Mizu Sushi, and Tequila Onze Black) and that ownership of a trademark is a property interest specifically forbidden by the Kingpin Act. Dkt. No. 63 at 3-4. The Omnibus went on to explain that corporate registration

documents will show that the defendant dissolved the two legally incorporated entities, J&P Advertising and JJGON, shortly after designation. *Id*. at 4. The Omnibus also explained that business records from U.S.-based hosting services will show that the defendant registered the websites of four of the designated businesses (J&P Advertising, Las Flores Cabanas, Mizu Sushi, and Tequila Onze Black), and that she was made aware of the OFAC sanctions by the web hosting services when they disabled her accounts in order to avoid transacting with designated businesses. *Id*. at 5-6.

Since March 2, 2020, the Government has made seven discovery productions consisting of over 45,000 pages of materials, including: corporate registration documents and trademark registrations for the businesses; social media posts, websites, and press related to the businesses; official OFAC designations and notices, as well as Mexican press reporting on the designations; business records from U.S.-based web hosting services that show that the defendant registered and managed the websites for the designated businesses and received notice that the websites were taken down; the defendant's U.S. passport application, in which the defendant lists her occupation and employer as manager of Kenzo Sushi; intercepts of phone conversations between the defendant and an individual who was managing one of the designated businesses; emails between the defendant and the Kenzo Sushi business email account, and other items.

The defendant's Motion seeks a bill of particulars:

(1) Specifying the particular transactions or dealings in which the defendant engaged with each of the businesses named in the Superseding Indictment. Dkt. No. 69 at 1-2.

(2) Demonstrating that the defendant had "actual notice" that each of the businesses named in the Superseding Indictment was designated by OFAC. *Id*. at 2-3.

(3) Specifying the particular transactions or dealings of the defendant to evade or avoid the prohibition on transactions or dealings for each of the businesses named in the Superseding Indictment.  *Id*. at 4-5.

(4) Specifying how the defendant aided, abetted, and caused others to engage and attempt to engage in transactions or dealings for each of the businesses named in the Superseding Indictment.  *Id*. at 5-6.

(5) Specifying how the defendant was an officer, director, and/or agent for each of the businesses named in the Superseding Indictment.  *Id*. at 6.

(6) Specifying how the defendant knowingly participated in each violation.  *Id*. at 7.

The defendant claims that absent this information, she cannot adequately prepare a defense or avoid a second trial on the same offenses.  Dkt. 69-1 at 8.

## II.    LEGAL STANDARD

Under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, an indictment need only set forth a "plain, concise and definite written statement of the essential facts constituting the offense charged[.]"  An indictment must set forth the elements of the offense and adequately inform the accused of the specific offense with which she is charged to shield her from future jeopardy.  *See United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (citing *Hamling v. United States*, 418 U.S. 87, 117-18 (1974)).

As this Court has explained, "[d]efendants are not entitled to a bill of particulars as a matter of right, and the Court need only grant a defendant's request upon determining that a bill of particulars is necessary."  *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 146 (D.D.C. 2015) (citing Fed. R. Crim. P. 7(f)); *see also United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (explaining that defendant has no right to bill of particulars; rather

4

ultimate test is whether bill of particulars is necessary).  A bill of particulars is appropriate only where necessary to "'allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges.'"  *Id.* at 145 (quoting *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006)); *see also United States v. Edelin*, 128 F. Supp. 2d 23, 36 (D.D.C. 2001) (explaining that additional details in form of bill of particulars, pursuant to Rule 7(f), are not appropriate unless indictment is too vague to inform defendant of nature of charges, to allow preparation of defense, to avoid unfair surprise, and to allay double jeopardy concerns).

Further, "[i]t is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial."  *United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (citations omitted); *see also United States v. Savoy*, 889 F. Supp. 2d 78, 114 (D.D.C. 2012) (explain that a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case") (citations omitted); *Sanford Ltd.*, 841 F. Supp. 2d at 316 (explaining that the role of a bill of particulars is "not to provide the defendant with the fruit of the government's investigation") (citations omitted).  A bill of particulars is not meant to "provide a method to force the prosecution to connect every dot in its case."  *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017) (citing *United States v. Butler*, 822 F.2d 1191, 1193-94 (D.C. Cir. 1987)).

For these reasons, "if the requested information is available in some other form," a bill of particulars is not warranted.  *Butler*, 822 F.2d at 1193.  On that basis, judges in this district have frequently denied requests for bills of particulars where the government's discovery had disclosed the information requested.  *See United States v. Martinez*, 764 F. Supp. 2d 166, 173-74 (D.D.C. 2011) (denying motion for bill of particulars because "ample discovery provided to

defendant" was evidence that "the requested information is available in another form") (internal citation omitted); *United States v. Gray*, 723 F. Supp. 2d 82, 86 (D.D.C. 2010) (denying motion for bill of particulars because "information sought by defendant is available to him through the full discovery provided by the government."); *Edelin*, 128 F. Supp. 2d at 37 ("The voluminous discovery already provided to the defendants in this case more than compensates for the lack of a bill of particulars."); *United States v. Cooper*, 91 F. Supp. 2d 79, 84 (D.D.C. 2000) (denying motion for bill of particulars when indictment provided "each of the violations involved, the dates and times of those violations, and the statutes violated" and the government had provided ample discovery); *United States v. Mack*, 53 F. Supp. 3d 179, 190-91 (D.D.C. 2014) (denying motion for bill of particulars after finding that indictment, government's reply brief, and discovery sufficiently detailed the allegations); *United States v. Tajideen*, 319 F. Supp. 3d 445, 466 (denying motion for bill of particulars in International Emergency Economic Powers Act case because the indictment and discovery provided the defendant with sufficient information to prepare an adequate defense at trial).

Furthermore, judges in this district have routinely denied motions for bills of particulars when the indictment is sufficiently specific and the government has provided extensive information to the defense in the form of discovery or other documents.  For example, in *Mejia*, the defendants were charged in a single-count indictment with a narcotics conspiracy in an indictment that tracked the language of the statute.  448 F.3d at 439.  Nevertheless, the D.C. Circuit found that a bill of particulars was not warranted because, *inter alia*, the indictment "identifie[d] [] the object of the conspiracy … provide[d] a time period of the conspiracy, identifie[d] the statutes that the object of the conspiracy violated[,] ha[d] an identification of the proper mens rea required under Section 963, [and] identifie[d] at least five countries where the

conspirators acted." *Id.* at 445 (alterations in the original omitted); *see also Han*, 280 F. Supp. 3d at 148-49 (denying motion for bill of particulars that sought to compel the government to identify with particularity the conduct underlying the charges, the "basis" for fraud allegations, details of the allegedly false statements, the "precise representations that are the basis of the securities fraud charge," and "the amount of corporate and personal income tax allegedly due and owed," after the parties had engaged in "protracted and substantial discovery"); *United States v. Saffarinia*, 422 F. Supp. 3d 269, 274-77 (D.D.C. 2019) (denying motion for bill of particulars where defendant had sufficient information about matters at issue on charges of concealing material facts, making false statements, and falsifying records due to the substantial discovery that had occurred).

### III. ANALYSIS

The Court should deny the defendant's request for a bill of particulars because the Superseding Indictment is sufficiently specific and the defendant has adequate information to prepare for her defense from the Superseding Indictment and from discovery.

**1. The Superseding Indictment is Sufficiently Specific**

Contrary to the defendant's claim, the Superseding Indictment satisfies the Rule 7(c)(1) standard of a "plain, concise and definite written statement of the essential facts constituting the offense charged[.]" *See* Government's Response to Defense Motion to Dismiss for Lack of Specificity, Dkt. No. 87. Specifically, the defendant is charged with willfully engaging in transactions or dealings in property or interests in property of the five named foreign businesses, which were designated by OFAC for materially supporting the CJNG, between September 17, 2015 and July 2020, when the Superseding Indictment was filed, in violation of 21 U.S.C. §§ 1904 and 1906. As in other cases where the Court has denied a bill of particulars, the

Superseding Indictment in this case sets forth the statutes violated and the applicable *mens rea* requirement for each, the date range of the defendant's violations, and identifies where the violations occurred.  Additionally, the Superseding Indictment identifies the specific designated businesses with which the defendant transacted and alleges that the defendant was "an officer, director, and/or agent" of each of the designated businesses.  Thus, the defendant is adequately apprised of the charges against her and can prepare a defense.  *See United States v. Bourdet*, 477 F. Supp. 2d 164, 184 (D.D.C. 2007) (denying motion for bill of particulars where indictment was "relatively spare" but "nonetheless sufficient to enable the defendants to understand the charges against them and prepare a defense").

Additionally, the defendant's request for information in a bill of particulars that demonstrates that the defendant received "actual notice" of the OFAC designations should be denied, as notice is not an element of the charged offense.  Dkt. No. 69 at 2-3.  The government only has to prove that the violation was willful, not that the defendant received "actual notice" of OFAC's designations.  *See* Government's Omnibus Set of Pre-trial Motions, Dkt. No. 63 at 18-21.

### 2.  The Requested Information is Available in Some Other Form

The Court should also find that a bill of particulars is not warranted because, to the extent the information is necessary for the defendant to adequately prepare a defense, "the requested information is available in some other form." *Butler*, 822 F.2d at 1193.  The Government's Motions for Pre-trial Detention and Review and Appeal of Release Order and the Omnibus Set of Pre-Trial Motions informed the defendant that she violated the Kingpin Act when she willfully continued to own and operate the five businesses named in the Superseding Indictment.  The motions also explained that the defendant applied for and owns the Mexican trademarks for

three of the businesses, and that ownership of a trademark is a property interest specifically forbidden by the Kingpin Act; that corporate registration documents show that the defendant dissolved the two legally incorporated entities shortly after designation; and that business records from U.S.-based hosting services show that the defendant registered the websites of four of the designated businesses, and that she was made aware of the OFAC sanctions by the web hosting services when they disabled her accounts and sent her an email explaining that her accounts were being suspended precisely because of the OFAC sanctions.

Additionally, the Government has produced over 46,000 pages of materials in discovery. The Government's discovery productions include, *inter alia*, corporate registration documents and trademark registrations for the businesses; social media posts, websites, and press related to the businesses; official OFAC designations and notices, as well as Mexican press reporting on the designations; business records from U.S.-based web hosting services that show that the defendant registered and managed the websites for the designated businesses and received notice that the websites were taken down; the defendant's U.S. passport application, in which the defendant lists her occupation and employer as manager of Kenzo Sushi; intercepts of phone conversations between the defendant and an individual who was managing one of the designated businesses; emails between the defendant and the Kenzo Sushi business email account, and other items. Furthermore, the Government anticipates the production of additional Rule 16 discovery[1] and will provide 18 U.S.C. § 3500 material and the identities of its testifying witnesses before trial.

The defendant appears to argue that the volume of discovery produced by the Government, coupled with the language of the Superseding Indictment, is one reason why the

---

[1] This includes additional information that the government anticipates receiving from the Government of Mexico, as well as returns from search warrants that were executed after the May 19, 2020 status conference.

Court should order a bill of particulars.  *See* Dkt. No. 69-1 at 11 ("Given the time it is taking counsel to comb through the discovery provided to investigated and prepare a defense, [the defendant] would be put in an untenable position without a bill of particulars.").  However, in *Mosquera-Murillo*, this Court dismissed a similar request from defense counsel for a bill of particulars to narrow down "the deluge of information already provided" by the government. 153 F. Sup. 3d at 146.  This Court explained that "the indictment's failure to detail the government's case against the defendants alone does not trigger a requirement for the government to produce a bill of particulars so long as the information requested by the defendants has been made available in another form, including the government's [filings]."  *Id.* at 147-48.  The Court ultimately found that "the government's voluminous discovery to the defendants, as well as the additional information provided through the government's filings providing additional clarity as to government's specific allegations … provides sufficient information."  *Id*. at 148.

Together, the Superseding Indictment and the discovery materials produced to the defendant will be more than sufficient to allow her to adequately prepare her defense and to avoid double jeopardy.

## IV. CONCLUSION

For the foregoing reasons, the defendant's Motion for a Bill of Particulars should be denied.

Respectfully submitted this 2nd day of September, 2020.

        Marlon Cobar, Acting Chief
        Narcotic and Dangerous Drug Section
        Criminal Division
        U.S. Department of Justice

By:     /s/
        Kaitlin Sahni, Trial Attorney
        Kate Naseef, Trial Attorney
        Brett Reynolds, Trial Attorney
        Narcotic and Dangerous Drug Section
        Criminal Division
        U.S. Department of Justice
        Washington, D.C. 20530
        Telephone: (202) 514-0917

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the defendant, this 2nd day of September, 2020.

By:   /s/_____
Kaitlin Sahni
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice