**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) **CRIMINAL NO.: 1:20-CR-040** |
| | ) |
| **JESSICA JOHANNA OSEGUERA** | ) |
| **GONZALEZ,** | ) |
|     **also known as "Jessica Johanna** | ) |
|     **Castillo" and "La Negra,"** | ) |
| | ) |
|     **Defendant.** | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR NOTICE**
**PURSUANT TO RULE 807**

The United States, through undersigned counsel, respectfully submits this response to

Defendant's Motion for Notice of Government's Intention to Invoke Residual Hearsay Exception

Under Rule 807 ("Motion") [Dkt. No. 60].  Because the government acknowledges, and will

comply with, its obligation to provide "reasonable notice" under Rule 807 if it chooses to rely on

the Residual Hearsay Exception for the admissibility of evidence, the Motion should be denied.

Federal Rule of Evidence 807 (formerly Fed. R. Evid. 803(24), known as the "Residual

Exception") permits the admission of hearsay that is not admissible under Rules 803 or 804,

where "the statement is supported by sufficient guarantees of trustworthiness" and "is more

probative on the point for which it is offered than any other evidence that the proponent can

obtain through reasonable efforts."  Fed. R. Evid. 807.  While courts avoid frequent use of the

Residual Exception, concerned that it could become the exception "to swallow the entirety of the

hearsay rule," *United States v. Lawrence*, 405 F.3d 888, 902 (10th Cir. 2005), courts have

admitted evidence under the rule where the statement has strong circumstantial indicia of

trustworthiness and is probative of a material issue.  *See United States. v. Slatten*, 865 F.3d 767,

806-07 (D.C. Cir. 2017) (internal quotations omitted) (reasoning that the Residual Exception is

1

"extremely narrow and require[s] testimony to be very important and very reliable"); *Tome v. United States*, 513 U.S. 150, 166 (1995) (Residual Exception admits "out-of-court statements that contain strong circumstantial indicia of reliability, that are highly probative on the material questions at trial, and that are better than other evidence otherwise available.").   In particular, courts have used the Residual Exception to admit bank records and documents that are inadmissible under the business records hearsay exception.  *See United States v. Turner*, 718 F.3d 226, 233-35 (3rd Cir. 2013) (finding no abuse of discretion in admitting foreign bank records based on their appearance, internal consistency, contents, the circumstances surrounding the documents' discovery and where there was no claim of inaccuracy); *see also United States v. Wilson*, 249 F.3d 366, 376 (5th Cir. 2001) (foreign bank records), *abrogated on other grounds by Whitfield v. United States*, 543 U.S. 209 (2005); *United States v. Munoz*, 16 F.3d 1116, 1122 (11th Cir. 1994) (bank deposit slips and a check application form); *United States v. Nivica*, 887 F.2d 110, 1127 (1st Cir. 1989) (bank records inadmissible as business records were admissible under the Residual Exception).

Rule 807(b) requires the party offering evidence under the Residual Exception to give an adverse party "reasonable notice of the intent to offer the statement—including its substance and the declarant's name— . . . in writing before the trial or hearing—or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice."  Fed. R. Evid. 807(b). Notice is required to give the adverse party a fair opportunity to challenge the evidence.  *Id.* Courts have held that notice required by Rule 807(b) is reasonable when given within days of trial or even on the day of trial.  *See, e.g.*, *United States v. Cooper*, 91 F. Supp. 2d 79, 81 (D.D.C. 2000) (requiring notice three days before trial); *United States v. Rouco,* 765 F.2d 983 (11th Cir. 1985) (holding that three days before trial was ample notice); *United States v. Calkins,* 906 F.2d

1240, 1245 (8th Cir. 1990) (holding that notice on day of trial was sufficient).  Where the parties acknowledge their obligations to follow Rule 807's notice requirements, the Court may properly deny a pretrial motion requesting such notice.  *See United States v. Edelin*, 128 F. Supp. 2d 23, 48 (D.D.C. 2001).

The government is aware of its obligation to provide "reasonable notice" in writing before trial, or during trial in any form for good cause, of its intent to offer a statement under the Residual Exception.  Fed. R. Evid. 807(b).  The government reserves its right to offer evidence pursuant to Rule 807 and will comply with the rule's "reasonable notice" requirement in the event the government seeks to offer such evidence at trial.

Accordingly, the government respectfully requests that the Court deny the Defendant's Motion for Notice of Government's Intention to Invoke Residual Hearsay Exception Under Rule 807.

Respectfully submitted this 2nd day of September, 2020.

Marlon Cobar, Acting Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By:      /s/
Kaitlin Sahni, Trial Attorney
Kate Naseef, Trial Attorney
Brett Reynolds, Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
Telephone: (202) 514-0917

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing

(ECF) system with the United States District Court for the District of Columbia to counsel of

record for the defendant, this 2nd day of September, 2020.



By:     /s/
                    Kaitlin Sahni
                    Trial Attorney
                    Narcotic and Dangerous Drug Section
                    Criminal Division
                    U.S. Department of Justice