UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CRIMINAL NO.: 1:20-CR-040 |
| ) | |
| JESSICA JOHANNA OSEGUERA ) | |
| GONZALEZ,                ) | |
|    also known as "Jessica Johanna ) | |
|    Castillo" and "La Negra,"  ) | |
| ) | |
| Defendant.                ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE SURPLUSAGE

The United States, through undersigned counsel, respectfully submits this response to Defendant's Motion to Strike Surplusage from the Superseding Indictment (hereafter "Motion" or "Mot.") [Dkt. No. 75]. The language the defendant seeks to strike as surplusage is material to the charges and provides necessary context to assist the jury to understand the charges. Accordingly, the Court should deny the defendant's Motion.

### A. Background

The defendant is charged with five counts of violating the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. §§ 1904, 1906. Dkt. No. 65. In each count of the Superseding Indictment, the defendant is charged with willfully: (1) engaging in transactions or dealings in property of a foreign person, designated as materially assisting in, or providing support for or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion; (2) engaging in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person; and (3) aiding, abetting, and causing others to engage and attempt to engage in transactions and

1

dealings to evade and avoid the prohibition on transactions or dealings in property or interests in property of said foreign person.  *Id.*  The defendant's Motion seeks to strike the following language from each count of the Superseding Indictment: "materially assisting in, or providing support for or to, or providing goods or services in support, of the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion."  *See* Dkt. No. 75 at 3-4.  Striking the foregoing language from the Superseding Indictment would deny the jury the necessary context to understand what the defendant is accused of doing and the illegality of such conduct.[1]

## B. Legal Standard

Federal Rule of Criminal Procedure 7(d) permits a court to strike surplusage from the indictment upon the defendant's motion.  Fed. R. Crim. P. 7(d).  "Insinuations of unalleged facts, irrelevant descriptive recitals, inflammatory language and narrative declarations of past fact" can be considered surplusage and stricken.  *United States v. Hubbard*, 474 F. Supp. 64, 82-83 (D.D.C. 1974); *see also United States v. Watt*, 911 F. Supp. 538, 553-54 (D.D.C. 1995) (holding that "prejudicial or inflammatory allegations that are neither relevant nor material to the charges" should be stricken) (citing *United States v. Terrigno,* 838 F.2d 371, 373 (9th Cir. 1988)).  However, "relevant statements in an indictment should not be stricken, even if [they] may be prejudicial"; rather, statements should only be stricken if they are "both prejudicial and

---

[1] Additionally, and crucially, it is an element of the crimes charged that the property with which a defendant is accused of engaging in a "transaction or dealing" be "property of [a] significant foreign narcotics trafficker," 21 U.S.C. § 1904, so the defendant's request would render the Superseding Indictment legally insufficient.

2

irrelevant." *United States v. Naegele*, 341 B.R. 349, 364 (D.D.C. 2006) (internal citations omitted).

"Motions to strike surplusage from an indictment are highly disfavored in this Circuit." *Watt*, 911 F. Supp. at 554. "The standard under Rule 7(d) has been strictly construed against striking surplusage." *United States v. Jordan,* 626 F.2d 928, 930 n.1 (D.C. Cir. 1980). The defendant "must overcome a most severe burden to move this court to order language from the indictment stricken." *Watt*, 911 F. Supp. at 554.

### C. Argument

The language the defendant moves to strike is relevant, necessary and foundational to Counts One through Five of the Superseding Indictment. Omitting reference to why a foreign person is designated by OFAC would deprive the jury of information helpful to understanding the extent of the defendant's conduct and why it is criminal. *See Watt*, 911 F. Supp. at 554 (denying motion to strike language that "provides the background necessary for a jury to understand the full scope of defendant's activities, and to place defendant's conduct in the appropriate context"). Without the necessary context, the Superseding Indictment would, in effect, allege merely that the defendant willfully engaged in transactions or dealings in property or interests in property of a foreign person, without first obtaining a license from the Office of Foreign Assets Control of the U.S. Department of the Treasury ("OFAC"). But this is not enough to even set forth the elements of the offense. Although the government does not have to prove or defend the *validity* of an underlying OFAC designation, *see generally* Gov't Omnibus Motion, Dkt. No. 63, at 22-23, the *fact* of a designation pursuant to the Kingpin Act is an element that the government has to prove at trial. The Kingpin Act prohibits a "transaction or dealing . . . in property or interests in property of any significant foreign narcotics trafficker"

3

designated by OFAC. 21 U.S.C. § 1904(c)(1). Thus, to strike the language explaining that the designated entities were designated for "materially assisting in, or providing support for or to, or providing goods or services in support, of the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion" would remove a necessary reference to the "significant foreign narcotics trafficker" whose designation is the basis for the offense.

The challenged language is also proper because it helps the jury understand the meaning and significance of the OFAC sanctions the defendant allegedly violated. For example, in *United States v. Salahmand*, the defendant moved to strike from the indictment references to medical licensing requirements and his failure to obtain a license where he was charged with using another person's DEA registration to dispense controlled substances. No. CR 08-192 (CKK), 2009 WL 10680698, at *1 (D.D.C. May 12, 2009). Denying Salahmand's motion, the court reasoned:

> [T]o understand fully that the defendant's actions were criminal, the jury needs to understand what it takes to be a licensed physician and when a licensed physician can prescribe controlled substances. Only then, can the jury appreciate that by holding himself out to be a psychiatrist and signing doctors' names to controlled substance prescriptions, the defendant committed a crime.

*Id.* at *2. Similarly here, the language the defendant seeks to strike is necessary for the jury to understand the charges.[2] Without the context, the average juror would not readily understand

---

[2] Additionally, the government must prove at trial that the defendant "willfully" transacted or dealt with the designated entities, or transacted or dealt with them in a manner that evaded the Kingpin Act's prohibitions. The defendant's understanding of the basis for the designations, and her knowledge of the drug cartel to which the designated entities are tied, would be highly probative of her willfulness. And it is permissible for an indictment to include language "to

4

what it means to be "designated" by OFAC, or why a licensing regime would be involved in a U.S. person's dealings with a foreign business.

Admittedly, the government has identified at least one case in which a judge in this Court struck as surplusage a reference to the *reason*—international terrorism—that the United States had enacted sanctions pursuant to the International Economic Powers Act ("IEEPA").[3] In *United States v. Quinn,* the defendants were accused of violating an embargo by trading with Iran without first obtaining a license. 401 F. Supp. 2d 80 (D.D.C. 2005). The indictment described Iran as "a country whose regime had for years been designated by the United States government as a supporter of international terrorism." *Id.* at 98-99. The Court struck references to terrorism in the indictment while noting that violating an embargo does not necessarily result in material support to terrorists. *Id.* at 99. This matter is different and distinct. Far from offering a gratuitous assertion or description purporting to explain *why* the President, though delegated authority, designated the Cartel de Jalisco Nueva Generacion as a significant foreign narcotics trafficker, the Superseding Indictment merely parrots the language of the statute in identifying the cartel as a "significant foreign narcotics trafficker."

The D.C. Circuit has also affirmed a district court decision denying the defendant's motion to strike surplusage even when the language was prejudicial to the defendant. In *United States v Rezaq*, the defendant was charged with air piracy for hijacking an Air Egypt plane and ordering it to fly to Malta, where Rezaq shot several passengers, killing two. 134 F.3d 1121, 1126 (D.C. Cir. 1998). Rezaq moved to strike from the indictment any reference to the deaths of

---

establish the defendant's state of mind, intent, and motives." *United States v. Trie*, 21 F. Supp. 2d 7, 19 (D.D.C. 1998).

[3] As the government has explained in other filings, the Kingpin Act is expressly modeled on IEEPA. *See* 21 U.S.C. § 1901.

the two passengers and the attempted murder of three other passengers. *Id.* at 1134. The D.C. Circuit affirmed the denial of the motion to strike surplusage, finding that "[t]he district court was well within its discretion in concluding that the prejudicial effect of these references did not outweigh their relevance." *Id.* at 1134. For the reasons explained in more detail *supra*, the references to the Cartel de Jalisco Nueva Generacion are not unduly prejudicial, as they are merely recitations of an element of the offense. However, even if the references to narcotics trafficking or the Cartel de Jalisco Nueva Generacion are prejudicial, such references do not outweigh the relevance of including them in the Superseding Indictment.

/

/

/

/

/

/

/

/

/

/

/

/

/

/

### C. Conclusion

The language the defendant seeks to strike as surplusage is relevant and necessary to the charges and provides necessary context to assist the jury's understanding of the charges. Because such language is necessary to the Superseding Indictment, its inclusion is not unduly prejudicial, and the relevance significantly outweighs any perceived prejudice. For the foregoing reasons, the Court should deny the Defendant's Motion to Strike Surplusage from the Superseding Indictment.

Respectfully submitted this 2nd day of September, 2020.

                Marlon Cobar, Acting Chief
                Narcotic and Dangerous Drug Section
                Criminal Division
                U.S. Department of Justice

By:    /s/
                Kaitlin Sahni, Trial Attorney
                Kate Naseef, Trial Attorney
                Brett Reynolds, Trial Attorney
                Narcotic and Dangerous Drug Section
                Criminal Division
                U.S. Department of Justice
                Washington, D.C. 20530
                Telephone: (202) 514-0917

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the defendant, this 2nd day of September, 2020.

By:   /s/                            
Kaitlin Sahni
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice