**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) **CRIMINAL NO.: 1:20-CR-040** |
| | ) |
| **JESSICA JOHANNA OSEGUERA** | ) |
| **GONZALEZ,** | ) |
|     **also known as "Jessica Johanna** | ) |
|     **Castillo" and "La Negra,"** | ) |
| | ) |
|       **Defendant.** | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION TO DISMISS FOR VAGUENESS**

The United States, through undersigned counsel, respectfully submits this response to

Defendant's Motion to Dismiss the Superseding Indictment for Vagueness ("Motion") (Dkt. No.

74).

The defendant argues that the criminal prohibition of the Foreign Narcotics Kingpin

Designation Act (the "Kingpin Act") is unconstitutionally vague for failing to define the terms

"transaction" and "dealing" where the statute prohibits:

> (1) Any transaction or dealing by a United States person, or within the
> United States, in property or interest in property of any significant foreign
> narcotics trafficker . . . and foreign persons designated by the Secretary of
> the Treasury . . . . [and]
>
> (2) Any transaction or dealing by a United States person, or within the
> United States, that evades or avoids, or has the effect of evading or avoiding,
> and any endeavor, attempt, or conspiracy to violate, any of the prohibitions
> contained in this chapter.

21 U.S.C. § 1904. The defendant also argues that the last clause quoted above, "any of the

prohibitions contained in this chapter," leaves uncertainty as to what conduct is proscribed.

Motion at 3.

1

Apart from general statements of the void-for-vagueness doctrine, the defendant's argument largely rests on a recent line of cases from the Supreme Court that concerned so-called "residual clauses" in a number of contexts. *See id.* at 2 (citing *Johnson v. United States*, -- U.S. ---, 135 S. Ct. 2551, 2557-58 (2015) (residual clause of Armed Career Criminal Act); *United States v. Davis*, -- U.S. ---, 139 S. Ct. 2319, 2324 (2019) (residual clause of definition of violent felony in 18 U.S.C. 924(c)); and *Sessions v. Dimaya*, -- U.S. ---, 138 S. Ct. 1204, 1210 (2018) (residual clause of 18 U.S.C. § 16, as incorporated by definition of "aggravated felony" in Immigration and Naturalization Act).

Unlike the argument that the defendant advances here, however, none of the residual clause cases upon which the defendant relies concerned the purported vagueness of a single word or phrase alone. Instead, they all concerned the combination of an imprecise threshold term (like "serious potential risk" or "substantial risk") with a requirement that district judges evaluate that threshold in the context of an abstract "ordinary case," not the facts of the cases actually before them. It was this combination that proved fatal. *See Dimaya*, 138 S. Ct. at 1214 ("Many perfectly constitutional statutes use imprecise terms like 'serious potential risk' (as in ACCA's residual clause) or 'substantial risk' (as in [18 U.S.C.] § 16's). The problem came from layering such a standard on top of the requisite 'ordinary case' inquiry."). As the Supreme Court explained in *Johnson*, "we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct; 'the law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree.'" *Johnson*, 576 U.S. at 603-04 (quoting *Nash v. United States,* 229 U.S. 373, 377 (1913)). The problem with the residual clauses was that they required trial courts to apply those qualitative standards to "an idealized ordinary case of the crime," making the exercise an "abstract inquiry

2

offer[ing] significantly less predictability than one '[t]hat deals with the actual, not with an

imaginary condition other than the facts.'"  *Id.* at 604 (quoting *Int'l Harvester Co. of Am. v.

Kentucky,* 234 U.S. 216, 223 (1914)).

Here, the words that the defendant asserts are unconstitutionally vague are neither an

indeterminate "qualitative standard" (although, as the *Johnson* and *Dimaya* opinions made clear,

such a term on its own is not unconstitutionally vague), nor are they combined with an imprecise,

abstract inquiry that invites a judge or prosecutor to "definin[e] criminal behavior" left vague by

Congress.  *Davis*, 139 S. Ct. at 2323.  Rather, "transaction" and "dealing" have common, easily

understood meanings that do not leave the statute unconstitutionally vague.

As the D.C. Circuit has explained, a law is only unconstitutionally vague if it "fails to

give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites

arbitrary enforcement."  *United States v. Bronstein*, 849 F.3d 1101, 1106 (D.C. Cir. 2017) (citing

*Johnson*, 135 S. Ct. at 2556) (internal quotation marks omitted).  In the same opinion, the circuit

court also cautioned that the applicable law related to constitutional vagueness "consistently

favor[s] that interpretation of legislation which supports its constitutionality."  *Id.* (citing *Screws

v. United States*, 325 U.S. 91, 98 (1945)).  In explaining what constituted "fair notice," the circuit

court went on to explain:

> To provide "fair notice," "[g]enerally, a legislature need do nothing more
> than enact and publish the law, and afford the citizenry a reasonable
> opportunity to familiarize itself with its terms and to comply." *Texaco, Inc.
> v. Short*, 454 U.S. 516, 532, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982). "Even
> trained lawyers may find it necessary to consult legal dictionaries, treatises,
> and judicial opinions before they may say with any certainty what some
> statutes may compel or forbid. All the Due Process Clause requires is that
> the law give sufficient warning that men may conduct themselves so as to
> avoid that which is forbidden." *Rose v. Locke*, 423 U.S. 48, 50, 96 S.Ct.
> 243, 46 L.Ed.2d 185 (1975).

*Bronstein*, 849 F.3d at 1107.

3

A statutory term is not rendered unconstitutionally vague merely because it "'do[es] not mean the same thing to all people, all the time, everywhere.'" *Id.* (quoting *Roth v. United States*, 354 U.S. 476, 491 (1957)).  Nor is a statute vague even where it "'requires a person to conform his conduct to an imprecise but comprehensible normative standard,' whose satisfaction may vary depending upon whom you ask." *Id.* (quoting *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971)).  "Rather, a statute is unconstitutionally vague if, applying the rules for interpreting legal texts, its meaning 'specifie[s]' 'no standard of conduct . . . at all.'" *Id.* (quoting *Coates*, 402 U.S. at 614) (alterations in original).  Thus, the D.C. Circuit instructs courts to ensure that words in criminal statutes "receive their 'plain, obvious and common sense' meaning, 'unless context furnishes some ground to control, qualify, or enlarge it.'" *Id.* (quoting Joseph Story, Commentaries on the Constitution of the United States 157-58 (1833)).

Although dictionary definitions are not the only point of reference, nor are they necessarily dispositive,[1] they demonstrate here the common sense, plain meanings of the terms "transaction" and "dealing."  Transaction is commonly defined as "something transacted, especially an exchange or transfer of goods, services, or funds," and the verb "transact," in turn, is defined as "to carry to completion," or "to carry on the operation or management of." *See Merriam-Webster.com Dictionary*, "transaction," https://www.merriam-webster.com/dictionary/transaction (accessed August 28, 2020); *id.* "transact," https://www.merriam-webster.com/dictionary/transact (accessed August 28, 2020).  And the relevant definition of "dealing" is a "method of business." *See id.* "dealing," https://www.merriam-webster.com/dictionary/dealing (accessed August 28, 2020).  These are not

---

[1] *See, e.g., Bronstein*, 849 F.3d at 1108 ("[W]e are interpreting a statute, not restating a dictionary.").

terms of art, arcane meanings, or such unusual words that they require further explanation to be understood.  Because Congress did not see fit to further define them, this Court should assume that Congress intended their "plain, obvious, and common sense" meanings, which are not vague or indecipherable.

Additionally, the government notes that a particular state of mind is an element of the crime charged here.  The government must prove the defendant's "willful" violation of the statute.  As another judge on this Court has previously explained, in the context of the International Economic Emergency Powers Act, on which the Kingpin Act is based, that where state of mind is at issue, "concerns about defendants being convicted under a law that they could not have reasonably understood are alleviated."  *United States v. Quinn*, 401 F. Supp. 2d 80, 101 (D.D.C. 2005) (citing *Screws,* 325 U.S. at 102 ("The requirement that the act must be willful or purposeful may not render certain, for all purposes, a statutory definition of the crime which is in some respects uncertain. But it does relieve the statute of the objection that it punishes without warning an offense of which the accused was unaware.")).

Finally, the defendant's contention that the statute's reference to "any of the prohibitions contained in this chapter" is unconstitutionally vague, Motion at 3, has no merit.  The chapter under which 21 U.S.C. § 1904 falls is Chapter 24 of Title 21 of the United States Code, 21 U.S.C. §§ 1901-1908.  The reference to the chapter puts any reader on notice of precisely the code sections that contain the referenced prohibitions and is not vague.

**CONCLUSION**

For the foregoing reasons, the defendant's motion to dismiss the indictment as

unconstitutionally vague should be denied.


Respectfully submitted this 2nd day of September, 2020.


                           Marlon Cobar, Acting Chief
                           Narcotic and Dangerous Drug Section
                           Criminal Division
                           U.S. Department of Justice


By:       /s/
                           Kaitlin Sahni, Trial Attorney
                           Kate Naseef, Trial Attorney
                           Brett Reynolds, Trial Attorney
                           Narcotic and Dangerous Drug Section
                           Criminal Division
                           U.S. Department of Justice
                           Washington, D.C. 20530
                           Telephone: (202) 514-0917

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing

(ECF) system with the United States District Court for the District of Columbia to counsel of

record for the defendant, this 2nd day of September, 2020.

By:   /s/
Kaitlin Sahni
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice