**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.    )<br>)<br>JESSICA JOHANNA OSEGUERA )<br>GONZALEZ, )<br>    also known as "Jessica Johanna )<br>    Castillo" and "La Negra," )<br>)<br>    Defendant. ) | CRIMINAL NO.: 1:20-CR-040 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION**
**FOR LEAVE TO FILE ADDITIONAL PRETRIAL MOTIONS**

The United States, through undersigned counsel, respectfully submits this response to Defendant Jessica Johanna Oseguera Gonzalez's Motion for Leave to File Additional Pretrial Motions ("Motion" or "Mot.") [Dkt. No. 73]. The Court should grant in part and deny in part the Motion, denying a blanket finding of "good cause" for untimely defense motions and granting leave to file only those additional pretrial motions for which the defendant can establish a particular "good cause" delay due to restrictions related to the COVID-19 (coronavirus) pandemic.

**I.     BACKGROUND**

Following the grand jury's return of the Superseding Indictment [Dkt. No. 65] on July 16, 2020, the Court set a deadline of July 31, 2020 for the defendant to file any pretrial motions. Minute Order, July 22, 2020. The defendant's Motion seeks leave to file additional pretrial motions after this deadline pursuant to Federal Rule of Criminal Procedure 12(c)(3). The defendant submits that the District of Columbia Department of Corrections ("DOC"), which operates the facility where the defendant is detained, has limited in-person legal visits in an effort to control the spread of COVID-19. Mot. at 1. Consequently, most of the defendant's attorney-

1

client communications have occurred via WebEx videoconference. *Id.* On July 31, 2020, the defendant filed 12 substantive pre-trial motions. *See* Dkt. Nos. 66-77.

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3) requires the parties to file certain pretrial motions "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). "The court may . . . set a deadline for the parties to make pretrial motions . . . ." Fed. R. Crim. P. 12(c)(1). Rule 12(c)(3) states that a pretrial motion filed after the deadline is untimely, "[b]ut a court may consider the defense, objection, or request if the party shows good cause." Fed R. Crim. P. 12(c)(3).

One purpose of Rule 12 is to "sharply restrict[] the defense tactic of 'sandbagging.'" *United States v. Oldfield*, 859 F.2d 392, 397 (6th Cir. 1988) (citation omitted); *see also United States v. Ramirez*, 324 F.3d 1225, 1228 (11th Cir. 2003) (holding that defense tactic of "sandbagging" is not good cause for failure to file motion to dismiss). Accordingly, "[n]o good cause exists if 'the defendant had all the information necessary to bring a Rule 12(b) motion before the date set for pretrial motions, but failed to file it by that date.'" *United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013) (quoting *United States v. Seher*, 562 F.3d 1344, 1359 n.15 (11th Cir. 2009)); *see also United States v. Lorenzana-Cordon*, No. 03-CR-331-13 (CKK), 2017 WL 11493918, at *10 (D.D.C. June 2, 2017), *aff'd*, 949 F.3d 1 (D.C. Cir. 2020) (finding no good cause for untimely filing of motion to dismiss because defendant had information needed to file motion before deadline).

## III.    ARGUMENT

Granting leave to file only those additional pretrial motions for which the defendant can show specific "good cause" due to COVID-19-related restrictions would prevent the

2

sandbagging tactic that Rule 12 was designed to restrict, while at the same time accounting for the unique challenges of attorney-client communication caused by the COVID-19 pandemic.

Ordinarily, an attorney's failure to timely consult with his or her client is insufficient to establish "good cause" under Rule 12(c)(3).  *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003), *abrogated on other grounds by Class v. United States*, ⸺ U.S. ⸺, 138 S. Ct. 798 (2018).  However, the government acknowledges that defense counsel has faced certain limitations consulting with their client prior to the deadline for filing pretrial motions due to DOC procedures designed to prevent the spread of COVID-19.  To the extent that DOC procedures related to the COVID-19 pandemic have prevented the defendant from filing certain Rule 12(b)(3) pretrial motions, the government does not oppose the defendant's request for leave to file additional motions within a reasonable time after the July 31st deadline.

At the same time, a blanket finding of "good cause" for additional pretrial motions may invite defense counsel's improper use of the current public health crisis to sandbag the government with untimely motions as a trial tactic.  The government notes that the defendant filed 12 separate motions on the previously set deadline, that, as of the date of this response, more than a month has passed since the deadline, and that defense counsel now appears to have access to their client through WebEx videoconference.  For these reasons, the government does not expect much additional delay in filing pretrial motions on account of the COVID-19 pandemic.  Accordingly, the government encourages the Court to require the defendant to explain with specificity in any future motion why that particular motion was delayed on account of the DOC restrictions occasioned by the pandemic.  Evaluating "good cause" on a case-by-case basis will help maintain the orderly administration of the proceedings while also accounting for the challenges of preparing for trial during the COVID-19 pandemic.

## IV.     CONCLUSION

For the foregoing reasons, the government respectfully requests that the Motion for Leave to File Additional Pretrial Motions be granted in part and denied in part, granting leave to file only those additional pretrial motions for which the defendant can establish "good cause" related to limitations on legal visits necessitated by the COVID-19 pandemic.

Respectfully submitted this 2nd day of September, 2020.

>
> Marlon Cobar, Acting Chief
> Narcotic and Dangerous Drug Section
> Criminal Division
> U.S. Department of Justice
>
> By:     /s/
> Kaitlin Sahni, Trial Attorney
> Kate Naseef, Trial Attorney
> Brett Reynolds, Trial Attorney
> Narcotic and Dangerous Drug Section
> Criminal Division
> U.S. Department of Justice
> Washington, D.C. 20530
> Telephone: (202) 514-0917

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the Defendant, this 2nd day of September, 2020.

By:    /s/
Kaitlin Sahni
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice