**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| **v.** ) | |
| ) | **Criminal No. 20-cr-00040 (BAH)** |
| JESSICA JOHANNA OSEGUERA ) | |
| GONZALEZ, ) | |
| ) | |
| **Defendant.** ) | |
| ————————————————— ) | |

**DEFENDANT JESSICA JOHANNA OSEGUERA GONZALEZ'S
SECOND MOTION TO COMPEL PRODUCTION OF EVIDENCE AND WITNESSES
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Jessica Johanna Oseguera Gonzalez, by and through undersigned counsel, respectfully moves the Court for an Order compelling the Government to produce documents from the Office of Foreign Assets Control ("OFAC") in the U.S. Department of Treasury.[1]

## I.        BACKGROUND

On February 13, 2020, a Grand Jury handed up a sealed Indictment in the United States District Court for the District of Columbia, case number 20-cr-00040, charging Ms. Gonzalez with five counts of Engaging in Transactions or Dealings in Properties of a Designated Foreign Person, in violation of 21 U.S.C. §§ 1904 and 1906 (hereinafter "Kingpin Act").  *See* ECF 1.  On July 16, 2020, a Grand Jury handed up a Superseding Indictment ("SI") in this matter, adding various factual allegations and violations of 18 U.S.C. § 2 to the five counts against Ms. Gonzalez in the original Indictment.  *See* ECF 65.

Count One of the SI alleges:

---

[1] Pursuant to LCrR 16.1 of the Local Rules of the United States District Court for the District of Columbia, undersigned counsel certifies certify that he has made a good faith attempt to secure the relief requested in this motion from the government on a voluntary basis and the government has not complied with the request.

Beginning on or about September 17, 2015, and continuing to the present day, in the District of Columbia, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, engaged in transactions or dealings in property or interests in property of a foreign person, J&P Advertising, S.A. de C.V. (also known as J and P Advertising, S.A. de C.V.), designated as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(6)(2), 1904(6)(3), and did not first obtain the required license from the Office of Foreign Asset Control ("OFAC"); and (2) engaged in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person; and aided, abetted, and caused others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(l), 1904(c)(2) and 1906(a) (1), and Title 18, United States Code, Section 2. The Defendant is an officer, director, and/or agent of J&P Advertising, S.A. de C.V. (also known as J and P Advertising, S.A. de C.V.), who knowingly participated in the violation alleged in this Count, in violation of Title 21, United States Code, Section 1906(a)(2).

Count Two of the SI alleges:

Beginning on or about September 17, 2015, and continuing to February 11, 2016, in the District of Columbia, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, willfully (1) engaged in transactions or dealings in property or interests in property of a foreign person, JJGON S.P.R de R.L. de C.V., designated as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(6)(2), 1904(6)(3), and did not first obtain the required license from the Office of Foreign Asset Control ("OFAC"); and (2) engaged in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person; and aided, abetted, and caused others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(1), 1904(c)(2) and 1906(a) (1), and Title 18, United States Code, Section 2. The Defendant is an officer, director, and/or agent of JJGON S.P.R. de R.L. de C.V., who knowingly participated in the violation alleged in this Count, in violation of Title 21, United States Code, Section 1906(a)(2).

Count Three of the SI alleges:

Beginning on or about September 17, 2015, and continuing to the present date, in the District of Columbia, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, willfully (1) engaged in transactions or dealings in property or interests in property of a foreign person, Las Flores Cabanas (also known as Cabanas Las Flores), designated as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(b)(2), 1904(b)(3), and did not first obtain the required license from the Office of Foreign Asset Control ("OFAC"); and (2) engaged in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person; and aided, abetted, and caused others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(l), 1904(c)(2) and 1906(a)(1), and Title 18, United States Code, Section 2. The Defendant is an officer, director, and/or agent of Las Flores Cabanas (also known as Cabanas Las Flores), who knowingly participated in the violation alleged in this Count, in violation of Title 21, United States Code, Section 1906(a)(2).

Count Four of the SI alleges:

Beginning on or about September 17, 2015, and continuing to the present date, in the District of Columbia, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, willfully (1) engaged in transactions or dealings in property or interests in property of a foreign person, Mizu Sushi Lounge and Operadora Los Famosos, S.A. de C.V. (also known as Kenzo Sushi and Operadora Los Famosos, S.A.P.I. de C.V.), designated as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(b)(2), 1904(b)(3), and did not first obtain the required license from the Office of Foreign Asset Control ("OFAC"); and (2) engaged in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person; and aided, abetted, and caused others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(l), 1904(c)(2) and

1906(a)(1), and Title 18, United States Code, Section 2. The Defendant is an officer, director, and/or agent of Mizu Sushi Lounge and Operadora Los Famosos, S.A. de C.V. (also known as Kenzo Sushi and Operadora Los Famosos, S.A.P.I. de C.V.), who knowingly participated in the violation alleged in this Count, in violation of Title 21, United States Code, Section 1906(a)(2).

Count Five of the SI alleges:

Beginning on or about September 17, 2015, and continuing to the present date, in the District of Columbia, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, willfully (1) engaged in transactions or dealings in property or interests in property of a foreign person, Onze Black (also known as Tequila Onze Black), designated as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(b)(2), 1904(b)(3), and did not first obtain the required license from the Office of Foreign Asset Control ("OFAC"); and (2) engaged in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(1), 1904(c)(2) and 1906(a) (1), and Title 18, United States Code, Section 2. The Defendant is an officer, director, and/or agent of Onze Black (also known as Tequila Onze Black), who knowingly participated in the violation alleged in this Count, in violation of Title 21, United States Code, Section 1906(a)(2).

On February 26, 2020, Ms. Gonzalez was arrested, arraigned, and entered a plea of not guilty as to all counts and asserted her right to a Speedy Trial.  On July 21, 2020, Ms. Gonzalez was arraigned via video on the charges contained in the SI.  Ms. Gonzalez entered a plea of not guilty as to all counts, and she has maintained her right to a Speedy Trial.

## II.   <u>LEGAL STANDARD</u>

Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure directs the government to disclose any item that is "within the government's possession, custody, or control, and . . . "material to preparing the defense . . . ."  Rule 16 was "designed to provide a criminal defendant, in the interests of fairness, the widest possible opportunity to inspect and receive such materials in the possession of the government as may aid [her] in presenting [her] side of the case." *United*

*States v. Daum*, 847 F. Supp. 2d 18, 20 (D.D.C. 2012) (quoting *United States v. Poindexter*, 727 F. Supp. 1470, 1473 (D.D.C.1989)).

Rule 16 requires production of information "within the government's possession, custody, or control." Fed. R. Crim. P. 16(a)(l)(B)(i), (a)(l)(E).   In other words, "the Justice Department must turn over everything in its possession *or* custody *or* control, regardless of the original source of the document or other object, so long as it is 'material' under the Rule [16]." *United States v. Safavian*, 233 F.R.D. 12, 15 (D.D.C. 2005) (emphasis in the original) (also holding, with respect to statements under Rule 16(a)(1)(B)(i), that "the Justice Department must turn over any written or recorded statements in its possession *or* custody *or* control regardless of the origin of the statements, so long as the government knows or through due diligence could know of their existence."). "'[T]he government' includes any and all agencies and departments of the Executive Branch of the government and their subdivisions, not just the Justice Department, the FBI, . . . and other law enforcement agencies." *Id.* at 14 (internal citations omitted). "[W]hen determining whether the government has possession, custody and control of documents, the District of Columbia Circuit has found, albeit in the *Brady* context, that documents maintained by other components of the government which are 'closely aligned with the prosecution' must be produced." *United States v. Libby (Libby I)*, 429 F. Supp. 2d 1, 6 (D.D.C. 2006) (quoting *United States v. Brooks*, 966 F.2d 150, 1503 (D.C. Cir. 1992)); *see also Justice Manual,* at § 9-5.002 ("Prosecutors are encouraged to err on the side of inclusiveness when identifying the members of the prosecution team for discovery purposes.   Carefully considered efforts to locate discoverable information are more likely to avoid future litigation over *Brady* and *Giglio* issues and avoid surprises at trial.").

Demonstrating "materiality" is "not a heavy burden." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (internal citations omitted).   "[T]he Court has no way to know what

the rest of the record will show; nor does the government since at best, it can only speculate as to the trial record." *United States v. Moore*, 867 F. Supp. 2d 150, 151 (D.D.C. 2012).  Evidence is "material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Lloyd*, 992 F.2d at 351 (internal citation omitted); *see also Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999) ("Inadmissible evidence may be material if the evidence would have led to admissible evidence.").  Defendants are entitled to evidence that is helpful to their trial presentations or discovery and investigative efforts, *United States v. Stein*, 488 F. Supp. 2d 350, 356-57 (S.D.N.Y. 2007), including evidence that may even cause them "to completely abandon a planned defense and take an entirely different path," *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (internal citations omitted).

If a document in the government's possession bears on an element of a charged offense, it is well settled that the government must produce it.  *See United States v. Libby (Libby II)*, 432 F. Supp. 2d 81, 84 (D.D.C. 2006).  The government's obligations under Rule 16 include inculpatory evidence as well as exculpatory evidence.  "Inculpatory evidence, after all, is just as likely to assist in 'the preparation of the defendant's defense' as exculpatory evidence." *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998) (internal citation omitted).  Indeed, "it is just as important to the preparation of a defense to know its potential pitfalls as it is to know its strengths." *Id*.

The government must also produce evidence that is exculpatory, impeaching, or otherwise favorable to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).  A "'reasonable probability' of a different result" that "undermines confidence" in a verdict means only that the government's failure to disclose any information deprived the defendant of a fair trial; defendants are not required to show the outcome would have been different had they been

armed with the undisclosed evidence.  *Kyles v. Whitley*, 514 U.S. 419, 434-35 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 678 (1985)).

The government's disclosure obligation under *Brady* and its progeny extends beyond the Department of Justice.  As stated above, the prosecution must produce favorable documents and information in its possession, custody, or control or in the possession, custody, or control of any agency "closely aligned with the prosecution." *Safavian*, 233 F.R.D. at 17 (quoting *Brooks*, 966 F.2d at 1503).  The government cannot "claim[] lack of control over the files or procedures of other executive branch agencies." *United States v. Jennings*, 960 F.2d 1488, 1490 (9th Cir. 1992) (internal citations omitted).  Indeed, "[t]he prosecution has an affirmative obligation to learn of potentially favorable evidence and provide it to the defense." *United States v. Bundy*, 968 F.3d 1019, 1038 (9th Cir. 2020). *See also United States v. Mahaffy*, 693 F.3d 113, 131 (2d Cir. 2012) (finding *Brady* violation in a securities fraud case and reversing where suppressed "testimony could have led the defendants to interview and possibly subpoena" individuals who could have identified other individuals who were unaware of whether the information the defendants allegedly fraudulently disclosed was, in fact, confidential).

*Brady* applies not only to evidence that would be favorable to the defense at trial but also to evidence that would be favorable at sentencing, should there be one. *Id*. at 87.[2]  The government's discovery obligations extend to any item that might impeach or otherwise show weakness in the government's evidence. *Giglio v. United States*, 405 U.S. 150, 153–55 (1972). Evidence that "mak[es] the government's case less credible" in any way is discoverable because,

_____

[2] If the Court ever were to sentence Ms. Gonzalez it will be required to fashion a sentence that takes into account "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Even if the government does not affirmatively ask the Court to take into account the purported conduct underlying the OFAC designations, the designations are already before the Court due to the very nature of the charges.

by virtue of that fact alone, "it enhances the defendant's chances of acquittal." *In re Sealed Case No. 99-3096*, 185 F.3d 887, 893 (D.C. Cir. 1999).   Once it has identified evidence that is favorable to the accused, the government has no discretion under *Brady* regarding whether to produce it; favorable evidence "must be disclosed without regard to whether the failure to disclose it likely would affect the outcome of the upcoming trial." *Safavian*, 233 F.R.D. at 16.[3]

## III.   **ARGUMENT**

The OFAC documents identified in Ms. Gonzalez's requests below are material to the preparation of Ms. Gonzalez's defense, and they likely contain potentially exculpatory material. Therefore, under these standards, the government must produce documents within the possession, custody, or control of OFAC, under Rule 16 and *Brady*.

By letter dated May 8, 2020, Ms. Gonzalez propounded, among others, the following discovery requests:

- All documents identifying all business entities and persons who have been sanctioned for providing material support to the narcotics trafficking activities of the CJNG, Los Cuinis, Nemesio Oseguera-Cervantes or Abigail Gonzalez-Valencia.[4]

- Produce all documents, including but not limited to the OFAC administrative record, used to support the designation of J&P Advertising, S.A. de C.V. (also known as J and P Advertising, S.A. de C.V.) for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion.

- Produce all documents, including but not limited to the OFAC administrative record, used to support the designation of JJGON S.P.R de R.L. de C.V. for materially assisting in, or providing support for or to, or providing goods

---

[3] The fact that information is classified has no bearing on whether it is discoverable under Rule 16(a) or *Brady*.  *See United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006).

[4] Any information suggesting that the foreign persons identified in the SI have been arbitrarily designated by OFAC is material to the preparation of the Ms. Gonzalez's defense.

or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion.

- Produce all documents, including but not limited to the OFAC administrative record, used to support the designation of Las Flores Cabanas (also known as Cabanas Las Flores) for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion.

- Produce all documents, including but not limited to the OFAC administrative record, used to support the designation of Mizu Sushi Lounge and Operadora Los Famosos, S.A. de C.V. (also known as Kenzo Sushi and Operadora Los Famosos, S.A.P.I. de C.V.) for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion.

- Produce all documents, including but not limited to the OFAC administrative record, used to support the designation of Onze Black (also known as Tequila Onze Black) for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion.

- Any and all documents or information tending to show that Ms. Gonzalez did not have actual notice that J&P Advertising, S.A. de C.V. (also known as J and P Advertising, S.A. de C.V.) was designated for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion.

- Any and all documents or information tending to show that Ms. Gonzalez did not have actual notice that JJGON S.P.R de R.L. de C.V. was designated for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion.

- Any and all documents or information tending to show that Ms. Gonzalez did not have actual notice that Las Flores Cabanas (also known as Cabanas Las Flores) was designated for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion.

- Any and all documents or information tending to show that Ms. Gonzalez did not have actual notice that Mizu Sushi Lounge and Operadora Los Famosos, S.A. de C.V. (also known as Kenzo Sushi and Operadora Los Famosos, S.A.P.I. de C.V.) was designated for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion.

- Any and all documents or information tending to show that Ms. Gonzalez did not have actual notice that Onze Black (also known as Tequila Onze Black) was designated for materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the narcotics trafficking organization known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion.

- Any and all documents or information indicating that Ms. Gonzalez changed the names of the businesses referenced in Counts One through Five of the Indictment in order to obstruct the government's investigation.

- Any and all documents or information negating or tending to cast doubt on the allegation that Ms. Gonzalez changed the names of the businesses referenced in Counts One through Five of the Indictment in order to obstruct the government's investigation.

*See* Exhibit 1 (May 8, 2020, Gonzalez Letter to the Department of Justice), at 2-5.

By letter, dated June 5, 2020, the government responded as follows.

Various of your requests seek documents and information used to support the designations of your client's businesses by the Department of the Treasury's Office of Foreign Assets Control ("OFAC") (*e.g.* Request Nos. 10-14). The Blocking Notice provided to your client by OFAC (Bates No. 00000001-00000002) provides information on the administrative process for challenging OFAC designations and submitting requests for licenses to engage in transactions with designated persons or blocked parties. Those procedures are the proper forum for challenging an OFAC designation. This criminal case, by contrast, charges your client with criminal violation of the Kingpin Act for engaging in transactions or dealings in property with designated entities. The *fact* of the

OFAC designation is an element of the crime, but the process by which the designation is made is not at issue in this forum. Therefore, your request for "all documents" supporting the underlying OFAC designations seeks information not necessarily discoverable under Rule 16(a)(1).

The government has, however, provided you with various documents from OFAC that are otherwise discoverable pursuant to Rule 16(a)(1) (for instance, documents that the government intends to use in its case-in-chief at trial, or which may be material to the preparation of a defense). The government will continue to produce such documents to you to the extent that they have not already been produced.

*See* Exhibit 2 (June 5, 2020, Department of Justice Letter to Gonzalez), at 2-3 (emphasis in original).

Under Rule 16, the "court must first start with the indictment when determining what is material, as the indictment delineates the evidence to which the defendant's case must respond." *Libby I*, 429 F. Supp. 2d at 7.  The SI alleges that Ms. Gonzalez "engaged in transactions or dealings in property or interests in property of [] foreign persons" –  J&P Advertising, S.A. de C.V. (also known as J and P Advertising, S.A. de C.V.) *see* SI, at Count 1; JJGON S.P.R de R.L. de C.V., *see* SI, at Count 2; Las Flores Cabanas (also known as Cabanas Las Flores), *see* SI, at Count 3; Mizu Sushi Lounge and Operadora Los Famosos, S.A. de C.V. (also known as Kenzo Sushi and Operadora Los Famosos, S.A.P.I. de C.V.), *see* SI, at Count 4; and Onze Black (also known as Tequila Onze Black), *see* SI, at Count 5 – which were all "designated as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion . . . and engaged in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person[s]."  *See generally* SI.  The government cannot discharge its discovery obligations by referring Ms.

Gonzalez to "the administrative process for challenging OFAC designations and submitting requests for licenses to engage in transactions with designated persons or blocked parties."  *See* Exhibit 2.  Nor can the government simply say that it has produced documents from OFAC "which may be material to the preparation of the defense."  *Id.*  "[T]he Court has no way to know what the rest of the record will show; nor does the government since at best, it can only speculate as to the trial record."  *Moore*, 867 F. Supp. 2d at 151.  The OFAC designations provide the basis for all five charges in the SI against Ms. Gonzalez.  Accordingly, the government cannot skirt its discovery obligations by simply stating that the OFAC documents are not material to the preparation of the defense.

In response to Ms. Gonzalez's other discovery requests seeking information in the government's possession tending to show that she did not have actual notice that the entities identified in the SI were designated by OFAC, the government stated:  "'actual notice' is not an element of the offense charged, so a lack of 'actual notice' would not tend to be exculpatory. Nevertheless, the government will provide such evidence to you if it exists."  *See* Exhibit 2, at 4, n.1.  First, the government cannot fairly claim that it can prove *mens rea*, without proving that Ms. Gonzalez had actual notice of the OFAC designations.  Second, given the evidence described by the government in its filings and before this Court to date, it is difficult to imagine that there is no evidence that tends to show that Ms. Gonzalez did not have actual knowledge of the OFAC designations.

With respect to the charges in this case, the government proffers that it "intends to prove that the Defendant owns and operates five businesses, which have been designated by OFAC, and she failed to separate herself from the businesses post-designation *despite notification*, in violation of the Kingpin Act."  *See* ECF 12, at 2 (emphasis added).  This evidence consists of a blocking notice that does *not* identify the entities listed in the SI and, therefore, cannot be

considered as any sort of notice.  *See* ECF 18, at Defendant's Exhibit 1.  Indeed, this blocking notice was created, according to the government, in April 2015, approximately *five months before* the companies identified in the SI were designated by OFAC.  *Id.*  The government has also referenced a web page from the U.S. Department of Treasury (*see* ECF 18, at Defendant's Exhibit 2), a press release from the U.S. Department of Treasury (*see* ECF 18, at Defendant's Exhibit 3), and a publication in the *Federal Register* (*see* ECF 18, at Defendant's Exhibit 4).  No evidence was presented by the government to show that Ms. Gonzalez read the U.S. Department of Treasury press release, read the notice in the *Federal Register*, or accessed the U.S. Department of Treasury's website.  *See* Mar. 3, 2020 Hr'g Tr., at 24-26.

It is also difficult to believe that the government has no evidence that tends to cast doubt on the allegation that Ms. Gonzalez changed the names of the businesses referenced in Counts One through Five of the SI in order to obstruct the government's investigation.  The government has produced over 50,000 pages of discovery.  There is no evidence in the materials provided that indicates that Ms. Gonzalez engaged in obstructive conduct.

By letter dated August 24, 2020, the government made the following *Brady* disclosure:

A confidential informant, who the Government intends to call as a witness at trial, said that Mizu Sushi was not doing well because of its location. The confidential informant said that the defendant closed down Mizu Sushi, liquidated the business, and opened Kenzo Sushi at a different location.

*See* Exhibit 3 (August 24, 2020, Department of Justice Letter to Gonzalez).[5]  Given the lack of affirmative proof, coupled with this vague *Brady* disclosure, leads to the conclusion that there is surely additional evidence that tends to exculpate Ms. Gonzalez.

---

[5] By letter dated September 25, 2020, the government informed undersigned counsel that it no longer intends to call this individual as a witness at trial, as the individual resides abroad and has indicated he will not voluntarily appear to testify.

The government cannot escape its discovery obligations by stating that the relevant documents are currently with OFAC.  As stated above, under *Brady*, the government is required to search for and produce any information in other agencies' possession that may be exculpatory. *Brooks*, 966 F.2d at 1502.  Indeed, "a prosecutor's office cannot get around *Brady* by keeping itself in ignorance, or compartmentalizing information about different aspects of a case."  *Id.* (internal citations omitted); *see also Libby I*, 429 F. Supp. 2d at 11 (holding that documents from the Office of the Vice President and CIA were within the "possession, custody, or control" of the prosecution when those agencies "contributed significantly to the investigation, and without their contribution it is unlikely that the indictment in this case would ever have been secured").

Lastly, Ms. Gonzalez is entitled, under Federal Rule of Criminal Procedure 12, to file motions raising "any defense, objection, or request that the court can determine without a trial on the merits."  *See* Fed. R. Crim. P. 12(b)(1).  Ms. Gonzalez has a right to information needed to evaluate and, if appropriate, advance such motions, and to obtain the information necessary to the preparation of her defense.[6]  The information sought by Ms. Gonzalez through this motion also bears directly on the motions to dismiss that she has filed with the Court.  *See* ECF 66, 67, 68, 74, and 76.  Indeed, the Court must have the information necessary "to enable [it] to decide whether the facts alleged are sufficient in law to withstand a motion to dismiss the indictment." *Russell v. United States*, 369 U.S. 749, 768 n.15 (1962).  Although *Russell*'s holding addressed missing allegations and offense elements in the defendant's indictment, the Court must also have

---

[6] On July 31, 2020, Ms. Gonzalez filed a Motion for Leave to File Additional Pretrial Motions. *See* ECF 73.  Due to the COVID-19 pandemic, Ms. Gonzalez continues to have limited access to undersigned counsel to review the ongoing discovery provided by the government.  Also, as set forth above, portions of the correspondence from the government relied upon by Ms. Gonzalez in this motion did not occur until after the July 31, 2020 pretrial motions deadline.  Pursuant to Fed. R. Crim. P. 12(c)(3), therefore, Ms. Gonzalez respectfully submits that good cause exists for the Court to consider the relief sought by Ms. Gonzalez through this motion.

a full understanding of any missing discovery in determining whether an indictment must be dismissed.  For this reason as well, Ms. Gonzalez is entitled to the OFAC documents.

**IV.**     **CONCLUSION**

Wherefore, for the foregoing reasons, and any reasons that appear to the Court, Ms. Gonzalez respectfully requests the Court enter an Order compelling the Government to disclose the above-requested information pursuant to its obligations under Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963).

Respectfully submitted,


/s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-3346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 29th day of September 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.


/s/ Steven J. McCool
STEVEN J. McCOOL