IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)   Criminal No. 20-cr-00040 (BAH)<br>JESSICA JOHANNA OSEGUERA )<br>GONZALEZ,   )<br>)<br>Defendant.   )<br>) | |

**DEFENDANT JESSICA JOHANNA OSEGUERA GONZALEZ'S
FOURTH MOTION TO COMPEL PRODUCTION OF EVIDENCE AND WITNESSES
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Jessica Johanna Oseguera Gonzalez, by and through undersigned counsel, respectfully moves the Court for an Order compelling the Government to produce information under Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963).[1]

I.   **BACKGROUND**

On February 13, 2020, a Grand Jury handed up a sealed Indictment in the United States District Court for the District of Columbia, case number 20-cr-00040, charging Ms. Gonzalez with five counts of Engaging in Transactions or Dealings in Properties of a Designated Foreign Person, in violation of 21 U.S.C. §§ 1904 and 1906 (hereinafter "Kingpin Act"). *See* ECF 1. On July 16, 2020, a Grand Jury handed up a Superseding Indictment ("SI") in this matter, adding

---

[1] Pursuant to LCrR 16.1 of the Local Rules of the United States District Court for the District of Columbia, undersigned counsel certifies certify that he has made a good faith attempt to secure the relief requested in this motion from the government on a voluntary basis and the government has not complied with the request.

1

various factual allegations and violations of 18 U.S.C. § 2 to the five counts against Ms. Gonzalez in the original Indictment.  *See* ECF 65.

On February 26, 2020, Ms. Gonzalez was arrested, arraigned, and entered a plea of not guilty as to all counts and asserted her right to a Speedy Trial.  On July 21, 2020, Ms. Gonzalez was arraigned via video on the charges contained in the SI.  Ms. Gonzalez entered a plea of not guilty as to all counts, and she has maintained her right to a Speedy Trial.

## II.     LEGAL STANDARD

Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure directs the government to disclose any item that is "within the government's possession, custody, or control, and . . . material to preparing the defense . . . ."  Rule 16 was "designed to provide a criminal defendant, in the interests of fairness, the widest possible opportunity to inspect and receive such materials in the possession of the government as may aid [her] in presenting [her] side of the case." *United States v. Daum*, 847 F. Supp. 2d 18, 20 (D.D.C. 2012) (quoting *United States v. Poindexter*, 727 F. Supp. 1470, 1473 (D.D.C.1989)).

Demonstrating "materiality" is "not a heavy burden." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (internal citations omitted).  "[T]he Court has no way to know what the rest of the record will show; nor does the government since at best, it can only speculate as to the trial record." *United States v. Moore*, 867 F. Supp. 2d 150, 151 (D.D.C. 2012).  Evidence is "material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Lloyd*, 992 F.2d at 351 (internal citation omitted); *see also Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999) ("Inadmissible evidence may be material if the evidence would have led to admissible evidence.").  Defendants are entitled to evidence that is

helpful to their trial presentations or discovery and investigative efforts, *United States v. Stein*, 488 F. Supp. 2d 350, 356-57 (S.D.N.Y. 2007), including evidence that may even cause them "to completely abandon a planned defense and take an entirely different path," *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (internal citations omitted).

If a document in the government's possession bears on an element of a charged offense, it is well settled that the government must produce it. *See United States v. Libby (Libby II)*, 432 F. Supp. 2d 81, 84 (D.D.C. 2006). The government's obligations under Rule 16 include inculpatory evidence as well as exculpatory evidence. "Inculpatory evidence, after all, is just as likely to assist in 'the preparation of the defendant's defense' as exculpatory evidence." *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998) (internal citation omitted). Indeed, "it is just as important to the preparation of a defense to know its potential pitfalls as it is to know its strengths." *Id*.

The government must also produce evidence that is exculpatory, impeaching, or otherwise favorable to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). A "'reasonable probability' of a different result" that "undermines confidence" in a verdict means only that the government's failure to disclose any information deprived the defendant of a fair trial; defendants are not required to show the outcome would have been different had they been armed with the undisclosed evidence. *Kyles v. Whitley*, 514 U.S. 419, 434-35 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 678 (1985)).

The government's disclosure obligation under *Brady* and its progeny extends beyond the Department of Justice. As stated above, the prosecution must produce favorable documents and information in its possession, custody, or control or in the possession, custody, or control of any agency "closely aligned with the prosecution." *Safavian*, 233 F.R.D. at 17 (quoting *Brooks*, 966

3

F.2d at 1503). The government cannot "claim[] lack of control over the files or procedures of other executive branch agencies." *United States v. Jennings*, 960 F.2d 1488, 1490 (9th Cir. 1992) (internal citations omitted). Indeed, "[t]he prosecution has an affirmative obligation to learn of potentially favorable evidence and provide it to the defense." *United States v. Bundy*, 968 F.3d 1019, 1038 (9th Cir. 2020). *See also United States v. Mahaffy*, 693 F.3d 113, 131 (2d Cir. 2012) (finding *Brady* violation in a securities fraud case and reversing where suppressed "testimony could have led the defendants to interview and possibly subpoena" individuals who could have identified other individuals who were unaware of whether the information the defendants allegedly fraudulently disclosed was, in fact, confidential).

*Brady* applies not only to evidence that would be favorable to the defense at trial but also to evidence that would be favorable at sentencing, should there be one. *Id*. at 87. The government's discovery obligations extend to any item that might impeach or otherwise show weakness in the government's evidence. *Giglio v. United States*, 405 U.S. 150, 153–55 (1972). Evidence that "mak[es] the government's case less credible" in any way is discoverable because, by virtue of that fact alone, "it enhances the defendant's chances of acquittal." *In re Sealed Case No. 99-3096*, 185 F.3d 887, 893 (D.C. Cir. 1999). Once it has identified evidence that is favorable to the accused, the government has no discretion under *Brady* regarding whether to produce it; favorable evidence "must be disclosed without regard to whether the failure to disclose it likely would affect the outcome of the upcoming trial." *Safavian*, 233 F.R.D. at 16.[2]

---

[2] The fact that information is classified has no bearing on whether it is discoverable under Rule 16(a) or *Brady*. *See United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006).

### III.  ARGUMENT

By letter dated August 28, 2020, Ms. Gonzalez propounded the following discovery requests under Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963).

- I request all information showing that my client was detained by government agents for inspection in San Diego.

- I request any information indicating government agents in San Diego knew that a warrant had been issued for my client's arrest.

- Please provide all evidence that is conflict with the affiant's representation in the affidavit that: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

- I request any information indicating government agents in at the Los Angeles International Airport knew that a warrant had been issued for my client's arrest.

- I request any information indicating government agents in at the Dulles International Los Angeles International Airport knew that a warrant had been issued for my client's arrest.

- Please provide all evidence that is conflict with the affiant's representation in the affidavit that: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

- Please provide all evidence that is conflict with the affiant's representation in the affidavit that: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

- Please provide all evidence that is conflict with the affiant's representation that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

- Please provide all evidence that is conflict with any of the affiant's representations ▓▓▓▓▓▓▓▓▓▓

- Please provide the identities of ▓▓▓▓▓▓▓▓▓▓

- Please identify all evidence that was seized from my client upon her arrest.

- Finally, please provide any and all information that suggests or indicates that my client was indicted, because she refused to cooperate with law enforcement.

*See* Exhibit 1 (August 28, 2020, Gonzalez Letter to the Department of Justice).

5

By letter, dated September 8, 2020, the government responded as follows.

> Regarding your requests for "all information showing that [your] client was detained by government agents for inspection in San Diego," and "any information indicating that government agents in San Diego knew that a warrant had been issued for [your] client's arrest," we have interpreted these requests to be related to the circumstances surrounding your client's entry into the United States on February 22, 2020, based on other pleadings you have filed in this case and the affidavit you cited in your letter. **We note that it is Customs and Border Protection ("CBP"), in the Department of Homeland Security, that has authority to conduct searches and detentions at border crossings. Any information related to a border crossing is in the possession of the CBP, which has its own rules, regulations, and procedures by which individuals may seek information.**
>
> Regarding your requests for "any information indicating government agents" at Los Angeles International Airport and Dulles International Airport "knew that a warrant had been issued for [your] client's arrest," **we note that it is the Transportation Security Administration ("TSA"), in the Department of Homeland Security, that has authority for screening passengers for domestic flights within the United States. Any information related to the screening of passengers for domestic flights is in the possession of the TSA, which has its own rules, regulations, and procedures by which individuals may seek information.**

*See* Exhibit 2 (September 8, 2020, Department of Justice Letter to Counsel for Ms. Gonzalez) (emphasis added).

By letter dated, September 17, 2020, Ms. Gonzalez, through counsel, sent the following correspondence to the government, which stated, in part: "I am writing in response to your [] September 8, 2020 letter. Is it the government's position that CBP and TSA are not part of the prosecution team? If so, we disagree, and we would like to present this dispute to the Court for resolution." *See* Exhibit 3 (September 17, 2020, Gonzalez Letter to the Department of Justice).

By email, on September 17, 2020, the government replied:

> Steve,
>
> That is correct; neither the CBP or TSA are part of the so-called "prosecution team." In the parlance of Rule 16, any such records are not within the custody, possession, or control of the government as defined by the rule. Even if they were,

6

it is not clear how any such records are relevant or material to the Superseding Indictment or any possible defenses in this case. *See, e.g.*, *United States v. Libby*, 429 F. Supp. 2d 1, 6 (D.D.C. 2006); *United States v. Williamson*, No. CR 14-151 (RMC), 2014 WL 12695538, at *2 (D.D.C. Oct. 23, 2014).

*See* Exhibit 4 (September 17, 2020, Department of Justice Email to Counsel for Ms. Gonzalez).

Rule 16 requires production of information "within the government's possession, custody, or control." Fed. R. Crim. P. 16(a)(l)(B)(i), (a)(l)(E). In other words, "the Justice Department must turn over everything in its possession *or* custody *or* control, regardless of the original source of the document or other object, so long as it is 'material' under the Rule [16]." *United States v. Safavian*, 233 F.R.D. 12, 15 (D.D.C. 2005) (emphasis in the original) (also holding, with respect to statements under Rule 16(a)(1)(B)(i), that "the Justice Department must turn over any written or recorded statements in its possession *or* custody *or* control regardless of the origin of the statements, so long as the government knows or through due diligence could know of their existence."). "'[T]he government' includes any and all agencies and departments of the Executive Branch of the government and their subdivisions, not just the Justice Department, the FBI, . . . and other law enforcement agencies." *Id.* at 14 (internal citations omitted). "[W]hen determining whether the government has possession, custody and control of documents, the District of Columbia Circuit has found, albeit in the *Brady* context, that documents maintained by other components of the government which are 'closely aligned with the prosecution' must be produced." *United States v. Libby (Libby I)*, 429 F. Supp. 2d 1, 6 (D.D.C. 2006) (quoting *United States v. Brooks*, 966 F.2d 150, 1503 (D.C. Cir. 1992)); *see also Justice Manual,* at § 9-5.002 ("Prosecutors are encouraged to err on the side of inclusiveness when identifying the members of the prosecution team for discovery purposes. Carefully considered efforts to locate discoverable information are more likely to avoid future litigation over *Brady* and *Giglio* issues and avoid surprises at trial.").

Under these standards, the government must produce documents within the possession, custody, or control of the CBP and TSA. These agencies are within the Executive Branch. Notwithstanding, each are closely aligned with the prosecution. The discovery produced by the government shows that its investigating agents were in contact with these agencies. *See* Reports attached to Exhibit 2. Both, therefore, are not only within the Executive Branch, but each is "allied with the prosecution,"[3] and has participated in the investigation. *See United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995). The prosecuting attorneys have "knowledge of and access to" the documents Ms. Gonzalez requests. *Id.* Surely, upon request, TSA and the CBP will provide the information sought to the Department of Justice. *See, e.g., Poindexter*, 727 F. Supp. at 1478 (explaining where Independent Counsel benefited from White House cooperation, "he cannot now, in fairness, be permitted to disclaim all responsibility for obtaining Presidential documents that are material to the preparation of the defense").

It cannot be said that these documents are not material to the preparation of the defense of this case. Ms. Gonzalez maintains that she must be prosecuted in the Southern District of California, as she was detained there in connection with these allegations. *See* ECF 66. CBP and TSA's knowledge about the charges in this case at the time that Ms. Gonzalez was detained by CBP and screened by TSA is essential to her venue claim.

Moreover, the information sought is material to Ms. Gonzalez's defense that she was indicted because she exercised her right not to speak with government agents in August of 2019. The government has acknowledged that Ms. Gonzalez entered the United States ten times after J&P Advertising, JJGON, Las Flores Cabanas, Mizu Sushi Lounge and Onze Black Tequila were designated by OFAC – on September 19, 2015, December 30, 2015, June 23, 2016, August 6,

---

[3] *United States v. Haldeman*, 559 F.2d 31, 74 (D.C. Cir. 1976).

2016, May 5, 2017, July 28, 2017, August 3, 2017, September 14, 2017, July 31, 2019 and February 22, 2020.  *See* Exhibit 5 (September 25, 2020, Department of Justice Email to Counsel for Ms. Gonzalez).

In 2019, Ms. Gonzalez refused to speak with government agents.  In February 2020, more than four years after the OFAC designations, Ms. Gonzalez was indicted, she submits, because she exercised her rights under Constitution of the United States.  The government has since maintained that it is "not aware" of any information that suggests or indicates that Ms. Gonzalez was indicted because she refused to cooperate with law enforcement.  *See* Exhibit 2.  But, it has not reviewed the records of TSA or CBP to determine if any such information exists.

### IV.     CONCLUSION

Wherefore, for the foregoing reasons, and any reasons that appear to the Court, Ms. Gonzalez respectfully requests the Court enter an Order compelling the Government to disclose the above-requested information pursuant to its obligations under Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963).

Respectfully submitted,

/s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-3346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.

/s/ Steven J. McCool
STEVEN J. McCOOL
