# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIMINAL NO.: 1:20-CR-040** |
| ) | |
| **JESSICA JOHANNA OSEGUERA** ) | |
| **GONZALEZ,** ) | |
|      **also known as "Jessica Johanna** ) | |
|      **Castillo" and "La Negra,"** ) | |
| ) | |
|      **Defendant.** ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF EVIDENCE AND WITNESSES

The United States, through undersigned counsel, respectfully submits this response to

Defendant's Motion to Compel Production of Evidence and Witnesses ("Motion" or "Mot.")

(Dkt. No. 102).

The Motion seeks to compel the government to produce documents in response to

defense requests that fall into two broad categories: (1) documents from the Department of the

Treasury's Office of Foreign Assets Control ("OFAC") relating to OFAC's designation of the six

businesses named in the Superseding Indictment as "specially designated narcotics traffickers"

pursuant to the Foreign Narcotics Kingpin Designation Act (the "Kingpin Act"), and

(2) purportedly exculpatory evidence, including evidence that the defendant "did not have actual

notice" of the OFAC designation of the six businesses, and evidence "negating or tending to cast

doubt" on the allegation that the defendant changed the names of some of the designated

businesses in an effort to evade the OFAC sanctions.

The Motion should be denied in its entirety. The OFAC documents that the defendant

seeks have no bearing on her criminal case, because only the *fact* of an OFAC designation is an

element of the crimes charged; the Department of the Treasury's process for making a

1

designation in the first place is not at issue here, and the proper forum for challenging such a

designation would be civil administrative litigation.  As for the purportedly exculpatory

information, "actual notice" is not an element of the crimes charged and therefore has no bearing

on the defendant's guilt or innocence; but in any event, the government has already committed to

provide the defendant with any such evidence.  Additionally, the Motion is untimely because all

of the relevant facts were known to the defendant prior to the July 13, 2020 pre-trial motions

deadline set by the Court, and the Motion should be denied on that basis as well.

I.      **The OFAC Documents Sought By the Defendant Are Neither Relevant Nor Material to the Charges Here**

As the defendant acknowledges, Rule 16, in pertinent part, requires production only of

items "within the government's possession, custody, or control" that are "material to preparing

the defense."  Fed. R. Crim. P. 16(a)(1)(E)(i).  In order to show materiality, a defendant must

demonstrate that the requested evidence "bears some abstract logical relationship to the issues in

the case . . . . There must be some indication that the pretrial disclosure of the disputed evidence

would [enable] the defendant significantly to alter the quantum of proof in his favor."  *United*

*States v. Lloyd*, 992 F.2d 348, 350-51 (D.C. Cir. 1993) (alterations in original) (internal citation

and quotation marks omitted).  Although the materiality requirement is not a heavy burden, it is

not enough that the documents sought bear an "abstract logical relationship to the issues in the

case."  *United States v. George*, 786 F. Supp. 56, 58 (D.D.C. 1992).

As the government has previously explained, the *fact* of an underlying OFAC designation

is an element of the crimes charged, but the *validity* of the underlying designation is not.  *See*

Government's Omnibus Set of Pretrial Motions, Dkt. No. 63, at 22-23.  The defendant's request

for the "OFAC administrative record," including "all documents . . .used to support the

[underlying designations]," Motion at 8-9, does not therefore meet Rule 16's materiality

threshold. To put it another way, OFAC's decision to designate the six entities named in the

Superseding Indictment could not conceivably bear on whether the defendant engaged in

transactions or dealings with those entities.[1]

Another judge in this district has recently denied a similar request by a defendant on

precisely this basis. *See United States v. Tajideen*, No. 17-cr-46 (RBW), Dkt. No. 79 (Feb. 2,

2018) (denying defendant's request except as to government's obligation to produce *Brady*

material).[2] In that case, the defendant sought, *inter alia*, "OFAC's files related to its decision to

designate [the defendant]" as a specially designated global terrorist. *See id.*, Dkt. No. 55 at 7-8.

As the government explained in opposition, the government is not required to prove at trial the

lawfulness of the underlying sanctions designation by OFAC. *See id.*, Dkt. No. 63 at 14, 17.

Because the requested materials could not be relevant, then, and would not be admissible at trial

because they do not bear on one of the elements that the government is required to prove, they

could not be material to the preparation of the defense. *See id.* at 19 ("Since the bases for the

Defendant's [] designation are not relevant and will be precluded from being admitted at trial, the

requested OFAC materials cannot be material to the preparation of the defense. These materials

are neither related to the refutation of the government's case-in-chief nor can these materials

---

[1] The "legal standard" section of the Motion argues that the government may not withhold production of documents merely because they did not originate in the Department of Justice. *See* Motion at 5. Without conceding the accuracy of the defendant's articulation of the legal standards, the government can represent to the Court that it is not withholding any documents from OFAC on that basis. The government can also represent that it has complied and will continue to comply with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) , including, where necessary, the review of documents in the possession of other agencies in the executive branch.

[2] *Tajideen* concerned criminal violations of sanctions promulgated under the International Economic Emergency Powers Act ("IEEPA"), 50 U.S.C. § 1705 *et seq.* Although the present case arises under the Kingpin Act, the Kingpin Act was expressly modeled on IEEPA, *see* 21 U.S.C. § 1901, and IEEPA case law often provides analogous precedent. *See Zevallos v. Obama*, 793 F.3d 106, 109-110 (D.C. Cir. 2015).

significantly alter the quantum of proof in the Defendant's favor since the Defendant is precluded from admitting these materials.") (internal citations omitted). In his oral ruling on the motion to compel, Judge Walton endorsed the government's position, explaining that because the OFAC materials sought by the defense did not bear on an element of the criminal offense – given that the government only had to prove the *fact* of the OFAC designation, not its validity – "the government does not have an obligation to produce the discovery that's being requested." *See id.*, Dkt. No. 87 (Transcript of Feb. 1, 2018 hearing) at 35-36; *see also id.*, Dkt. No. 79 (Feb. 2, 2018) (order denying motion to compel in pertinent part). This Court should reach the same conclusion.[3]

The defendant's request to access and challenge the OFAC administrative record amounts to an attempt to make an end-run around the administrative challenge necessary to contest the validity of the underlying Kingpin Act designations. As the government has previously explained, this criminal case is not the appropriate forum for a collateral attack on the underlying designations. *See* Government's Omnibus Set of Pretrial Motions, Dkt. No. 63 at 22-23; *see also Tajideen*, No. 17-cr-46 (D.D.C.), Dkt. No. 31 at 11-13 (collecting cases). Review of OFAC's Kingpin Act designations of the defendant's businesses is available through the procedures and regulations available for administrative reconsideration, *see* 31 C.F.R. § 501.807, and ultimately challenge via the Administrative Procedures Act, *see* 5 U.S.C. § 700 *et seq.*

---

[3] For similar reasons, the Court should deny the defendant's request to compel the government to produce documents identifying "all business entities and persons who have been sanctioned" by OFAC in relation to the Cartel de Jalisco Nueva Generacion, the Los Cuinis Drug Trafficking Organiation, the defendant's father, Nemesio Oseguera Cervantes, or the defendant's uncle, Abigael Gonzalez Valencia. *See* Motion at 8. OFAC's designation of *other* persons and entities for their support of these specially designated narcotics traffickers has no bearing on whether or not the defendant willfully engaged in transactions or dealings with the OFAC-designated entities named in the Superseding Indictment. And, in any event, the identities of persons and entities designated by OFAC are a matter of public record.

Indeed, this district and the D.C. Circuit have decided one of the leading cases in the country regarding bringing a civil administrative challenge to a Kingpin Act designation. *See Zevallos v. Obama*, 793 F.3d 106, 109-112 (D.C. Cir. 2015) (detailing the procedural history of petitioner's attempts to challenge the Kingpin Act designation, including the Department of the Treasury providing the petitioner with its "administrative record" in order to allow the petitioner to challenge the designation). But the defendant has offered no case or other authority that suggests that this criminal trial is the appropriate avenue for challenging the underlying designations. The Court should reject the defendant's attempted end-run around the administrative challenge mechanism and deny the discovery request.

**II.**      **The Court Should Reject the Defendant's Request for Documents Showing that She Did Not Have "Actual Notice" of the Kingpin Act Designations**

The second category of requests in the defendant's Motion are requests for purportedly exculpatory evidence, including five requests that the defendant "did not have actual notice" that the OFAC-designated entities underlying the Superseding Indictment had been designated by OFAC, *see* Motion at 9-10, as well as a request for "[a]ny and all documents or information negating or tending to cast doubt on the allegation that Ms. Gonzalez changed the names of the businesses . . . in order to obstruct the government's investigation." *See* Motion at 10.

As the government explained in its Omnibus Set of Pretrial Motions, "actual notice" is not an element of the offenses charged. *See* Dkt. No. 63 at 18-21. The government needs only to prove to the jury that the defendant "willfully" violated the criminal prohibitions of the Kingpin Act, 21 U.S.C. § 1906, by engaging in transactions or dealings with designated entities. And "willful" violation, in turn, does not require that a defendant have actual contemporaneous

notice of the underlying Kingpin Act designations.[4]  For this reason, whether or not a defendant

has "actual notice," as sought by the defendant's discovery requests, does not bear on her guilt or

innocence and is not material to the charges.  *See Yates v. United States*, -- U.S. --, 135 S.Ct.

1074, 1083 (2015) ("Rule 16 is a discovery rule designed to protect defendants by compelling

the prosecution to turn over to the defense evidence material to the charges at issue.").  The

motion to compel a response to those requests should therefore be denied.

Nevertheless, as the defendant herself quotes in the Motion, the government has already

indicated that without conceding the relevance of a lack of "actual notice," it will provide the

defendant with any affirmative evidence that she lacked notice of the underlying designations, to

the extent that such evidence exists.  *See* Motion at 12 (quoting Dkt. 102-2 at 4 n. 1).  To date,

the government has not identified any affirmative evidence that the defendant did *not* have

"actual notice" of the designations underlying the Superseding Indictment.[5]  Because the

government has already agreed to provide the evidence sought by the defendant, even though it

---

[4] Although the government alleges that the defendant here either owned and/or controlled the
designated businesses, a criminal defendant in a Kingpin Act case does not need to have such a
position vis-à-vis the entities with which he or she engages in transactions or dealings.  A U.S.
person could willfully engage in transactions or dealings with OFAC-designated persons or
entities that are *not* controlled or owned by the U.S. person and nonetheless violate the criminal
prohibitions of the Kingpin Act.  This makes the lack of an "actual notice" requirement in a
criminal prosecution particularly clear: there is no meaningful way that the U.S. government
could provide "actual" advance notice of the risk of criminal prosecution to *every* person who
could conceivably engage in a transaction or dealing with a designated entity or person
[5] The defendant asserts that it is "difficult to imagine that there is no evidence that tends to show
that Ms. Gonzalez did not have actual notice."  Motion at 12.  It is worth highlighting that the
defendant is seeking proof of a negative proposition: evidence that she did *not* have notice of the
underlying designations.  By inserting the phrase "tends to show," the defendant appears to be
taking proof of a negative to an extreme conclusion.  Any evidence other than incontrovertible
proof of "actual notice" could be understood as "tend[ing] to show" a lack of notice, even if
entirely irrelevant to the subject of notice altogether.  All that the government can agree to
provide is affirmative evidence that the defendant did *not* have notice which, as set forth above,
is in any event not an element of the offenses charged.  The government has not identified any
such evidence to date, but will provide it if such evidence is ever identified.

is not relevant or material to the crimes charged, the defendant's motion on this front can be denied as moot.

Finally, the defendant's Motion seeks to compel the government to provide "[a]ny and all documents or information negating or tending to cast doubt on the allegation that Ms. Gonzalez changed the names of the businesses referenced in [the Superseding Indictment] in order to obstruct the government's investigation." Motion at 10. The government is aware of its obligations to disclose exculpatory and impeachment evidence and the government continues to review records from a variety of sources, including OFAC, to determine whether there are discoverable materials that should be provided to the defendant. As the government communicated in its response to the defendant's discovery letter, the government will continue to disclose discoverable evidence if located.[6]

### III.     The Defendant's Motion Should Be Denied As Untimely

In the Scheduling Order that currently governs this case, the Court ordered that all "pretrial motions not related to CIPA materials or materials not in the government's possession prior to the May 19 hearing in this matter must be filed" by no later than July 13, 2020. *See* Dkt. No. 41 (May 26, 2020 Minute Order). The discovery request letter from the defendant that underlies her Motion was sent on May 8, 2020. *See* Dkt. No. 102-1. The government's response thereto was sent on June 5, 2020. *See* Dkt. No. 102-2. On July 13, 2020, the defendant filed thirteen different pretrial motions. *See* Dkt. Nos. 51-63. Following the return of the Superseding

---

[6] As for the affirmative formulation of this request, "any and all documents or information indicating that Ms. Gonzalez changed the names of the businesses referenced in [the Superseding Indictment] in order to obstruct the government's investigation," Motion at 10, the government has never purported to withhold such documents and information, has produced discovery containing evidence of the defendant changing the names of some of the businesses, and will continue to produce such information to the extent that it is uncovered.

Indictment on July 16, 2020, *see* Dkt. No. 65, the filed twelve different pretrial motions on July 31, 2020, largely updated versions of those previously filed. *See* Dkt. Nos. 66-77.

All of the information and facts necessary for the defendant's Motion were in her possession prior to the pretrial motions deadline. The Motion does reference an August 24, 2020 *Brady* disclosure made by the government, as well as its September 25, 2020 disclosure to the defendant of the identity of the witness who had provided the *Brady* information. *See* Motion at 13. But that *Brady* disclosure has no relevance to the arguments in the defendant's Motion, and the defendant should not be permitted to shoehorn the government's compliance with its *Brady* obligations in order to make belated motions. As the above chronology shows, the defendant had ample time to file her Motion to Compel on the schedule previously set by the Court. The Court should therefore use its discretion to deny the defendant's Motion as untimely filed.

## CONCLUSION

For the foregoing reasons, the defendant's motion to compel should be denied.


Respectfully submitted this 13th day of October, 2020.


Arthur Wyatt, Chief

By: _____/s/_____
Brett Reynolds, Trial Attorney
Kate Naseef, Trial Attorney
Kaitlin Sahni, Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
Telephone: (202) 514-0917

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing

(ECF) system with the United States District Court for the District of Columbia to counsel of

record for the defendant, this 13th day of October, 2020.

By:     /s/                         
              Brett Reynolds
              Trial Attorney
              Narcotic and Dangerous Drug Section
              Criminal Division
              U.S. Department of Justice