UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESSICA JOHANNA OSEGUERA GONZALEZ,<br><br>Defendant. | Criminal Action No. 20-40 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION

Defendant Jessica Johanna Oseguera Gonzalez has, as of today's date, sixteen pretrial motions pending before this Court, six of which motions are resolved in this memorandum opinion and the accompanying order. *See* Def.'s Mot. for Bill of Particulars ("Def.'s BOP Mot."), ECF No. 69; Def.'s Mot. for Notice by the Government Pursuant to Rule 12 of Intention to Use Specific Evid. Arguably Subject to Suppression and Incorporated Mem. of Points and Auths. ("Def.'s Rule 12 Mot."), ECF No. 70; Def.'s Mot. to Preserve Notes, Memoranda, and/or Reports and Incorporated Mem. of Points and Auths. ("Def.'s Mot. Preserve Notes"), ECF No. 71; Def.'s Mot to Exclude Witness Prior to and During the Trial of this Case and to Disclose All Instances Where Witnesses Were Interviewed Jointly and Incorporated Mem. of Points and Auths. ("Def.'s Mot. Exclude Witnesses"), ECF No. 72; Def.'s Mot. for Notice of Gov't's Intention to Invoke Residual Hearsay Exception Under Federal Rule of Evidence ("FRE") 807 and Incorporated Mem. of Points and Auths. ("Def.'s FRE 807 Mot."), ECF No. 77; Def.'s Mot. for Leave to File Additional Pretrial Mots. and Incorporated Mem. of Points and Auths. ("Def.'s Mot. Leave"), ECF. No. 73. After a brief description of the charges against defendant, each of the six motions is addressed in turn.

1

**I.      BACKGROUND**

As set out in a prior decision granting the government's motion for review of a Magistrate Judge's order releasing defendant pretrial and denying defendant's motion to compel discovery from the government in connection with a detention hearing, *see United States v. Oseguera Gonzalez*, Crim. Action No. 20-40 (BAH), 2020 WL 1065448, at *1–2 (D.D.C. Mar. 5, 2020), defendant is charged in a Superseding Indictment with violations of the Foreign Narcotics Kingpin Designation Act ("Kingpin Act"), Pub. L. No. 106-120, 113 Stat. 1606 (1999), codified at 21 U.S.C. §§ 1901–08.  The Kingpin Act allows "the Secretary of the Treasury—and by delegation the Office of Foreign Assets Control [("OFAC")] . . .—to deem foreign persons who 'materially assist[] in . . . international narcotics trafficking activities' as 'specially designated narcotics traffickers.'"  *Fares v. Smith*, 901 F.3d 315, 318 (D.C. Cir. 2018) (quoting 21 U.S.C. § 1904(b)(2)–(4) and citing 31 C.F.R. §§ 598.314, 598.803).[1]  The Kingpin Act, *inter alia*, makes it a crime for United States persons to engage in "[a]ny transaction . . . in property or interests in property" of a designated entity or to engage in "[a]ny transaction or dealing . . . that evades or avoids, or has the effect of evading or avoiding" the prohibition on such transaction.  21 U.S.C. § 1904(c)(1)–(2).  The Kingpin Act provides criminal penalties for an individual who "willfully violates the provisions of [the Statute]" and for "[a]ny officer, director, or agent of any entity who knowingly participates in a violation [of the Statute]."  *Id.* § 1906(a)(1)–(2).

On February 13, 2020, a grand jury returned a sealed indictment against defendant.  In it the government alleges that "[b]eginning on or about September 17, 2015," defendant began engaging in transactions with five separate companies, each of which had been designated under

---

[1] For purposes of the Kingpin Act, "foreign person" is defined to include "any entity not organized under the laws of the United States."  21 U.S.C. § 1907(2).

2

the Kingpin Act.  *See* Indictment at 1, ECF No. 1.  Those companies are: (1) J&P Advertising S.A. de C.V.; (2) JJGON S.P.R. de R.L. de C.V.; (3) Las Flores Cabanas (aka Cabanas Las Flores); (4) Mizu Sushi Lounge and Operadora Los Famosos, S.A. de C.V. (aka Kenzo Sushi and Operadora Los Famosos, S.A.P.I. de C.V.); and (5) Onze Black (aka Tequila Onze Black). Indictment at 1–5.  Defendant was arrested less than two weeks after the indictment was filed when, on February 26, 2020, she came to this Court to visit her brother, who is a defendant in a criminal case also pending in this Court. S*ee United States v. Oseguera-Gonzalez*, Crim. Case. No. 16-229 (BAH) (D.D.C. Dec. 14, 2016).

On July 16, 2020, a grand jury returned a superseding indictment additionally charging defendant as "aid[ing], abet[ing], and caus[ing] others to engage and attempt to engage in" prohibited transactions and dealings with the same five companies, in violation of 18 U.S.C. § 2, and, as an "officer, director, and/or agent" of those entities, as knowingly violating the Kingpin Act, in violation of 21 U.S.C. § 1906(a)(2).  *See* Superseding Indictment at 1–6, ECF No. 65.

II. **ANALYSIS**

Defendant's motions are largely without merit.  For the reasons set out below, each is therefore denied except for the motion to exclude witnesses at trial, which motion is granted in part, without objection from the government, and denied in part.

A. **Defendant's Motion for Bill of Particulars**

Federal Rule of Criminal Procedure 7(c) requires an indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  FED. R. CRIM. P. 7(c)(1).  If the Court so directs, these factual allegations may be supplemented by a bill of particulars. FED. R. CRIM. P. 7(f).  Rule 7(f) permits a defendant to move for a bill of particulars "before or within 14 days after arraignment or at a later time if the court permits." *Id*. "A bill of particulars can be used to ensure that the charges brought against a defendant are

3

stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quoting *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987)); *United States v. Lorenzana-Cordon*, 949 F.3d 1, 5 (D.C. Cir. 2020) ("Of course, indictments must contain sufficient detail for defendants 'to understand the charges, to prepare a defense, and . . . to be protected against retrial on the same charges'" (quoting *Mejia*, 448 F.3d at 445)). Defendants are not entitled to a bill of particulars as a matter of right, and the determination whether a bill of particulars is necessary lies within the Court's sound discretion. *See* FED R. CRIM. P. 7(f); *Mejia*, 448 F.3d at 445. "[I]f the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Butler*, 822 F.2d at 1193.

Arguing that "the Superseding Indictment does not provide legally sufficient notice for Ms. Gonzalez to understand the charges and to prepare her defense," defendant requests a bill of particulars with additional information about the allegations against her. Def.'s Mem. of Points and Auths. Supp. Def.'s Mot. for Bill of Particulars ("Def.'s BOP Mem.") at 7, ECF No. 69-1. Defendant points out that the Superseding Indictment "does not identify a single transaction or dealing" in which the she engaged and contends that this charging document thus provides "no notice" and will lead to unfair surprise at trial. Def.'s BOP Mem. at 7–8. Consequently, defendant seeks a bill of particulars (1) specifying particular transactions or dealings in which defendant is alleged to have willfully engaged with each of the businesses named in the Superseding Indictment, Def.'s BOP Mot. ¶¶ 1–5; (2) demonstrating that defendant had actual notice of each OFAC designation relevant to the charges, *id.* ¶¶ 6–10; (3) specifying particular transactions or dealings in which the defendant willfully evaded or avoided the prohibitions on

4

transactions or dealings with each of the businesses named in the Superseding Indictment, *id.* ¶¶ 11–15; (4) specifying how the defendant aided, abetted, and caused others to engage and attempt to engage in transactions or dealings for each of the businesses named in the Superseding Indictment, *id.* ¶¶ 16–20; (5) specifying how defendant is an "officer, director, and/or agent" of each of the businesses named in the Superseding Indictment, *id.* ¶¶ 21–25; and (6) specifying how defendant knowingly participated each of the violations alleged in the Superseding Indictment, *id.* ¶¶ 26–30. Defendant's request for a bill of particulars amounts to a demand that the government spell out its trial strategy and plan to prove aspects of the charges against her, with specific identification of the underlying evidentiary support.

The Superseding Indictment, while somewhat spare, is sufficiently detailed to enable defendant to understand the charges and prepare a defense. An indictment need not specify in detail the precise transactions or dealings that support the charges. Similarly, it need not spell out all of the facts that the government plans to raise to prove that defendant acted with the required mental state. *See United States v. Bourdet*, 477 F. Supp. 2d 164, 184 (D.D.C. 2007) (indictment sufficiently specific where it identified time period, location, and object of a conspiracy as well as the statutes violated by the conspiracy and the *mens rea* required by those statutes). Here, the Superseding Indictment describes (1) the general time period of the relevant criminal conduct, (2) the general classes of prohibited conduct in which defendant engaged, (3) the OFAC-designated entities with which defendant dealt, (4) defendant's relationship to the OFAC designated-entities, (5) the statutory provisions that defendant violated, and (6) the *mens rea* requirement for each violation. *See* Superseding Indictment at 1–6; *see also* Gov't's Opp'n Def.'s Mot. Bill of Particulars ("Gov't's Opp'n Def.'s BOP Mot") at 7–8, ECF No. 90.

Moreover, much of the information that defendant seeks has been provided by the government in other filings. *See Butler*, 822 F.2d at 1193 ("Yet if the indictment is sufficiently specific, *or if the requested information is available in some other form*, then a bill of particulars is not required." (emphasis added)). For example, in its Motion for Pre-Trial Detention, ECF No.12, the government represented that "evidence at trial will consist of testimony from cooperating witnesses who have communicated directly with the Defendant; publicly available business records; publicly available social media, websites, and press related to the businesses; and official OFAC designations and notices." *Id.* at 2. The government also represented in its Motion for Review and Appeal of Release Order, ECF No. 15, that it intends to present at trial "publicly available Mexican government incorporation paperwork"; "publicly available Mexican government trademark registrations"; "publicly available social media posts, websites, and news media coverage of the businesses [named in the then-Indictment]"; and the testimony of "cooperating sources with personal knowledge of the Defendant's role in the designated businesses both before and after designation." *Id.* at 3-4. The government indicated in its Omnibus Set of Pretrial Motions ("Gov't's Omnibus Pretrial Mots."), ECF No. 63, that it would demonstrate defendant's connections with the designated organizations using "photographs and social media postings," "corporate registration documents," "financial documents," "blocking notices," and "messages sent to the defendant by one or more U.S.-based web hosting services." *Id.* at 4–5. As this Court has previously stated, the government has also represented that it "intends to prove that defendant held and maintained a leadership role in the five companies mentioned in the indictment" and "avers that several witnesses with personal knowledge of the defendant's roles in those companies are prepared to testify." *Oseguera Gonzalez*, 2020 WL 1065448, at *5–6 (internal quotation marks and citations omitted).

The government has produced over 45,000 pages of discovery, with "additional discovery on the way." Def.'s Omnibus Reply Supp. Pretrial Mots. and Incorporated Mem. of Points and Auths. ("Def.'s Omnibus Reply") at 8, ECF No. 98. These productions include some of the above-referenced materials, including:

- corporate registration documents and trademark registrations for the businesses;
- social media posts, websites, and press related to the businesses;
- official OFAC designations and notices, as well as Mexican press reporting on the designations;
- business records from U.S.-based web hosting services that show that the defendant registered and managed the websites for the designated businesses and received notice that the websites were taken down;
- the defendant's U.S. passport application, in which the defendant lists her occupation and employer as manager of Kenzo Sushi;
- intercepts of phone conversations between the defendant and an individual who was managing one of the designated businesses;
- emails between the defendant and the Kenzo Sushi business email account;
- and other items.

Gov't's Opp'n Def.'s BOP Mot. at 9.

The charges laid out in the Superseding Indictment have been amply supplemented with extensive discovery and provide defendant with sufficient notice of the charges against her. *See Butler*, 822 F.2d at 1193. Defendant's motion for a bill of particulars is therefore denied.

B.   **Defendant's Motion for Notice Under Rule 12**

Defendant invokes Rule 12(b)(4) of the Federal Rules of Criminal Procedure to seek an order directing the government to give written notice to defendant of three categories of evidence that may be used at the trial of this matter: (1) "evidence or information the government presently or at any time contemplates or considers using in its evidence at trial"; (2) "specific evidence or information," unless already provided, obtained via warrantless search or seizure, search or seizure warrant, electronic or mechanical surveillance, tape recording, beeper or

tracking devices, mail cover, surveillance or consensual recording by someone other than law enforcement, or that otherwise constitute defendant's statements; and (3) specific identification of any evidence or information that falls within Rule 12(b)(4) and is subject to discovery pursuant to Rule 16. Def.'s Rule 12 Mot. at 2. Additionally, defendant "call[s] upon the government to advise [her] of certain specific evidence, which may arguably be subject to challenge or suppression." *Id.* at 2–3.

Rule 16 of the Federal Rules of Criminal Procedure authorizes a criminal defendant's discovery of documents and other materials that are "within the government's possession, custody or control" and are "material to preparing the defense," or "[that] the government intends to use . . . in its case-in-chief at trial [or that were] obtained from or belong[] to the defendant." FED. R. CRIM. P. 16(a)(1)(B), (a)(1)(E). Rule 12(b)(4)(B) imposes a distinct disclosure requirement on the government: "[a]t the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." FED. R. CRIM. P. 12(b)(4)(B). The Advisory Committee's note to Rule 12 states that the purpose of the rule is to ensure that a defendant can "make [her] motion to suppress prior to trial" by "request[ing] the government to give notice of its intention to use *specified evidence* which the defendant is entitled to discover under rule 16." FED. R. CRIM. P. 12, advisory committee's note (emphasis added). Thus, "the government's obligation is qualified—it must only give notice of its intent to use evidence that may be subject to a motion to a suppress." 1A Charles Alan Wright & Andrew D. Leipold, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL §196 (5th ed. 2020). This Rule does not oblige the government "to reveal non-discoverable information, its

8

trial strategy, or other parts of its case, nor does it require notice of evidence that the government may use during cross-examination of a defense witness or as part of the prosecution's rebuttal case." *Id*.

While Rule 12(b)(4) plainly triggers an earlier disclosure of the government's intended use at trial of certain evidence than may otherwise be required, defendant's first request highlights a disagreement over whether this rule merely allows a defendant to require the government to disclose whether it intends to use specific evidence identified by the defendant at trial or has broader scope to require, in effect, the government to produce its exhibit and witness lists. *Compare, e.g., United States v. Ishak*, 277 F.R.D. 156, 159 (E.D. Va. 2011) (denying motions for unspecified Rule 12 disclosure; holding that "[i]n order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with specificity"), *and United States v. DeLeon*, 428 F. Supp. 3d 698, 715 (D.N.M. 2019) (same, citing *Ishak*), *with United States v. Anderson*, 416 F. Supp. 2d 110, 112 (D.D.C. 2006) (granting motion for Rule 12 disclosure and requiring government to notify defendant of evidence to be offered in its case-in-chief from broad categories of evidence identified by defendant).[2]  Given the language of the Rule 12(b)(4)(B) and the Advisory Committee's emphasis on requests for "specified evidence," this Court agrees with *Ishtak* that the Rule "is a procedural and timing rule that allows a defendant who is aware that the government is in possession of certain specific evidence— probably by virtue of Rule 16—to require that the government disclose whether it intends to present that evidence in its case-in-chief." *Ishtak*, 277 F.R.D. at 160 (citing *United States v. Western Titanium*, No. 08–CR–4229, 2010 WL 4117294, at *3 (S.D. Cal. Oct. 18, 2010) ("Rule

---

[2]     Defendant's request goes even further than the *Anderson* court by demanding that the "government [] give notice of such evidence that the government intends to use *for any reason*." Def.'s Rule 12 Mot. at 3 (emphasis added).  This request lacks authority and exceeds the clear language of Rule 12(b)(4)(B), which extends only to evidence the government intends to use "in its evidence-in-chief at trial." FED. R. CRIM. P. 12(b)(4)(B).

9

12(b)(4)(B) does not appear to be intended as a means to enable defendants to pinpoint particular pieces of evidence subject to suppression, but as a means to identify evidence for which a motion to suppress is not required," leaving the evaluation to defense counsel of whether a suppression motion is necessary)); *see also* 1A Wright & Leipold, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL §196 ("Courts have required a defendant requesting notice under Rule 12(b)(4) to specifically identify the information it seeks, and the defense must make its request at arraignment, or as soon thereafter as is practicable." (citations and internal quotation marks omitted)). In other words, defendant must specify the evidence with some precision before the government is required to provide notice.

Defendant's second request sets out an extensive list of investigative techniques and then asks the government to produce any evidence obtained through those techniques, but Federal Rule of Criminal Procedure 16 is the proper means to obtain such discovery. Rule 12(b)(4) is a notice rule, not a discovery rule, and cannot be used for this purpose. *See Ishak*, 277 F.R.D. at 159.

Defendant's third request similarly misapprehends Rule 12(b)(4)(B). The government is not required to identify evidence that might be "susceptible to suppression." *See* Def.'s Rule 12 Mot. at 3. As the government correctly states, "[t]he responsibility for deciding whether a piece of evidence should be challenged with a motion to suppress belongs to the defendant." Gov't's Opp'n Def.'s Mot. for Rule 12(b)(4) Notice at 7, ECF No. 84 (citing *Ishak*, 277 F.R.D. at 159). Defendant cannot shift that burden onto the government. Rule 12(b)(4)(B) only allows the defendant to obtain notice from the government *after* the defendant has identified the evidence that it may want to move to suppress.

Defendant's motion for notice under Rule 12(b)(4) is therefore denied.

### C.  Defendant's Motion to Preserve Notes, Memoranda and/or Reports

Defendant moves for an order compelling the government and government witness to retain and preserve all notes, memoranda, and reports related to defendant's case. Def.'s Mot. Preserve Notes at 1. Retention of documents can be necessary for the government to fulfill its obligations under the Jencks Act, 18 U.S.C. § 3500, which provides that after a government witness has testified on direct examination, the defendant is entitled to examine and use any "statement" of the witness that relates "to the subject matter of the testimony of the witness," 18 U.S.C. § 3500(b)–(e), and *Brady v. Maryland*, 373 U.S. 83 (1963), which requires the government to disclose "evidence [that] is material either to guilt or to punishment," *id.* at 87.

The government, in response to defendant's motion, has indicated that it is aware of its obligations to preserve and disclose exculpatory and impeachment evidence under *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972), and to disclose witness statements under Federal Rule of Criminal Procedure 26.2 and the Jencks Act, 18 U.S.C. § 3500. Gov't's Opp'n Def.'s Mot. to Preserve Notes, Memoranda and Reports at 1, ECF No. 91. Moreover, it represents that it has preserved and will continue preserve all relevant materials and disclose all relevant materials as required by law. *Id.* at 1–2. With these government representations, this Court is satisfied that the government has been and will remain "vigilant in ensuring that it fulfills its discovery and *Brady/Giglio* obligations." *United States v. Apodaca*, 287 F. Supp. 3d 21, 41 (D.D.C. 2017) (quoting *United States v. Karake*, 281 F. Supp. 2d 302, 306 (D.D.C. 2003)). Defendant's motion to preserve notes, memoranda, and/or reports is denied as moot.

### D.  Defendant's Motion to Exclude Witnesses and Disclose All Instances Where Witnesses Were Interviewed Jointly

Federal Rule of Evidence 615 states in relevant part that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." FED. R.

11

EVID. 615.  As an exception, the rule "does not authorize excluding . . . an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney."  FED. R. EVID. 615(b).  Defendant moves to exclude witnesses prior to and during the trial under Rule 615, and further requests that the government (1) disclose the times, dates, and locations of all instances where government witnesses were interviewed jointly and (2) disclose all documents relating to these joint interviews.  Def.'s Mot. Exclude Witnesses at 1.  Defendant also requests a hearing to examine all individuals who participated in joint interviews.  *Id.*

The government agrees to sequester witnesses in accord with defendant's request, under Federal Rule of Evidence 615, but objects to excluding "a later-designated law enforcement agent from the courtroom during trial."  Gov't's Opp'n Def.'s Mot. to Exclude Witnesses at 3, ECF No. 89.  The government has represented that it may choose to designate a Drug Enforcement Agency ("DEA") Special Agent who is a member of the investigative team as its lead case agent and representative at trial even if the government may also call that agent as a trial witness.  *Id.*  Federal Rule of Evidence 615(b) plainly allows the government to exempt from sequestration an investigative agent who may also be called as a witness.  E.g., *United States v. Rivera*, 971 F.2d 876, 889 (2d Cir. 1992); *United States v. Eiland*, Crim. Action No. 04-379 (RCL), 2006 WL 516743, at *17 (D.D.C. Mar. 2, 2006); *see also* S. Rep. No. 93-1277 at 26 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 7051, 7072 ("Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness.  The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in—he always has the client with him to consult during the trial.").

The government opposes defendant's requests for notice, documentation, and a hearing regarding joint interviews as moot and unfounded. Gov't's Opp'n Def.'s Mot. to Exclude Witnesses at 4. At the same time, the government represents that no potential trial witnesses have been interviewed jointly and contends that it is under no obligation to disclose the materials defendant requests beyond its obligations to disclose Jencks Act materials and potentially impeachable material pursuant to *Giglio* and *Napue v. Illinois*, 360 U.S. 264 (1959). *Id.*; *see also supra* Part II.C. Rule 615 is not a disclosure rule and, as the government correctly notes, even if witnesses had been interviewed jointly, the proper remedy would be cross-examination of those witnesses at trial. Gov't's Opp'n Def.'s Mot. to Exclude Witnesses at 4 (citing *United States v. Feola*, 651 F. Supp. 1068, 1130 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cir. 1989) ("The witnesses need not be sequestered during pretrial proceedings, or after their testimony; they can speak freely to anybody and if they do so, may be cross-examined with respect thereto insofar as may relate to bias or credibility.")). Defendant cites no authority to the contrary.

Defendant's motion to exclude witnesses and for disclosure of joint witness interviews is therefore granted only as to the exclusion of witnesses other than law enforcement agents designated as the government's representatives, but otherwise denied.

### E. Defendant's Motion for Notice of Government's Intention to Invoke Residual Hearsay Exception Under Federal Rule of Evidence 807

Federal Rule of Evidence 807 ("Residual Hearsay Exception") allows for the admission of hearsay not otherwise admissible under Rules 803 or 804 where (1) "the statement is supported by sufficient guarantees of trustworthiness" and (2) "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." FED. R. EVID. 807(a)(1)–(2). Rule 807, however, comes with a notice requirement: "[t]he statement is admissible only if the proponent gives an adverse party reasonable notice of

13

the intent to offer the statement" and "[t]he notice must be provided in writing before the trial or hearing—or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice." FED. R. EVID. 807(b).  Defendant moves "for an Order requiring the Government to provide notice of its intent to offer any statement" under the Federal Rule of Evidence 807. Def.'s Rule 807 Mot. at 1.  In its response, the government attests that it "is aware of its obligation" and "will comply with the rule's 'reasonable notice' requirement" if it seeks to offer evidence under Rule 807.  Gov't's Opp'n Def.'s Mot. for Notice Pursuant to Rule 807 at 3, ECF No. 92.

When the government acknowledges its obligation to provide notice should it seek to submit evidence under Federal Rule of Evidence 807, further action by the Court is unnecessary. *See United States v. Edelin*, 128 F. Supp. 2d 23, 48 (D.D.C. 2001).  Defendant's motion for notice of the government's intention to invoke Federal Rule of Evidence 807 is therefore denied.

### F. Defendant's Motion for Leave to File Additional Pretrial Motions

Defendant moves under Rule 12(c)(3) of the Federal Rules of Criminal Procedure for leave to file additional pretrial motions. FED. R. CRIM. P. 12(c)(3).  This Rule requires the parties to file certain pretrial motions "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." FED. R. CRIM. P. 12(b)(3). "The court may . . . set a deadline for the parties to make pretrial motions . . . ." FED. R. CRIM. P. 12(c)(1). Rule 12 further provides that "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." FED. R. CRIM. P. 12(c)(3).

Here, the Court, after consultation with and consent of counsel, set a schedule for the filing of pretrial motions at the arraignment on the Superseding Indictment held on July 21, 2020, and directed that all pretrial motions "not related to materials that may require litigation

14

under the Classified Information Procedures Act ('CIPA') by July 31, 2020." Minute Entry (July 21, 2020); Minute Order (July 22, 2020). To date, defendant has filed 12 timely motions and 4 untimely motions to compel, ignoring this Court's scheduling order and confounding the ability of the Court to resolve motions with an economy of time and effort for itself and counsel. *United States v. Burton*, 584 F.2d 485, 490 (D.C. Cir. 1978) (recognizing "that the court has the right to control its own docket to require that cases proceed in an orderly and timely fashion"). Essentially, defendant moves for a general finding of good cause to file future pretrial motions whenever convenient and regardless of any date set in the scheduling order because the present COVID-19 crisis has limited counsel's ability to visit and confer with defendant to prepare for her defense and discuss the bases for additional pretrial motions. Def.'s Mot. Leave at 1. Defendant has made no *specific* representations, however, in either motion or in reply, about how counsel's limited access has impaired counsel's ability to bring particular pretrial motions, including the four untimely motions to compel. The fact that defendant has filed twelve separate, timely pretrial motions suggests that COVID-19 visitation restrictions have not generally impaired her ability to confer with counsel and prepare her defense.

To establish good cause, defendant must describe with specificity why a motion could not have been brought within the established timeline for pretrial motions. *See United States v. Lorenzana-Cordon*, Criminal Action No. 03-cr-331-13 (CKK), 2017 WL 11493918, at *10 (D.D.C. June 2, 2017). If defendant wishes to file an additional motion and can demonstrate specifically how the motion was delayed past the pretrial motion deadline by the COVID-19 crises and counsel's limited access to defendant, she may make a more specific request for leave to file an untimely motion. Defendant must also, no later than October 28, 2020, show good cause for her untimely pretrial motions. *See* Def.'s Second Mot. to Compel Production of Evid.

15

and Witnesses and Incorporated Mem. of Points and Auths., ECF No. 102; Def.'s Third Mot. to Compel Production of Evid. and Witnesses and Incorporated Mem. of Points and Auths., ECF No. 105; Def.'s Fourth Mot. to Compel Production of Evid. and Witnesses and Incorporated Mem. of Points and Auths., ECF No. 106; Def.'s Fifth Mot. to Compel Production of Evid. and Witnesses and Incorporated Mem. of Points and Auths., ECF No. 110.  Defendant's motion for leave to file additional pretrial motions is otherwise denied.

### III.    Conclusion

For the reasons explained above, defendant's (1) motion for a bill of particulars is denied, (2) motion for notice under Federal Rule of Criminal Procedure 12 is denied, (3) motion to preserve notes is denied, (4) motion to exclude witnesses is granted insofar as defendant requests to exclude at trial, pursuant to Federal Rule of Evidence 615, witnesses, other than law enforcement agents designated as the government's representatives, and is otherwise denied, (5) motion for notice of the government's intention to invoke the residual hearsay exception is denied, and (6) motion for leave to file additional pretrial motions is denied, and defendant is ordered to show cause, no later than October 28, 2020, why any untimely pending pretrial motions were filed in an untimely manner and why any consideration of any such motion is now warranted.

An appropriate Order accompanies this Memorandum Opinion.

Date: October 21, 2020

_____
BERYL A. HOWELL
Chief Judge