IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
|                                                           ) | |
|     v.                                                  ) | |
|                                                           )     Criminal No. 20-cr-00040 (BAH) | |
| JESSICA JOHANNA OSEGUERA   ) | |
| GONZALEZ,                                      ) | |
|                                                           ) | |
|     Defendant.                                   ) | |
|                                                           ) | |

**DEFENDANT JESSICA GONZALEZ'S REPLY IN SUPPORT OF HER FIFTH
MOTION TO COMPEL PRODUCTION OF EVIDENCE AND WITNESSES
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Jessica Johanna Oseguera Gonzalez, by and through her undersigned counsel, respectfully submits the following reply in support of her fourth motion to compel production of evidence and witnesses. For the reasons set forth below, Ms. Gonzalez respectfully submits that the Court should grant her motion [ECF 110] to compel discovery.

**ARGUMENT**

In response to Ms. Gonzalez's motion to compel, the government parses Ms. Gonzalez's requests made under Fed. R. Crim. P. 6 and *Brady v. Maryland* in an attempt to argue that the information Ms. Gonzalez requested by letter is not the same information she sought through her motion. *See* ECF 123, at 1 n.1. Through both her October 1, 2020 letter and her motion, Ms. Gonzalez sought information that is discoverable under Rule 16 and *Brady* – namely, information regarding the date on which the government became aware that she was allegedly engaging in the conduct set forth in the Superseding Indictment. *See* ECF 110, at 9-11.[1]

---

[1] The government apparently draws its distinction between the information requested by Ms. Gonzalez's October 1, 2020 letter and her motion by pointing out that Ms. Gonzalez's motion seeks "papers, documents and data that supports or rebuts the presumption" that Ms. Gonzalez was "charged in retaliation for refusing to cooperate with law enforcement agents," whereas Ms. Gonzalez's October 1,

1

The government's conclusory statement that Ms. Gonzalez has "failed to demonstrate even an 'abstract logical relationship' between the government's investigative timeline (such as when the government determined that it had probable cause to bring charges) and [her] mental state or the nature and circumstances of the offense," (*see* ECF 123, at 2) demonstrates the government's failure to grasp the relevance and materiality of the information sought by Ms. Gonzalez. The evidence provided by the government thus far shows that Ms. Gonzalez entered the United States no less than ten times after the entities in the Superseding Indictment were designated by OFAC. *See* ECF 110, at 8. However, only after Ms. Gonzalez refused to cooperate with federal law enforcements during a trip to the United States in August 2019, was Ms. Gonzalez indicted and arrested. When the government learned of the facts and circumstances that would have given rise to probable cause to arrest Ms. Gonzalez, therefore, bears directly on whether Ms. Gonzalez was indeed charged and arrested for refusing to cooperate with law enforcement officers. In other words, if the information requested by Ms. Gonzalez shows that the government had knowledge that she was allegedly engaging in the conduct referenced in the Superseding Indictment as of September 19, 2015, December 30, 2015, June 23, 2016, August 6, 2016, May 5, 2017, July 28, 2017, August 3, 2017, or September 14, 2017 (the dates on which Ms. Gonzalez entered the United States between the date of the OFAC designations and her August 2019 visit during which she refused to cooperate with law enforcement), a presumption that Ms. Gonzalez was indicted because she refused to cooperate with law enforcement would arise.

---

2020 letter sought the date on which the government became aware that Ms. Gonzalez allegedly engaged in the conduct underlying the charges in the Superseding Indictment. Rule 16 provides that the government must "[u]pon the defendant's request . . . permit the defendant to inspect and to copy of photograph . . .papers, documents, [and] data . . . ." *See* Fed. R. Crim. P. 16(a)(1)(E). Ms. Gonzalez's motion, therefore, listed certain forms of information that are contemplated by Rule 16. These different forms of information do not amend or alter the categories of information requested through Ms. Gonzalez's October 1, 2020 letter.

The government's attempt to abdicate any responsibility for a delayed charging decision due to the multiple levels of approval needed to pursue and obtain an indictment is also misplaced. If the government knew as early as September 2015 that Ms. Gonzalez was allegedly engaging in the conduct included in the Superseding Indictment, that information would bear directly on whether Ms. Gonzalez was charged over five years later, only after refusing to cooperate with law enforcement. This information is also directly relevant to the government's ability to prove Ms. Gonzalez had the requisite *mens rea* to commit the charged offenses, as any lack of knowledge on the part of the U.S. government of the conduct alleged in the Superseding Indictment cuts against any knowledge the government would be able to impute to Ms. Gonzalez. This is especially true here, where the government has failed to show that Ms. Gonzalez had any actual notice that the entities identified in the Superseding Indictment were designated by OFAC and, therefore, that engaging in any alleged transactions or dealings with those entities was illegal. In this way, the information sought by Ms. Gonzalez would be a "refutation of the government's case in chief" (*see* ECF 123, at 3) and is discoverable under Rule 16. For the same reasons, this information would unquestionably be favorable to Ms. Gonzalez and, therefore, would be separately discoverable under *Brady*. Unsurprisingly, the government does not address *Brady*'s applicability in its response.

The government next argues that Ms. Gonzalez has not made the showing required of a selective prosecution claim. *See* ECF 123, at 5. In support of its position, the government cited *United States v. Armstrong*, 517 U.S. 456 (1996) and *Branch Ministries v. Rossotti*, 211 F.3d 137, 144 (D.C. Cir. 2000). *Armstrong* dealt with race-based selective prosecutions, while *Rossotti* was a civil case, in which a church sued the Internal Revenue Service for revoking its tax-exempt status. Ms. Gonzalez is not claiming that she was prosecuted based on her race, nor is she involved in civil litigation against the United States. Instead, she is seeking information,

discoverable under both Rule 16 and *Brady* to shed light on the seemingly clear fact that she was indicted only after she refused to cooperate with law enforcement officials. The government argues that Ms. Gonzalez "fails to support [her] allegation [of vindictive prosecution] with any specific evidence, let alone any evidence of discriminatory effect." *See* ECF 123, at 5. This statement ignores the evidence set forth in Ms. Gonzalez's motion of the ten instances of her travel to the United States post-OFAC designation of the entities in the Superseding Indictment, and the fact that she was indicted only after the tenth visit during which she refused to cooperate, and instead faults Ms. Gonzalez for a lack of the very evidence she is seeking through her motion.[2] In sum, the evidence sought through Ms. Gonzalez's motion is material to the preparation of her defense, is plainly within the possession, custody, and control of the government and, therefore, must be produced under Rule 16 and *Brady*.

---

[2] The government also claims that Ms. Gonzalez's motion is untimely. *See* ECF 123, at 6-7. As the government points out, Ms. Gonzalez's motion relies on discovery correspondence between Ms. Gonzalez and the government in October 2020. Contrary to the government's assertion that Ms. Gonzalez is attempting to "use her own delayed discovery request in order to make belated motions" (*see* ECF 123, at 7), Ms. Gonzalez has continued to review the government's ongoing and voluminous discovery productions and, along with that reviewing process, has continued to investigate her case. This ongoing review process, including the time and effort counsel has expended in reviewing the government's ongoing discovery was set out in detail (reaching beyond what the government characterizes as Ms. Gonzalez's "general complaints" regarding its discovery (*see* ECF 123, at 6)) in Ms. Gonzalez's Response to the Court's October 21, 2020 Order (*see* ECF 122). For the reasons set forth in that Response, Ms. Gonzalez respectfully submits that her motion is not untimely and should be considered by the Court.

## **CONCLUSION**

For the foregoing reasons and those set forth previously, Ms. Gonzalez respectfully submits that her pretrial motion filed at ECF 110 should be granted.

Respectfully submitted,


/s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-3346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.

/s/ Steven J. McCool
STEVEN J. McCOOL
