# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO.: 1:20-CR-040 |
| | ) |
| JESSICA JOHANNA OSEGUERA GONZALEZ, | ) |
| also known as "Jessica Johanna Castillo" and "La Negra," | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ITS RESPONSE TO THE DEFENDANT'S THIRD MOTION TO COMPEL

The United States, through undersigned counsel, respectfully submits this notice of supplemental authority to alert the defendant and the Court to recent events in a case cited in the government's response (Dkt. No. 114) ("Response") to the defendant's Third Motion to Compel Production of Evidence and Witnesses (Dkt. No. 105) ("Motion").

The Motion sought to compel evidence that could be used to show an "amount of loss" at sentencing, arguing that Section 2B1.1 of the U.S. Sentencing Guidelines Manual would properly apply in the event of a conviction under the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. §§ 1904, 1906 (the "Kingpin Act"). In its Response, the government argued, *inter alia*, that Sections 2M5.1 or 2M5.3 – not Section 2B1.1 – would properly apply at sentencing here, thus rendering the information sought by the defendant irrelevant and immaterial. *See generally* Response at 1-3.

In support of its argument that Sections 2M5.1 or 2M5.3 would properly apply, the government noted in a footnote that the Southern District of New York had appeared to apply one of those two sections in a recent Kingpin Act prosecution. *See* Response at 8 n. 3. Specifically, at the plea hearing in *United States v. Victor Mones Coro,* No. 1:19-cr-044, the

1

district judge explained that the plea agreement specified that a sentence of 70-87 months would correspond to the stipulated Guidelines level. *See id.*[1]

The government has since learned that the Southern District of New York has granted the *Coro* defendant's motion to withdraw his plea. *See Coro*, 1:19-cr-044, Dkt. No. 134 (Nov. 2, 2020). It remains true that the parties in that case had previously stipulated to a base offense level of 26, which is consistent with the application of Sections 2M5.1 or 2M5.3 to a violation of the Kingpin Act. The government's understanding, moreover, is that the motivation for the motion to withdraw the guilty plea in that case is due to factors entirely unrelated to the applicable sentencing guideline. For the reasons set forth in the Response, the government continues to submit that Section 2M5.1 or 2M5.3 will be the appropriate guideline in this case upon conviction. But because the government here had purported to rely in part on the *Coro* plea hearing in its Response to the defendant's Motion, it wanted to alert the Court that the plea in that case has been withdrawn.

---

[1] The government made a minor error in its Response here, asserting that 70-87 months corresponded to a Base Offense Level of 26. In fact, 70-87 months corresponds to a Level 27. *See* United States Sentencing Guidelines Manual, Sentencing Table. The calculation nonetheless corresponds to application of Sections 2M5.1 and 2M5.3, which have base offense levels of 26, plus a four-level enhancement for leadership, minus three levels for timely acceptance of responsibility. And indeed, subsequent filings in the *Coro* case confirm that this is precisely how the parties arrived at the stipulated offense level in the plea agreement. *See Coro*, No. 1:19-cr-044, Dkt. No. 122 at 7 (Oct. 21, 2020).

Respectfully submitted this 6th day of November, 2020.

                        Arthur Wyatt, Chief

By:     /s/
          Brett Reynolds, Trial Attorney
          Kate Naseef, Trial Attorney
          Kaitlin Sahni, Trial Attorney
          Narcotic and Dangerous Drug Section
          Criminal Division
          U.S. Department of Justice
          Washington, D.C. 20530
          Telephone: (202) 514-0917

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the defendant, this 6th day of November, 2020.

By:   /s/
      Brett Reynolds
      Trial Attorney
      Narcotic and Dangerous Drug Section
      Criminal Division
      U.S. Department of Justice