IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JESSICA JOHANNA OSEGUERA )<br>GONZALEZ, )<br>)<br>Defendant. )<br>) | Criminal No. 20-cr-00040 (BAH) |

**DEFENDANT JESSICA JOHANNA OSEGUERA GONZALEZ'S
SEVENTH MOTION TO COMPEL PRODUCTION OF EVIDENCE AND WITNESSES
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Jessica Johanna Oseguera Gonzalez, by and through undersigned counsel, respectfully moves the Court for an Order compelling the Government to produce information under Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963), regarding any transactions or dealings between the United States government and the entities identified in the Superseding Indictment.[1]

### I. BACKGROUND

On February 13, 2020, a Grand Jury handed up a sealed Indictment in the United States District Court for the District of Columbia, case number 20-cr-00040, charging Ms. Gonzalez with five counts of Engaging in Transactions or Dealings in Properties of a Designated Foreign Person, in violation of 21 U.S.C. §§ 1904 and 1906 (hereinafter "Kingpin Act"). *See* ECF 1.

On July 16, 2020, a Grand Jury handed up a Superseding Indictment in this matter, adding various factual allegations and violations of 18 U.S.C. § 2 to the five counts against Ms. Gonzalez in the original Indictment. *See* ECF 65.

---

[1] Pursuant to LCrR 16.1 of the Local Rules of the United States District Court for the District of Columbia, undersigned counsel certifies certify that he has made a good faith attempt to secure the relief

1

Count One of the SI alleges:

Beginning on or about September 17, 2015, and continuing to the present day, in the District of Columbia, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, engaged in transactions or dealings in property or interests in property of a foreign person, J&P Advertising, S.A. de C.V. (also known as J and P Advertising, S.A. de C.V.), designated as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(6)(2), 1904(6)(3), and did not first obtain the required license from the Office of Foreign Asset Control ("OFAC"); and (2) engaged in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person; and aided, abetted, and caused others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(l), 1904(c)(2) and 1906(a) (1), and Title 18, United States Code, Section 2. The Defendant is an officer, director, and/or agent of J&P Advertising, S.A. de C.V. (also known as J and P Advertising, S.A. de C.V.), who knowingly participated in the violation alleged in this Count, in violation of Title 21, United States Code, Section 1906(a)(2).

Count Two of the SI alleges:

Beginning on or about September 17, 2015, and continuing to February 11, 2016, in the District of Columbia, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, willfully (1) engaged in transactions or dealings in property or interests in property of a foreign person, JJGON S.P.R de R.L. de C.V., designated as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(6)(2), 1904(6)(3), and did not first obtain the required license from the Office of Foreign Asset Control ("OFAC"); and (2) engaged in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person; and aided, abetted, and caused others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property of said foreign person. The

---

requested in this motion from the government on a voluntary basis and the government has not complied with the request.

Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(1), 1904(c)(2) and 1906(a) (1), and Title 18, United States Code, Section 2. The Defendant is an officer, director, and/or agent of JJGON S.P.R. de R.L. de C.V., who knowingly participated in the violation alleged in this Count, in violation of Title 21, United States Code, Section 1906(a)(2).

Count Three of the SI alleges:

Beginning on or about September 17, 2015, and continuing to the present date, in the District of Columbia, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, willfully (1) engaged in transactions or dealings in property or interests in property of a foreign person, Las Flores Cabanas (also known as Cabanas Las Flores), designated as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(b)(2), 1904(b)(3), and did not first obtain the required license from the Office of Foreign Asset Control ("OFAC"); and (2) engaged in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person; and aided, abetted, and caused others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(l), 1904(c)(2) and 1906(a)(1), and Title 18, United States Code, Section 2. The Defendant is an officer, director, and/or agent of Las Flores Cabanas (also known as Cabanas Las Flores), who knowingly participated in the violation alleged in this Count, in violation of Title 21, United States Code, Section 1906(a)(2).

Count Four of the SI alleges:

Beginning on or about September 17, 2015, and continuing to the present date, in the District of Columbia, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, willfully (1) engaged in transactions or dealings in property or interests in property of a foreign person, Mizu Sushi Lounge and Operadora Los Famosos, S.A. de C.V. (also known as Kenzo Sushi and Operadora Los Famosos, S.A.P.I. de C.V.), designated as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(b)(2), 1904(b)(3), and did not first obtain the required license from the Office of Foreign Asset Control ("OFAC"); and (2) engaged in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on

transactions or dealings in property or interests in property of said foreign person; and aided, abetted, and caused others to engage and attempt to engage in transactions and dealings to evade and avoid the prohibition on transactions or dealings in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(l), 1904(c)(2) and 1906(a)(1), and Title 18, United States Code, Section 2. The Defendant is an officer, director, and/or agent of Mizu Sushi Lounge and Operadora Los Famosos, S.A. de C.V. (also known as Kenzo Sushi and Operadora Los Famosos, S.A.P.I. de C.V.), who knowingly participated in the violation alleged in this Count, in violation of Title 21, United States Code, Section 1906(a)(2).

Count Five of the SI alleges:

Beginning on or about September 17, 2015, and continuing to the present date, in the District of Columbia, Mexico, and elsewhere, the defendant, JESSICA JOHANNA OSEGUERA GONZALEZ, willfully (1) engaged in transactions or dealings in property or interests in property of a foreign person, Onze Black (also known as Tequila Onze Black), designated as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, under Title 21, United States Code, Sections 1904(b)(2), 1904(b)(3), and did not first obtain the required license from the Office of Foreign Asset Control ("OFAC"); and (2) engaged in transactions or dealings to evade and avoid, and that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of said foreign person. The Defendant's transactions or dealings violate Title 21, United States Code, Sections 1904(c)(l), 1904(c)(2) and 1906(a) (1), and Title 18, United States Code, Section 2. The Defendant is an officer, director, and/or agent of Onze Black (also known as Tequila Onze Black), who knowingly participated in the violation alleged in this Count, in violation of Title 21, United States Code, Section 1906(a)(2).

On February 26, 2020, Ms. Gonzalez was arrested, arraigned, and entered a plea of not guilty as to all counts, and she has maintained her right to a Speedy Trial. On July 21, 2020, Ms. Gonzalez was arraigned via video on the charges contained in the SI. Ms. Gonzalez entered a plea of not guilty as to all counts and maintained her right to a Speedy Trial.

## II. **LEGAL STANDARD**

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure directs the government to disclose, among other things, "papers, documents, [and] data" that is "within the government's

4

possession, custody, or control, and . . . "material to preparing the defense . . . ." Rule 16 was "designed to provide a criminal defendant, in the interests of fairness, the widest possible opportunity to inspect and receive such materials in the possession of the government as may aid [her] in presenting [her] side of the case." *United States v. Daum*, 847 F. Supp. 2d 18, 20 (D.D.C. 2012) (quoting *United States v. Poindexter*, 727 F. Supp. 1470, 1473 (D.D.C.1989)).

Rule 16 requires production of information "within the government's possession, custody, or control." Fed. R. Crim. P. 16(a)(l)(B)(i), (a)(l)(E). In other words, "the Justice Department must turn over everything in its possession *or* custody *or* control, regardless of the original source of the document or other object, so long as it is 'material' under the Rule [16]." *United States v. Safavian*, 233 F.R.D. 12, 15 (D.D.C. 2005) (emphasis in the original) (also holding, with respect to statements under Rule 16(a)(1)(B)(i), that "the Justice Department must turn over any written or recorded statements in its possession *or* custody *or* control regardless of the origin of the statements, so long as the government knows or through due diligence could know of their existence."). "'[T]he government' includes any and all agencies and departments of the Executive Branch of the government and their subdivisions, not just the Justice Department, the FBI, . . . and other law enforcement agencies." *Id.* at 14 (internal citations omitted). "[W]hen determining whether the government has possession, custody and control of documents, the District of Columbia Circuit has found, albeit in the *Brady* context, that documents maintained by other components of the government which are 'closely aligned with the prosecution' must be produced." *United States v. Libby (Libby I)*, 429 F. Supp. 2d 1, 6 (D.D.C. 2006) (quoting *United States v. Brooks*, 966 F.2d 150, 1503 (D.C. Cir. 1992)); *see also Justice Manual,* at § 9-5.002 ("Prosecutors are encouraged to err on the side of inclusiveness when identifying the members of the prosecution team for discovery purposes. Carefully

considered efforts to locate discoverable information are more likely to avoid future litigation over *Brady* and *Giglio* issues and avoid surprises at trial.").

Demonstrating "materiality" is "not a heavy burden." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (internal citations omitted). "[T]he Court has no way to know what the rest of the record will show; nor does the government since at best, it can only speculate as to the trial record." *United States v. Moore*, 867 F. Supp. 2d 150, 151 (D.D.C. 2012). Evidence is "material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Lloyd*, 992 F.2d at 351 (internal citation omitted); *see also Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999) ("Inadmissible evidence may be material if the evidence would have led to admissible evidence."). Defendants are entitled to evidence that is helpful to their trial presentations or discovery and investigative efforts, *United States v. Stein*, 488 F. Supp. 2d 350, 356-57 (S.D.N.Y. 2007), including evidence that may even cause them "to completely abandon a planned defense and take an entirely different path," *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (internal citations omitted).

If a document in the government's possession bears on an element of a charged offense, it is well settled that the government must produce it. *See United States v. Libby (Libby II)*, 432 F. Supp. 2d 81, 84 (D.D.C. 2006). The government's obligations under Rule 16 include inculpatory evidence as well as exculpatory evidence. "Inculpatory evidence, after all, is just as likely to assist in 'the preparation of the defendant's defense' as exculpatory evidence." *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998) (internal citation omitted). Indeed, "it is just as important to the preparation of a defense to know its potential pitfalls as it is to know its strengths." *Id*.

The government must also produce evidence that is exculpatory, impeaching, or otherwise favorable to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). A "'reasonable probability' of a different result" that "undermines confidence" in a verdict means only that the government's failure to disclose any information deprived the defendant of a fair trial; defendants are not required to show the outcome would have been different had they been armed with the undisclosed evidence. *Kyles v. Whitley*, 514 U.S. 419, 434-35 (1995) (quoting *United States v. Bagley*, 473 U.S. 667, 678 (1985)).

The government's disclosure obligation under *Brady* and its progeny extends beyond the Department of Justice. As stated above, the prosecution must produce favorable documents and information in its possession, custody, or control or in the possession, custody, or control of any agency "closely aligned with the prosecution." *Safavian*, 233 F.R.D. at 17 (quoting *Brooks*, 966 F.2d at 1503). The government cannot "claim[] lack of control over the files or procedures of other executive branch agencies." *United States v. Jennings*, 960 F.2d 1488, 1490 (9th Cir. 1992) (internal citations omitted). Indeed, "[t]he prosecution has an affirmative obligation to learn of potentially favorable evidence and provide it to the defense." *United States v. Bundy*, 968 F.3d 1019, 1038 (9th Cir. 2020). *See also United States v. Mahaffy*, 693 F.3d 113, 131 (2d Cir. 2012) (finding *Brady* violation in a securities fraud case and reversing where suppressed "testimony could have led the defendants to interview and possibly subpoena" individuals who could have identified other individuals who were unaware of whether the information the defendants allegedly fraudulently disclosed was, in fact, confidential).

*Brady* applies not only to evidence that would be favorable to the defense at trial but also to evidence that would be favorable at sentencing, should there be one. *Id.* at 87. The government's discovery obligations extend to any item that might impeach or otherwise show weakness in the government's evidence. *Giglio v. United States*, 405 U.S. 150, 153–55 (1972).

Evidence that "mak[es] the government's case less credible" in any way is discoverable because, by virtue of that fact alone, "it enhances the defendant's chances of acquittal." *In re Sealed Case No. 99-3096*, 185 F.3d 887, 893 (D.C. Cir. 1999). Once it has identified evidence that is favorable to the accused, the government has no discretion under *Brady* regarding whether to produce it; favorable evidence "must be disclosed without regard to whether the failure to disclose it likely would affect the outcome of the upcoming trial." *Safavian*, 233 F.R.D. at 16.[2]

### III. ARGUMENT

On September 17, 2020, Ms. Gonzalez requested, under Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963) that the government "confirm that the United States Embassy in Mexico engaged transactions, dealings or any other activity with Operadora Los Famosos. *See* Bates No. 00032069." *See* Exhibit 1 (Sept. 17, 2020 Letter to DOJ).[3] In the same letter, Ms. Gonzalez requested "all information showing that the United States government has engaged in any transactions, dealings or any other activity with a property or property interest allegedly associated with [Ms. Gonzalez]." *Id.*

> By e-mail on September 17, 2020, the government responded as follows:
>
> Any alleged transactions or dealings of the United States Embassy in Mexico are neither relevant nor material to the charges in the Superseding Indictment nor any plausible defense in this case, so as a matter of Rule 16, any such information would not be discoverable. That said, the government is not in possession of any information suggesting that the United States Embassy *willfully* engaged in transactions or dealings with Operadora Los Famosos, S.A. de C.V., d/b/a Kenzo Sushi, that violated the Foreign Narcotics Kingpin Designation Act.

---

[2] The fact that information is classified has no bearing on whether it is discoverable under Rule 16(a) or *Brady*. *See United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006).

[3] The document referenced in Ms. Gonzalez's September 17, 2020 letter was part of the over 24,000 pages of financial documents produced to the defense in this matter. For the reasons set forth in Ms. Gonzalez's Response to the Court's October 21, 2020 Order, Ms. Gonzalez respectfully submits that this motion is timely. *See* ECF 122.

> Among other things, I note that the document to which you refer appears to be dated prior to the designation by OFAC of Operadora Los Famosos.

*See* Exhibit 2 (Sept. 17, 2020 Email from Brett Reynolds) (emphasis added). The government, therefore, narrowed Ms. Gonzalez's discovery requests in its response to only "willful" transactions or dealings between the U.S. Embassy in Mexico and Operadora Los Famosos that violated the Kingpin Act. *Id.* The government did not provide any response to Ms. Gonzalez's request for evidence that the United States government has engaged in any transactions, dealings or any other activity with a property or property interest allegedly associated with her.

During the course of her ongoing review of the government's discovery, Ms. Gonzalez has located another document underlying the transaction or dealing identified in her September 17, 2020 letter, between the United States Embassy in Mexico and Operadora Los Famosos. *See* Exhibit 3. This document represents that the description of the transaction is "consumo," or "consumption," suggesting that an individual associated with the U.S. Embassy dined at the restaurant identified in Count Four of the SI. *Id.*

The government's claim that the requested information is not material to the preparation of the defense is unavailing. If evidence exists that the United States government, including, but not limited to, the United States Embassy in Mexico, engaged in any transactions or dealings with any of the entities identified in the SI, that evidence would cut directly against the government's argument that Ms. Gonzalez had any notice that these entities were designated by OFAC. Indeed, if the U.S. government transacted with any of these entities, the government would not be able to credibly claim that Ms. Gonzalez's knowledge of OFAC designations should somehow have been broader than that of the U.S. government. Any such evidence, therefore, is material to the preparation of Ms. Gonzalez's defense.

## IV. CONCLUSION

Wherefore, for the foregoing reasons, and any reasons that appear to the Court, Ms. Gonzalez respectfully requests the Court enter an Order compelling the Government to disclose the above-requested information pursuant to its obligations under Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963).

Respectfully submitted,

/s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-3346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of November 2020, the foregoing was served via electronic transmission on the counsel of record in this matter.


/s/ Steven J. McCool
STEVEN J. McCOOL