UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO.: 1:20-CR-040 |
| | ) |
| JESSICA JOHANNA OSEGUERA GONZALEZ, | ) |
| also known as "Jessica Johanna Castillo" and "La Negra," | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY DISCLOSURE OF JENCKS MATERIAL

The United States, through undersigned counsel, respectfully submits this response to Defendant's Motion *In Limine* for Early Disclosure of *Jencks* Material and for Timely Disclosure of *Brady/Giglio* Material (Dkt. No. 133) ("Motion").

The defendant asks the Court to compel the government to provide its disclosures under the Jencks Act, 18 U.S.C. § 3500, *see also* Fed. R. Crim. P. 26.2, 30 days before trial in this matter. The government has already voluntarily agreed to provide such disclosures ("3500 material") 14 days prior to the commencement of trial. *See* Motion at 1.

Pursuant to both the Jencks Act and Fed. R. Crim. P. 26.2, the Court may not compel the government to produce 3500 material prior to the conclusion of a witness's testimony on direct examination. *See* 18 U.S.C. § 3500(a) and (b); Fed. R. Crim. P. 26.2(a). As the D.C. Circuit has explained:

> In balancing a criminal defendant's need for such statements against legitimate state interests, Congress provided for discovery of statements only *after* the witness has testified, out of concern for witness intimidation, subornation of perjury, and other threats to the integrity of the trial process. This congressional determination is not to be disregarded by the courts.

1

*United States v. Tarantino*, 846 F.2d 1384, 1414 (D.C. Cir. 1988) (emphasis in original, internal citations omitted). The defendant has pointed to no authority under which the Court may compel pre-trial disclosure of 3500 material.

Nonetheless, in an effort to streamline the trial and permit the defendant's counsel adequate time to prepare, the government has voluntarily agreed to produce 3500 material in this case two weeks before trial. The 3500 material in this case is not expected to be voluminous, and will represent only a small fraction of the overall discovery in this matter. Because a district court has no authority to compel early disclosure of 3500 material, and because the government has already agreed to provide such material in advance of trial, the defendant's Motion should be denied as to early disclosure of 3500 material.

Although it does not discuss it at any length, the Motion also purports to seek "timely" disclosure of material under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The government is aware of its obligations under *Brady, Giglio,* and their progeny. The government has already produced material consistent with these obligations and will continue to do so reasonably promptly upon recognizing the exculpatory character of such material. The government will disclose *Giglio* material of which it is aware along with its disclosure of 3500 material two weeks in advance of trial. Based on its review to date, the government expects that any disclosures of impeachment material under *Giglio* will be small. Production two weeks in advance will, therefore, permit the effective use of such material by the defendant at trial.

For the foregoing reasons, the defendant's Motion should be denied in its entirety.

Respectfully submitted this 12th day of November, 2020.

                        Arthur Wyatt, Chief
                        Narcotic and Dangerous Drug Section
                        Criminal Division
                        U.S. Department of Justice

By:       /s/
                        Brett Reynolds, Trial Attorney
                        Kate Naseef, Trial Attorney
                        Kaitlin Sahni, Trial Attorney
                        Narcotic and Dangerous Drug Section
                        Criminal Division
                        U.S. Department of Justice
                        Washington, D.C. 20530
                        Telephone: (202) 514-0917

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the defendant, this 12th day of November, 2020.

By:   /s/
     Brett Reynolds
     Trial Attorney
     Narcotic and Dangerous Drug Section
     Criminal Division
     U.S. Department of Justice