IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 20-cr-00040 (BAH) |
| | ) | |
| JESSICA JOHANNA OSEGUERA GONZALEZ, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**DEFENDANT JESSICA JOHANNA OSEGUERA GONZALEZ'S
MOTION TO CONTINUE TRIAL AND TO ISSUE A REVISED SCHEDULING ORDER
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Jessica Johanna Oseguera Gonzalez, by and through her undersigned counsel, respectfully requests the Court continue the trial currently scheduled to begin on December 14, 2020, and to issue a revised Scheduling Order in this matter. In support of her motion, Ms. Gonzalez states the following.

Under the Court's current Standing Order No. 20-89, criminal jury trials are postponed until at least January 11, 2021, with certain limited exceptions. *See* Standing Order No. 20-89, at 3-4, ¶¶ 2-3. The first of these limited exceptions is for trials involving a single defendant, "who requests or consents to proceed to trial during this period." *Id.* at 4, ¶ 3. Through this filing, Ms. Gonzalez respectfully notifies that Court she does not request or consent to proceed to trial prior to January 11, 2021, and requests instead that her trial be continued. Ms. Gonzalez is concerned, among other factors, about the health of the persons who would participate in trial, due to the COVID-19 pandemic. She does request that her trial be commenced as soon as is practical, when it is safe to do so.

Additionally, Ms. Gonzalez requests that the Court vacate the current Scheduling Order.

1

The current Scheduling Order sets forth the following deadlines:

- Joint Pretrial Statement: November 16, 2020
- Motions *in Limine*: November 16, 2020
- Oppositions to Motions *in Limine*: November 23, 2020
- Replies in Support of Motions *in Limine*: November 25, 2020
- Pretrial Conference: November 30, 2020 at 9:30 a.m.
- Notice re: Audio Transcript Disagreements: December 10, 2020

In addition to Ms. Gonzalez's request to continue her December 14, 2020 trial date, she also requests the Court issue a revised Scheduling Order for the above-listed deadlines. In addition to requesting a revised Scheduling Order for the above-listed deadlines, Ms. Gonzalez also requests a deadline by which the government must produce all Rule 16 discovery that is currently within its possession, custody, and control. The government's voluminous and ongoing discovery in this case has been documented in detail in Ms. Gonzalez's Response to the Court's October 21, 2020 Order to Show Cause. *See* ECF 122. Since the filing of Ms. Gonzalez's October 28, 2020 Response, however, the government has continued to produce discovery. On October 29, 2020, the government produced 22,896 emails to Ms. Gonzalez from a Hotmail account, some of which are in Spanish. *See* Exhibit 1 (October 29, 2020 Discovery Letter from DOJ). By the government's own admission, it has not even reviewed the vast majority of these emails. *See* Exhibit 2 (October 29, 2020 Email from Naseef to Coleman). According to discovery provided by the government, the search warrant for the Hotmail account was issued on May 27, 2020, and the search warrant was ordered to be executed on or before June 10, 2020. Undersigned counsel understands that there was a technical issue with the Hotmail production, and that the documents were not actually received by the DEA until mid-

August 2020. Undersigned counsel further understands that the DEA then reviewed the documents pursuant to the terms of the search warrant, and produced a segment of the Hotmail documents to the U.S. Department of Justice on October 16, 2020. The issue remains, however, that Ms. Gonzalez received 22,896 emails only six and a half weeks before her scheduled trial date.

The government had previously produced a small portion (approximately 1,090) of the emails from this Hotmail account to Ms. Gonzalez on October 20, 2020, but Ms. Gonzalez has no way to determine which emails were already produced without reviewing the entire 22,896-email production. On November 6, 2020, the government provided its twelfth discovery production, totaling approximately 206 pages of documents. *See* Exhibit 3 (November 6, 2020 Discovery Letter from DOJ). To allow Ms. Gonzalez the opportunity to review and analyze the government's discovery, and for a meaningful opportunity to prepare her defense, Ms. Gonzalez respectfully requests that the Court enter an Order requiring the government to produce all Rule 16 discovery in its possession, custody, and control by December 11, 2020. This deadline will allow Ms. Gonzalez the opportunity to review the government's discovery, investigate her case, and prepare her defense in advance of a 2021 trial date set by this Court.

In its Submission in Light of the Court's Standing Order Regarding the COVID-19 Pandemic (hereinafter, "Submission"), the government stated that it was "continuing to explore whether stipulations can be reached with the defendant that might obviate the need for some of [its] in-person testimony, but has not reached any such stipulations at this time." *See* ECF 147, at 2 n.1. On November 6, 2020, the government provided three certificates of authenticity of business records, two from Microsoft Corporation and one from Google LLC. The government did not, however, provide the records along with the above-referenced certifications. In response

to an inquiry, the government stated that the records could be found in the discovery productions, which now exceed over 60,000 pages. Certainly, this does not give Ms. Gonzalez a fair opportunity to challenge the authenticity of the records, and, Ms. Gonzalez, therefore, would not be able to reach any sort of stipulation with the government. Given this, Ms. Gonzalez asks the Court to require the government to produce any records, corresponding certificates purporting to support authenticity, and any proposed stipulations in writing to Ms. Gonzalez by December 11, 2020. Should the government wish to enter into any further stipulations, Ms. Gonzalez also requests that those stipulations and any related documents be provided to her by December 11, 2020.

Also in its Submission, the government states that the "defense has indicated through requests made under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), that they may seek to call two federal employees in their case as well." *Id.* at 2. The government further states that these requests are "currently being evaluated pursuant to applicable law." *Id.* at 2 n.2. Undersigned counsel notes that one of the *Touhy* requests is for the testimony of a law enforcement agent that the government would like to have present at its counsel table during trial. The notion that the government would resist having its case agent testify in this case is nonsensical. Given this, Ms. Gonzalez respectfully requests that the government advise the Court on or before December 11, 2020 whether it will resist either or both of Ms. Gonzalez's *Touhy* requests.

The government also writes that it "plans to call a certified translator to authenticate translated versions of Spanish language documents" and notes that "Defense counsel has indicated that the defendant will not stipulate to the admissibility of translations." *Id.* at 2 n.2. Again, the government has failed to produce Spanish documents and translations to which it

4

would like Ms. Gonzalez to stipulate. In order for Ms. Gonzalez to consider whether a stipulation is appropriate, she must have a fair opportunity to evaluate the government's proposal, including any documents and translations at issue. Therefore, Ms. Gonzalez requests that on or before December 11, 2020, the government provide Spanish language documents that it intends to enter into evidence, along with the proposed certified translations.

Finally, Ms. Gonzalez requests the Court require the government to advise the Court as to whether it will receive any additional discovery pursuant to any Mutual Legal Assistance Treaty, so that the Court may also enter a deadline for the government to produce any such discovery.

On November 12, 2020, undersigned counsel sought the United States' position on the relief sought herein. U.S. Department of Justice Trial Attorney Brett Reynolds represented that the United States does not oppose a continuation of the trial date in this matter. Mr. Reynolds represented that the United States will file its own submission regarding Ms. Gonzalez's request for the issuance of a revised Scheduling Order.

Wherefore, for the foregoing reasons, and any other reasons appearing to the Court, Ms. Gonzalez respectfully requests the Court continue her trial, which is currently scheduled to begin on December 14, 2020, and to issue a revised Scheduling Order setting forth deadlines for the matters set forth above.

Respectfully submitted,


   /s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-33346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.

    /s/ Steven J. McCool
STEVEN J. McCOOL