IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-cr-00040 (BAH) |
| | ) | |
| JESSICA JOHANNA OSEGUERA GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GONZALEZ'S PROPOSED SURREPLY
IN SUPPORT OF HER OPPOSITION TO THE GOVERNMENT'S
MOTION TO INTRODUCE OTHER CRIMES EVIDENCE AT TRIAL**

Defendant Jessica Johanna Oseguera Gonzalez, by and through her undersigned counsel, respectfully submits this proposed surreply to respond to the government's reply brief ("Reply") in support of its Motion to Introduce Other Crimes Evidence at Trial ("Motion") (ECF 155). This surreply is necessary to address certain factual allegations that were raised, for the first time, in the government's Reply.

I.   The Court Should Grant Leave for Ms. Gonzalez to File This Surreply.

The decision of whether to allow a party to file a surreply is "committed to the district court's discretion." *See United States v. Dynamic Visions Inc.*, 971 F.3d 330, 339 (D.C. Cir. 2020). Permitting the filing of a surreply is warranted where "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (citing *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)). As discussed below, for the first time in its Reply, the government raised certain factual allegations regarding its proposed "other crimes" evidence that were absent from its Motion. Given this, Ms. Gonzalez was not given the

1

opportunity to contest these matters, and will be unable to do so unless the Court permits her to file this surreply.

> II.  The Government's Allegations Regarding the Timing of the Meetings Referenced in its Reply Cut Against the Government's Argument that its Proposed "Other Crimes" Evidence Should Be Admissible at Trial.

For the first time in its Reply, the government claims that the alleged meetings at Las Flores Cabanas occurred "in approximately 2011" and "in approximately 2013 to 2014." *See* ECF 155, at 6. The government goes on to claim that these meetings somehow put Ms. Gonzalez on notice, that in September 2015, four years after the first alleged meeting, and one to two years after the second alleged meeting, "the businesses [in the Superseding Indictment] were subject to legal sanctions, and that her involvement with the businesses was therefore unlawful." *Id.*

As an initial matter, the government's inability to provide the day or month of these meetings, and even the *year* of the second alleged meeting underscores the unreliability and, therefore, the inadmissibility of its proposed "other crimes" evidence. *See* ECF 149, at 12. The government's inclusion of these alleged meeting dates also makes clear the real purpose of its proposed evidence – to smear Ms. Gonzalez's reputation in the eyes of the jury by tying her to supposed involvement in narcotics trafficking that was alleged to have occurred one to four years prior to the charges in the Superseding Indictment.

Despite the government's nonsensical argument to the contrary, any probative value that its proffered "other crimes" evidence possessed cannot be outweighed by the unfair prejudice that will befall Ms. Gonzalez if this evidence is admitted at trial. There is absolutely no logical connection between meetings that allegedly occurred in the vague one to four year period preceding the charges in the Superseding Indictment, and the crimes for which Ms. Gonzalez is actually charged. Indeed, it is illogical to conclude that meetings that allegedly occurred in "approximately 2011" and in "approximately 2013 to 2014" would have allowed Ms. Gonzalez to

gaze into the future and provide her with notice that engaging in transactions and dealings with certain entities in 2015 would have been in violation of the Kingpin Act.

For the foregoing reasons, and any other reasons appearing to the Court, the Court should grant leave to file this surreply, and should deny the government's Motion.

Respectfully submitted,

/s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-3346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.

/s/ Steven J. McCool
STEVEN J. McCOOL
