**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| **v.** | )        **Criminal No. 20-cr-00040 (BAH)** |
| | ) |
| | ) |
| **JESSICA JOHANNA OSEGUERA** | ) |
| **GONZALEZ,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANT JESSICA GONZALEZ'S OPPOSITION
TO GOVERNMENT'S MOTION FOR AUTHENTICATION
OF ELECTRONIC EVIDENCE PURSUANT TO RULE 902(13)**

Defendant Jessica Johanna Oseguera Gonzalez, by and through her undersigned counsel, respectfully submits the following in opposition to the Government's Motion for Authentication of Electronic Evidence Pursuant to Rule 902(13) (ECF 167).

## I.  INTRODUCTION

The government's motion should be denied because the certificates of authenticity accompanying the electronic evidence produced by Google, Microsoft, Facebook, and Internet Archive fail to satisfy the requirements of Rules 902(11) and 902(13) of the Federal Rules of Evidence.  The government has produced certificates for two Hotmail accounts, one Google email account, four Instagram accounts (totaling 5,153 pages), and three Facebook accounts (totaling 3,368 pages).  The Hotmail accounts include 22,995 emails and the Google account includes 461 emails.  The government, as set forth in its motion, also seeks to authenticate subscriber information for each account.  *See* ECF 167, at 1.

On January 7, 2021, the government produced a discovery production with certificates of authenticity that were *not* accompanied by the records the certificates purported to authenticate.

On January 19, 2021, undernamed counsel emailed the government about certain deficiencies in the certificates of authenticity.  Later that day, the government emailed a chart associating the proposed certificates of authenticity with the Bates ranges of the records the government sought to authenticate through each certificate.

Additionally, on January 25, 2021, the government produced 169 pages of documents accompanied by an Affidavit of Records Request Processor Duncan Hall from Internet Archive. The Affidavit states that the Internet Archive created a service known as the "Wayback Machine," which provides access to archived internet data in a "viewable and browseable" format.  Only 80 of these pages were screenshots of websites and the government has not stated which of these documents it seeks to authenticate with the Internet Archive Affidavit.

On February 3, 2021, undersigned counsel agreed to stipulate to Ms. Gonzalez's status as a United States person, but declined to stipulate to the authenticity of the Facebook, Instagram, Google, Microsoft, or Internet Archive records, for various reasons, including the lack of notice provided by these records, and their accompanying certifications, as required by Federal Rules of Evidence 902(11) and 902(13).

## II.  ARGUMENT

### 1.     The Certificates of Authenticity Produced by Microsoft Do Not Meet the Self-Authentication Requirements of Rule 902(13).

Federal Rule of Evidence 902(13) provides:

Certified Records Generated by an Electronic Process or System. A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent must also meet the notice requirements of Rule 902(11).

Fed. R. Evid. 902(13).

The Advisory Committee Note to Rule 902(13) explains that Rule 902(13) follows the procedural requirements of Rule 902(11) or 902(12).  *See* Fed. R. Evid. 902(13), Advisory Committee Note to 2017 Amendments, para. 13.  Therefore, a certification under Rule 902(13) must satisfy the procedural requirements of Rule 803(6)(A)-(C) and "the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a *fair opportunity* to challenge them." Fed. R. Evid. 902(11) (emphasis added).  For the reasons set forth below, the certificates of authenticity provided by the government do not meet the requirements of Rule 902(13) and the government's motion, therefore, should be denied.

### 2.    The Affidavit from the Internet Archive Fails to Satisfy the Procedural Requirements of Fed. R. Evid. 902(11).

The Internet Archive Affidavit produced by the government on January 25, 2021 fails to comply with Federal Rule of Evidence 803(6)(A)'s requirement that the records in question be "made at or near the time by – or from information transmitted by – someone with knowledge." *See* Fed. R. Evid. 803(6)(A).  The government relies on Rule 902(13) to authenticate evidence of screenshots preserved by the Wayback Machine.  *See* ECF 167, at 3-5.  As set forth above, a certification under Rule 902(13) must comply with the certification requirements of Rule 902(11), which incorporates the requirements of Rule 803(6)(A)-(C).  Rule 902(11) was intended to authenticate only that evidence offered under the business records exception to the hearsay rule. *United States v. Safavian*, 435 F. Supp. 2d 36, 39 (D.D.C. 2006).   Records of regularly conducted activity are admissible under Rule 803(6) if a declaration of the records' custodian or other qualified person certifies that:

> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and]

(C) making the record was a regular practice of that activity.

Fed. R. Evid. 803(6)(A)-(C).

In *La Force v. GoSmith, Inc.*, the court found a declaration insufficient because it failed to verify the affiant actually retrieved the records. No. 17-cv-05101-YGR, 2017 WL 9938681, at 1* (N.D. Cal. Dec. 12, 2017). Here, Duncan Hill, the Records Request Processor at the Internet Archive, explained how the Internet Archive's service, Wayback Machine, is available to users. The Affidavit provides information of how the Internet Archive's data is stored and maintained, but lacks details about how the data is collected. The Affidavit also fails to state that it was Duncan Hill who retrieved the documents or that Duncan Hill has knowledge of the procedure used to create the records. *See Rambus, Inc. v. Infineon Tech. AG*, 348 F. Supp. 2d 698, 702-03 (E.D. Va. 2004) (quoting *United States v. Hernandez*, Nos. 98-4378, 98-4388. 1998 WL 841504, at *2 (4th Cir. Dec. 7, 1998) (finding that a "qualified witness" is an individual who "has sufficient knowledge of the record-keeping system and the creation of the contested record to establish their trustworthiness"); *Collins v. Kibort*, 143 F.3d 331, 338 (7th Cir. 1998) (concluding that "the business record exception does require that the witness have knowledge of the procedure under which the records were created").

Further, the proposed evidence, and not the Affidavit, includes the dates when an unidentified person purportedly preserved the specific webpages produced by the government on January 25, 2021. The Affidavit does not state that the records custodian or a person with knowledge made the records at or near the time of the occurrence. *See Rambus, Inc.*, 348 F. Supp. 2d at 704 (concluding that the proponent failed to authenticate business records). Because the Internet Archive Affidavit does not meet the certification requirements of Rule 902(11), it also

does not satisfy the self-authentication requirements of Rule 902(13), and the government's attempt to authenticate records using this Affidavit, therefore, must fail.

### 3. The Certificates of Authenticity from Facebook Fail to Satisfy the Procedural Requirements of Fed. R. Evid. 902(11).

Through its motion, the government also seeks to authenticate social media records from Facebook and Instagram.  The government purportedly expects to use this social media evidence to demonstrate Ms. Gonzalez's connection with the designated businesses.

The government appears to argue that, as long as a record is generated by an electronic process or system, and accompanied by a certificate of authenticity, the record should be immediately authenticated.  Rule 902(13), however, does not open the door for a custodian of records to blindly authenticate records produced in response to a request from the government. For example, Facebook messages cannot be categorized as business records under Rule 803(6), "and any argument to the contrary misconceives the relationship between authentication and relevance, as well as the purpose of the business records exception to the hearsay rule." *United States v. Browne*, 834 F.3d 403, 409 (3d Cir. 2016).

In *Browne*, the defendant was convicted of child pornography based on records obtained from conversations with minors in a Facebook chat.  *Browne*, 834 F.3d at 405.  On appeal, Browne argued that the Facebook chats were not properly authenticated to demonstrate authorship.  *Id.* The Third Circuit reasoned that Rule 803(6) did not apply to the admission of chat messages because the substantive content of the messages could not be properly authenticated.  *Id.* at 410-11.  Although admissibility under Rule 803(6) is not currently before the Court, the reasoning applies by analogy because Rules 902(11) and 803(6) "go hand in hand."  *Rambus, Inc.*, 348 F. Supp. 2d at 701.

Following the reasoning in *Browne*, for example, the Facebook account with the name of Cabañas La Loma En Tapalpa should not be authenticated. The business record for this account consists of 69 pages, and 33 of those pages consist solely of message threads.  Moreover, even if the Court determines that Facebook messages can be authenticated by the custodian of records under the procedural requirements of Rule 902(11), the Facebook certificate of authenticity for Cabañas La Loma En Tapalpa is not sufficient on other grounds.

Cabañas La Loma En Tapalpa was created by a different account, under the name Cabañas La Loma Margarita. The only photographs and posts on record for Cabañas La Loma En Tapalpa were authored by Cabañas La Loma Margarita, the account which seemed to have control of the Facebook profile during the time period specified in the government's request to Facebook.   In the words of the Advisory Committee, "[a] proponent establishing authenticity under Rule [902(13)] must present a certification containing information that would be sufficient to establish authenticity were that information provided by a witness at trial." Fed. R. Evid. 902(13), Advisory Committee Note to 2017 Amendments, para. 13.  Since the government only produced a Facebook certificate of authenticity for the account Cabañas La Loma En Tapalpa, and the certificate neither explains nor mentions why the associated records include information for an account with a different name, the substance of the Facebook certification is deficient, and the record should not be authenticated pursuant to Rule 902(13).

### 4.    The Certifications Fail to Satisfy the Notice Requirement of Fed. R. Evid. 902(11).

Under Rule 902(11), the party offering evidence to be authenticated must provide reasonable pre-trial, written notice to the adverse party, to afford the adverse party a fair opportunity to challenge the proposed evidence.  *See* Fed. R. Evid. 902(11).

In *United States v. Komasa*, the Second Circuit considered whether Rule 902(11)'s notice requirement could be excused "where an objecting party admits to having actual notice and an opportunity to challenge the Rule 902(11) evidence." 767 F.3d 151, 155 (2d Cir. 2014). In *Komasa*, the Court concluded that the defendants had a fair opportunity to challenge the government's proffered evidence, because the defendants "had the [evidence] in question for more than two years" and received oral notice "of the government's intent to proffer the documents as self-authenticating." *Id.* at 156.

This case is different. Here, the government incorrectly assumes in its Motion that the number of documents it seeks to authenticate is irrelevant to the analysis of authenticity. As an example, the government produced records associated with two Hotmail email accounts on October 20, 2020. As part of the production, the government produced two certificates of authenticity. Neither of the certificates, however, identified the email account to which they pertained, and neither did they set forth the records they purported to authenticate.

Moreover, the discovery letter accompanying the October 20, 2020 production included only 1,090 of the approximately 22,995 emails associated with one of the Hotmail accounts, and 37 emails from the second Hotmail account. On November 12, 2020, the government stated that "[t]he remainder of the 22,000+ emails were not 'seized' by DEA pursuant to the search warrant and [the government] cannot use them unless DEA were to revisit its seizure determination."

On January 19, 2021, after contacting the government about the deficiency of the certificates of authenticity, the government emailed undersigned counsel a table connecting each certificate of authenticity to the documents the certificates purported to authenticate. On that date, *for the first time*, Ms. Gonzalez learned of the government's intent to self-authenticate all 22,995 emails from one of the Hotmail email accounts, not the 1,090 initially represented. This is not the first time Ms. Gonzalez has relied on the government's representations to her detriment. On March 3, 2020, the government stated it did not "anticipate this case's documentary evidence to be much more than 100 or 200 pages, actually; maybe 300 at most." *See* Mar. 3, 2020, Hr'g Tr. at 6. Almost

one year later, the government has produced more than 50,000 pages of discovery material, including emails.

The purpose of Rule 902(11)'s notice requirement is "to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration." Fed. R. Evid. 902, Advisory Committee Note to 2000 Amendments.  Rule 902(11) specifically mandates the proponent to make the certification and the underlying record available for inspection.  *See* Fed. R. Evid. 902(11).  Here, two months before trial, the government informed Ms. Gonzalez that it intended to self-authenticate over 23,000 emails and over 8,500 pages of social media records. This is not notice.  The government surely does not expect the jury to wade through tens of thousands of pages, yet it expects Ms. Gonzalez to cease trial preparation and look for needles in haystacks.

The government's notice is not sufficient to determine whether the substance of the certifications and the processes used to produce the records appropriately describe the electronic records from Google, Microsoft, Facebook, and the Internet Archive.  Therefore, the government cannot fairly claim that the volume of the underlying records has no effect in challenging the substance of the declaration.  This is contrary to the purpose of Rule 902(11)'s notice requirement.

**5.      The Internet Archive Affidavit Is Testimonial.**

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against [her] [.]"  U.S. Const. amend. XI.  As the Supreme Court clarified in *Crawford v. Washington*, "[t]estimonial statements of witnesses absent from trial [are] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine."  541 U.S. 36, 59 (2004).  Indeed, the *Crawford* Court included affidavits in its "core class of 'testimonial' statements."  *Id.* at 51-52.  The Internet Archive Affidavit is clearly testimonial, as it contains an

explanation of how the proffered Internet Archive records may be interpreted.  *See* ECF 167-1, at 8-9.

In *Melendez-Diaz v. Massachusetts*, the Supreme Court held that even the technical reports of drug analyses by chemists are testimonial and therefore inadmissible based on Confrontation Clause protections of the rights of defendants in criminal cases to confront adverse evidence by in-court cross-examination.  557 U.S. 305, 324 (2009).  The Court rejected the argument that the reports should be admitted under the rationale for admitting records of regularly conducted activity: "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial."  *Id.*   But that rationale does not apply when "the regularly conducted business activity is the production of evidence for use at trial."  *Id*. at 321.  In that circumstance, the declarant must be present at trial, so that he or she may be confronted by cross-examination.  *Cf. United States v. Cabrera-Beltran*, 660 F.3d 742, 752-53 (4th Cir. 2011) (determining that Customs and Border Protection records that simply list vehicles and persons who enter or leave the United States and are not created in connection with adversarial litigation are not testimonial).  Given the testimonial nature of the Internet Archive Affidavit, permitting the government to introduce the Affidavit without allowing Ms. Gonzalez the opportunity to cross-examine Duncan Hill would violate Ms. Gonzalez's Confrontation Clause rights.  Additionally, the matters set forth in the Internet Archive Affidavit are beyond the ken of the average layperson and, as such, the Affidavit runs afoul of Federal Rule of Evidence 702.  For these reasons, the government's attempt to authenticate records using the Internet Archive Affidavit should be denied.

### III.  <u>CONCLUSION</u>

For the reasons set forth above, the government's motion should be denied.

Respectfully submitted,


/s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 450-3370
Fax: (202) 450-3346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of February 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.


/s/ Steven J. McCool
STEVEN J. McCOOL