UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 20-040 (BAH) |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA OSEGUERA GONZALEZ, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRETRIAL STATEMENT**

The United States and Defendant Jessica Oseguera Gonzalez, through undersigned counsel, respectfully submit this Joint Pretrial Statement as required by the Court's Standing Order in Criminal Cases. *See* Dkt. No. 16 ("Standing Order").

**I.   Written Statements Regarding Plea Communications**

Pursuant to paragraph 8.a. of the Court's Standing Order, the government's statement regarding the terms of its plea offer to the defendant are set forth in Exhibit 1 hereto. The defendant's counsel's statement regarding communication to the defendant of plea offers and of sentencing exposure is attached as Exhibit 2 hereto.

**II.   Joint Statement of the Case**

Pursuant to paragraph 8.b. of the Standing Order, the government proposes the following statement of the case to be read to prospective jurors:

> The defendant is charged with five counts of violating the Foreign Narcotics Kingpin Designation Act, which is also called the "Kingpin Act" for short. The Kingpin Act prohibits any U.S. person, such as a U.S. citizen, from engaging in any transaction or dealing with a person or entity designated by the U.S. government as a "significant foreign narcotics trafficker." The Kingpin Act also prohibits any U.S. person or entity from engaging in any transaction or dealing with foreign entities that have been designated by the Office of Foreign Assets Control ("OFAC") in the Department of the Treasury for providing material assistance or support to a significant foreign narcotics trafficker. The defendant is charged with engaging in transactions or dealings with six foreign businesses that were designated by OFAC for providing material assistance or support to the Mexico-

based Cartel Jalisco Nueva Generacion, which has been designated by the U.S. government as a "significant foreign narcotics trafficker."

The defendant disagrees with the government's proposed statement, and proposes instead that the following be read to prospective jurors:

> The defendant is charged with five counts of violating the Kingpin Act. The Kingpin Act prohibits any U.S. person, such as a U.S. citizen, from knowingly and willfully engaging in any transaction or dealing with a person or entity designated by the U.S. government. Ms. Gonzalez is presumed innocent. In order to overcome this presumption of innocence, the government must prove each of the following beyond a reasonable doubt. First, Ms. Gonzalez knew that the entities identified in the Indictment were designated by the U.S. government. Second, Ms. Gonzalez understood that it was illegal for her to engage in dealings or transactions with those designated entities. And, third, with knowledge of this illegality, Ms. Gonzalez still engaged in dealings or transactions with the entities identified in the Indictment.

### III.   Proposed *Voir Dire* Questions

Proposed *voir dire* questions are set forth in Exhibit 3 hereto, which notes both the questions on which the parties agree as well as the questions on which the parties disagree.

### IV.   Proposed Jury Instructions

Proposed jury instructions are set forth in Exhibit 4 hereto, which indicates the instructions on which the parties disagree as well as differing proposals and citations to appropriate authority in the event of disagreement.

### V.   Expert Witnesses

The government anticipates moving to qualify the following witnesses as experts:

- Alonzo Bell, or alternatively Nathalie Smith, who are both employed by the Office of Foreign Asset Control ("OFAC") as Enforcement Officers. OFAC publishes a list of individuals and companies owned, controlled, or materially supported by designated countries or individuals such as significant foreign narcotics traffickers.

> OFAC requires a license for any U.S. person to transact business with any individual or entity on the list. As Enforcement Officers, Mr. Bell, or alternatively Ms. Smith, have specialized knowledge of the OFAC sanction programs, including the Kingpin Act, and the licensing process.

*Defendant's Objection:  As to Alonzo Bell or Nathalie Smith, Ms. Gonzalez submits that the government's summary does not satisfy the requirement of the Court's Standing Order that the parties provide a "brief description of each witness' . . . expected testimony." Instead, the government's summary states only that Mr. Bell and Ms. Smith have "specialized knowledge of the OFAC sanction programs, including the Kingpin Act, and the licensing process." Ms. Gonzalez reserves the right to object to these experts at trial, and to seek a recess or continuance if necessary to evaluate the bases for the experts' testimony, or any documents that they created or relied upon that have not yet been produced to Ms. Gonzalez.*

- Judi O'Brien is a Translator and Language Services Coordinator for the U.S. Department of Justice. Ms. O'Brien prepared English translations of Spanish-language news articles, foreign corporate documents, social media posts, websites, and other documents to be introduced at trial. Ms. O'Brien will testify that she reviewed the documents in Spanish and translated them into English, and that each English translation is a true and accurate translation of the Spanish document.

*Defendant's Objection:  As to Judi O'Brien, Ms. Gonzalez objects on the ground that the government has not yet identified the translations it will seek to admit at trial from its over 50,000 pages of discovery. Given this, Ms. Gonzalez reserves the right to object to*

3

*this expert at trial, if, after having an opportunity to review the accuracy of the translations to which Ms. O'Brien will testify, Ms. Gonzalez has an objection as to Ms. O'Brien's proffered area of expertise.*

Pursuant to Paragraph 8(e) of Chief Judge Howell's Standing Order for Criminal Cases, Defendant Jessica Johanna Oseguera Gonzalez submits that she may call Joseph Caruso and/or Vincent Risalvato as an expert witness.

- Joseph Caruso is the Founder, Chief Executive Officer, and Chief Technology Officer of Global Digital Forensics. Mr. Caruso is a recognized industry leader in the fields of computer forensics, eDiscovery and cyber security, and has over 20 years of active in-the-field experience in numerous technology areas. Mr. Caruso has testified as an expert in state and federal courts on numerous occasions.

- Vincent Risalvato is the Southeast Director of Global Digital Forensics. Mr. Risalvato has over 35 years of technology experience. Mr. Risalvato has testified as an expert in state and federal courts on numerous occasions.

- Should the government present evidence from web hosting companies, Mr. Caruso and/or Mr. Risalvato is expected to testify that, in his expert opinion, the records are unreliable. Mr. Caruso and/or Mr. Risalvato will also be prepared to rebut any evidence submitted by the government regarding computer evidence, including evidence obtained from any social media or email accounts.

*Government Objection: The government submits that this summary by the defendant does not satisfy the requirement of the Court's Standing Order that the parties provide a "brief description of each witness' . . . expected testimony." To say only that the expert will "rebut*

4

*evidence" and testify that "records are unreliable" provides no substantive information about the opinions that the defendant intends to offer, much less the bases for those opinions. The government reserves the right to object to these experts at trial, and to seek a recess or continuance if necessary to evaluate the experts' methods, the bases or their opinions, or any documents that they created or relied upon that have not yet been produced to the government.*

### VI.  Motions *in Limine*

Apart from motions already briefed, the parties anticipate that the motions *in limine* listed below may be filed in advance of trial. The government anticipates filing the following motion *in limine*:

- Motion to Preclude Testimony or Argument Related to Vindictive Prosecution Claim

The government will promptly identify any other issue and will promptly file any necessary motions *in limine* that are not apparent at this time but may arise before trial.

The defendant anticipates filing the following motions *in limine*:

1. Defendant's Motion *in Limine* to Admit Statements of Party Opponent and Incorporated Memorandum of Points and Authorities

2. Defendant's Motion *in Limine* to Exclude Evidence and Testimony Offering Conclusions or Speculation Regarding Defendant's Beliefs, Understandings, Motivations, or Knowledge and Incorporated Memorandum Of Points And Authorities

3. Defendant's Motion *in Limine* to Exclude Irrelevant and Prejudicial Argument, Evidence, and Testimony at Trial and Incorporated Memorandum of Points and Authorities

4. Defendant's Motion i*n Limine* to Allow Defendant to Present Argument or Elicit Testimony at Trial Without Opening the Door to the Government's Proposed Fed. R. Evid. 404(B) Evidence and Incorporated Memorandum of Points and Authorities

5. Defendant's Motion *in Limine* to Exclude Social Media Evidence Produced Without Corresponding Metadata and Incorporated Memorandum of Points and Authorities

6. Defendant's Motion *in Limine* to Exclude Argument, Testimony, or Evidence Relating to Defendant's Tax Returns and Incorporated Memorandum of Points and Authorities

7. Defendant's Motion *in Limine* for an Order Directing the Government to Produce Demonstratives Fourteen Days Before Trial and Incorporated Memorandum of Points and Authorities

8. Defendant's Motion *in Limine* to Compel the U.S. Department of Treasury, Office of Foreign Assets Control to Provide a Specific License to Defense Counsel and Incorporated Memorandum of Points and Authorities

9. Defendant's Motion *in Limine* for Additional Information Regarding the Court's Trial Procedures in Light of the COVID-19 Pandemic and Incorporated Memorandum of Points and Authorities

10. Defendant's Motion *in Limine* for an Order Directing the District of Columbia Department of Corrections to Provide Defendant Gonzalez Video Access to Her Counsel During Trial and Incorporated Memorandum of Points and Authorities

Ms. Gonzalez will promptly identify any other issue and will promptly file any necessary motions *in limine* that are not apparent at this time but may arise before trial.

### VII. Prior Convictions

The government does not anticipate offering any prior convictions in evidence.

### VIII. Government's Exhibit List

A list of exhibits that the government expects to offer at trial is attached hereto as Exhibit 5.

### IX. Stipulations

The parties have agreed in principle to the following stipulation, and are working to finalize the stipulation in advance of trial:

- Stipulation as to the Defendant's Status as a "United States Person"

The government has requested the following stipulations of the defense, and the defense has either rejected them or not yet made a decision:

- Stipulation as to the Authenticity of Emails, Social Media, and Internet Archive Records Produced in Response to Search Warrants and/or With 902(13) Certifications

- Stipulation for the Use of Translations for Spanish-Language Documentary Evidence

### X. Proposed Verdict Form

A proposed verdict form is attached hereto as Exhibit 6.

Respectfully submitted this 22nd day of February, 2021.

| | |
|---|---|
| McCool Law PLLC | Arthur Wyatt, Chief |
| | Narcotic and Dangerous Drug Section |
| /s/ Steven McCool | Criminal Division |
| Steven McCool | U.S. Department of Justice |
| Julia Coleman | |
| | /s/ Brett Reynolds |
| McCool Law PLLC | Brett Reynolds |
| 1776 K Street NW, Ste. 200 | Kaitlin Sahni |
| Washington, D.C. 20006 | Kate Naseef |
| (202) 450-3370 | |
| smccool@mccoollawpllc.com | Narcotic and Dangerous Drug Section |
| | Criminal Division |
| | U.S. Department of Justice |
| | 145 N Street NE, 2nd Floor East |
| | Washington, D.C. 20530 |
| | (202) 598-2950 |
| | brett.reynolds@usdoj.gov |