**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 20-cr-00040 (BAH)** |
| | ) | |
| **JESSICA JOHANNA OSEGUERA** | ) | |
| **GONZALEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT JESSICA JOHANNA OSEGUERA GONZALEZ'S**
**OMNIBUS REPLY IN SUPPORT OF HER MOTIONS *IN LIMINE* AND**
**INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Jessica Johanna Oseguera Gonzalez, by and through her undersigned counsel,

respectfully submits the following reply in support of her following motions *in limine*:

- Motion *in Limine* to Admit Statements of Party Opponent and Incorporated Memorandum of Points and Authorities [ECF 178];

- Motion *in Limine* to Exclude Evidence and Testimony Offering Conclusions or Speculation Regarding Defendant's Beliefs, Understandings, Motivations, or Knowledge and Incorporated Memorandum of Points and Authorities [ECF 179];

- Motion *in Limine* to Exclude Irrelevant and Prejudicial Argument, Evidence, and Testimony at Trial and Incorporated Memorandum of Points and Authorities [ECF 180];

- Motion *in Limine* to Allow Defendant to Present Argument or Elicit Testimony at Trial Without Opening the Door to the Government's Proposed Fed. R. Evid. 404(b) Evidence and Incorporated Memorandum of Points and Authorities [ECF 181];

- Motion *in Limine* to Exclude Social Media Evidence Produced Without Corresponding Metadata and Incorporated Memorandum of Points and Authorities [ECF 182];

- Motion *in Limine* to Exclude Argument, Testimony, or Evidence Relating to Defendant's Tax Returns and Incorporated Memorandum of Points and Authorities [ECF 183];

- Motion *in Limine* for an Order Directing the Government to Produce Demonstratives Fourteen Days Before Trial and Incorporated Memorandum of Points and Authorities [ECF 184];

- Motion *in Limine* for Additional Information Regarding the Court's Trial Procedures in Light of the COVID-19 Pandemic and Incorporated Memorandum of Points and Authorities  [ECF 186]; and

- Motion *in Limine* for an Order Directing the District of Columbia Department of Corrections to Provide Defendant Gonzalez Video Access to Her Counsel During Trial and Incorporated Memorandum of Points and Authorities  [ECF 187].[1]

Nothing in the government's responses to the above-listed filings causes Ms. Gonzalez to retreat from the arguments set forth in her motions *in limine*.  For the reasons set forth below, Ms. Gonzalez respectfully submits that the Court should grant her motions *in limine* in this matter.

## ARGUMENT

1. The Statements Set Forth in Ms. Gonzalez's Motion *in Limine* to Admit Statement of Party Opponent are Properly Admissible Under Fed. R. Evid. 801.

In its opposition to Ms. Gonzalez's motion *in limine* to admit five statements made to defense counsel during the course of this case, the government hides behind the argument that since the government merely relayed the statements of an informant to defense counsel, the statements should not be admitted against the government.  The government also states, for the first time, that it, in fact, "does *not* believe these statements are trustworthy," in an effort to claim the statements' inadmissibility under Fed. R. Evid. 801(d)(2)(B).  Nowhere in its August 24, 2020 letter disclosing the confidential informant's statements did the government make any statements suggesting that the informant's representations lacked trustworthiness.  *See* ECF 178-1.  The fact of the matter remains that Statement Nos. 1 and 2 in Ms. Gonzalez's motion were

---

[1] On March 1, 2021, Ms. Gonzalez moved to withdraw her Motion *in Limine* to Compel the U.S. Department of Treasury, Office of Foreign Assets Control to Provide a Specific License to Defense Counsel and Incorporated Memorandum of Points and Authorities (ECF 185), as OFAC provided a specific license to McCool Law and the relief sought through Ms. Gonzalez's motion was, therefore, satisfied.  *See* ECF 201.  The Court granted Ms. Gonzalez's motion to withdraw the same day.  *See* Mar. 1, 2021 Minute Order.

made by government counsel to defense counsel, in the course of government counsel's representation of the United States.  For these reasons, Statements No. 1 and 2 should be admitted as statements of party opponents.

Regarding Statement Nos. 3 and 4, Ms. Gonzalez will explore the government's willingness to stipulate to Ms. Gonzalez's dates of travel into the United States.  Should the parties not reach a consensus on the language of a stipulation, however, Ms. Gonzalez maintains that these statements would be properly introduced as a statement of party opponent, and could be used during the cross-examination of any law enforcement agent with knowledge of the government's investigation of Ms. Gonzalez.

Lastly, in its opposition, the government represents that it does not seek to use the screen shot, which forms the basis of Statement No. 5.  *See* ECF 203, at 3-4.  Should the government attempt to admit this document at trial, however, Ms. Gonzalez maintains that Statement No. 5 would be properly admitted as a statement of party opponent, to call the integrity of screen shot into question.  For these reasons, the Court should grant Ms. Gonzalez's motion.

2. <u>Witnesses Should Not Be Permitted to Speculate as to Ms. Gonzalez's State of Mind.</u>

In her motion filed at ECF 179, Ms. Gonzalez sought to preclude the government from eliciting testimony consisting of a witness's speculative belief of Ms. Gonzalez's alleged awareness of the OFAC designations.  *See* ECF 179.  As set forth in Ms. Gonzalez's motion, evidence of the OFAC designations, including "blocking notices" sent to individuals other than Ms. Gonzalez, news articles, and copies of the Federal Register, unaccompanied by independent proof that Ms. Gonzalez saw or was aware of those documents, inherently call for speculation of Ms. Gonzalez's *mens rea*.  *Id.* at 2.

In its opposition, the government concedes that it "does not intend to elicit testimony that consists of speculation about the defendant's knowledge or legal conclusions regarding her willfulness." *See* ECF 203, at 5. Should the government attempt to elicit any such testimony at trial, Ms. Gonzalez will lodge appropriate objections. To the extent the government claims that the "documentary evidence" Ms. Gonzalez seeks to exclude "speaks for itself," Ms. Gonzalez reiterates that the evidence she seeks to exclude does *not* suggest that Ms. Gonzalez had actual knowledge of the OFAC designations at issue in this case. Instead, it is evidence only that information regarding the OFAC designations was available through certain forums. This evidence, without testimony that Ms. Gonzalez was aware of any "blocking notices," news articles, or Federal Register publications, calls for rank speculation, and, given this, should be excluded.

3.  Ms. Gonzalez Will Not Be Afforded a Fair Trial if Evidence Relating to Cartels, <u>Violence, or Drugs are Admitted</u>.

In its opposition to Ms. Gonzalez's motion *in limine* to exclude irrelevant and prejudicial argument (ECF 180), the government argues that "the excision of any mention of narcotics . . . would deprive the jury of any context for OFAC's decision to designate the businesses at issue here, leading only to substantial confusion." *See* ECF 203, at 6. This argument solidifies the concern that Ms. Gonzalez has already raised in this case – the government is going to attempt to inflame the jury's passions against Ms. Gonzalez by introducing evidence of violence, narcotics trafficking, and cartels in the name of the "context" of OFAC's decision to designate the entities in the Superseding Indictment, while Ms. Gonzalez is left without the ability to cast doubt on or challenge those very designations. In this vein, the government dismisses Ms. Gonzalez's offered stipulation to the fact that the entities in the Superseding Indictment were designated by

OFAC as "no solution" because such a stipulation "does not support an inference of willfulness." *Id.* at 8 n.5. This is a transparent attempt by the government to ensure that it will be permitted to introduce highly prejudicial evidence regarding narcotics trafficking at trial. Indeed, the government states that "[t]he April 2015 designation of the cartels . . . are not ancillary or extraneous, but are critical in explaining the case against the defendant herself." *Id.* at 7. Not so. With a stipulation to the fact of the OFAC designations, the government's proof would instead focus on Ms. Gonzalez's *mens rea* – whether she knew the entities in the Superseding Indictment were designated by OFAC, whether she knew that engaging in transactions or dealings with those entities was illegal, and whether, armed with that knowledge, she engaged in transactions or dealings with those entities. Given this, it is unclear how the purported narcotics-based rationale underlying the OFAC designations are "critical in explaining the case against" Ms. Gonzalez, when she is not charged with narcotics trafficking. The only purpose of the government's proposed evidence of the April 2015 designations and other cartel-based evidence is to inflame the jury's passions against Ms. Gonzalez, in violation of Fed. R. Evid. 403.

The government also confirms in a footnote that it does intend to elicit that Ms. Gonzalez was "arrested in this courthouse as she arrived to attend court hearings related to her brother." *See* ECF 203, at 12 n.6. The government claims that to withhold such testimony from the jury would "risk[] inviting the jury's speculation as to the circumstances of the defendant's arrest, and would invariably come across as if the parties and the Court are hiding something from the jury." *Id.* The facts and circumstances of Ms. Gonzalez's arrest are *not* an element of the charged offenses in this case. The fact that Ms. Gonzalez was "arrested in this courthouse as she arrived to attend court hearings related to her brother," has absolutely no relevance as to whether she violated the Kingpin Act, as alleged in the Superseding Indictment. Indeed, the government does

not even attempt to argue that the circumstances of Ms. Gonzalez's arrest are in any way relevant to the charges against her.  Instead, the government hides behind the statement that it does not want to seem that it is "hiding something from the jury," in an attempt to introduce even more prejudicial, irrelevant evidence against Ms. Gonzalez.  Given the complete lack of relevance any such evidence has to the charges against Ms. Gonzalez, the evidence must be excluded under Fed. R. Evid. 401, 402, and 403.

Lastly, the government's suggestion that drug trafficking evidence can be introduced with a "cautionary and limiting instruction to the jury" belittles the real and serious unfair prejudice that Ms. Gonzalez will suffer if any such evidence is admitted.  *See* ECF 203 at 7, 12.  Once the government begins improperly associating Ms. Gonzalez with drugs and violence before the jury, the jury will not be able to focus on whether Ms. Gonzalez was unaware of the OFAC designations or whether Ms. Gonzalez was aware that it was illegal to transact with the entities in the Superseding Indictment.  Instead, and Ms. Gonzalez respectfully submits, with or without a limiting instruction, the jury will focus only on the evidence relating to drug trafficking and violence.  Such an outcome would eliminate any possibility of a fair trial and, given this, Ms. Gonzalez's motion should be granted.

4.  Ms. Gonzalez Should Be Permitted to Argue That She is Not Charged With Drug Trafficking, Money Laundering, or Crimes of Violence Without Opening the Door to the Government's Proffered Rule 404(b) Evidence.

Through her filing at ECF 181, Ms. Gonzalez sought an Order allowing her present argument or elicit testimony that she has not been charged with drug trafficking, money laundering, or crimes of violence, without opening the door to the government's proffered Fed. R. Evid. 404(b) evidence.  *See* ECF 181.  In its opposition, the government states that simply stating or eliciting such testimony "may not necessarily open the door to the government's

proffered 404(b) evidence." *See* ECF 203, at 13. The government goes on to state several ways in which similar testimony and/or argument could open the door to its Rule 404(b) evidence. *Id.* The government also notes that any such statements may be objectionable as they could be "improper appeals to the sympathies of the jury." *Id.* at 13 n.7. Should the Court allow the government to present its desired evidence of narcotics trafficking, however, Ms. Gonzalez must be permitted to make clear to the jury that she is *not* charged with the very crimes that the government will attempt to associate with her. Any such argument and/or testimony presented by Ms. Gonzalez on this subject, therefore, would not be "improper appeals to the sympathies of the jury," but would instead be attempts to mitigate the unfair prejudice caused by the government's arguments.

Given the uncertainty of where the line falls with respect to testimony and/or argument that may or may not open the door, Ms. Gonzalez respectfully requests clarity as to whether argument that she is not charged with any of the above-referenced offenses would open the door to the government's currently excluded evidence. For these reasons, Ms. Gonzalez's motion should be granted.

5.  Social Media Evidence Lacking Metadata is Unreliable and Ms. Gonzalez's Motion to <u>Exclude (ECF 182) Should, Therefore, Be Granted.</u>

In its opposition to Ms. Gonzalez's motion, the government argues that "photographs posted to social media that will be introduced into evidence in this case are relevant *regardless* of the date on which the photographs were taken." *See* ECF 203, at 14. The government goes on to state that it is the "date the photo was posted" that is "relevant to the charges," not the date on which the photograph was taken. *Id.* at 15. As the government is well aware, dates are incredibly important in this case. Whether an action occurred before an entity was designated

will be incredibly important to the relevance of that information at trial.  For this reason, any social media photographs that are offered without the date on which the photograph was actually taken, should be excluded as irrelevant, unreliable, and unfairly prejudicial to Ms. Gonzalez's defense.

6.  The Government's Arguments for the Admissibility of Ms. Gonzalez's Tax Returns Are Hollow and Ms. Gonzalez's Motion to Preclude That Evidence (ECF 182) Should, <u>Therefore, Be Granted.</u>

As set forth in Ms. Gonzalez's motion (ECF 182), the government now seeks to introduce evidence relating to Ms. Gonzalez's alleged failure to file tax returns between 2013 and 2019. The government argues that it should be permitted to introduce this wholly irrelevant and highly prejudicial evidence at trial to argue that the government could not "have easily located her to deliver notice."  *See* ECF 203, at 17.  As stated in Ms. Gonzalez's motion, the government possessed information it could have used to attempt to locate Ms. Gonzalez as early as 2015, and received additional information it could have used to attempt to locate Ms. Gonzalez in 2018. *See* ECF 183, at 4.  The government, therefore, possessed information it could have used in an attempt to locate Ms. Gonzalez at any time beginning in 2015.

For these reasons, it would be improper to allow the government to introduce irrelevant and highly prejudicial "other crimes" evidence regarding Ms. Gonzalez's tax filings to advance an argument that is undercut by the government's own discovery.[2]  Ms. Gonzalez's motion,

---

[2] The government mentions, for the first time, in a footnote that it may also seek to introduce evidence regarding the registration and contacts in a phone allegedly in Ms. Gonzalez's possession at the time of her arrest and evidence that Ms. Gonzalez "avoided registering a hotel room in her name when she was in Washington, D.C. at the time of her arrest."  *See* ECF 203, at 18 n. 10.  The government's argument that these actions betray a lack of consciousness of guilt fall flat.  There is no evidence to suggest that Ms. Gonzalez attempted to conceal her movements into and out of the United States from 2015 to 2020.  The government's attempt to introduce evidence that she attempted to evade the detection of law enforcement because a cell phone on her person at the time of her arrest had only three contacts and any testimony that Ms. Gonzalez did not personally register for a hotel room in Washington, D.C.,

therefore, should be granted.

7.  The Government Should Be Required to Disclose All Demonstratives 14 Days Prior to
    <u>Trial.</u>

In its Omnibus Response to Ms. Gonzalez's Motions *in Limine*, the government agrees to provide any demonstrative exhibits to defense counsel 14 days prior to trial.  *See* ECF 203, at 18. The government excludes, however, exhibit compilations that it may use in its closing argument, or during witness examinations, with the defense.   Ms. Gonzalez acknowledges that the government may not know, at this point, which exhibits it will use during its closing argument. Once the government has rested, however, Ms. Gonzalez reserves the right to renew her request for all demonstratives, including exhibit compilations, the government intends to use during its closing argument.  Ms. Gonzalez also requests any demonstratives the government intends to use during its rebuttal argument.

Ms. Gonzalez also submits that any "slide presentations" (*see id.* at 18 n.11) the government intends to use with its witnesses would qualify as demonstratives.   As the government has refused to include these presentations in its agreement to produce demonstratives to the defense 14 days prior to trial, Ms. Gonzalez requests the Court enter an Order directing the government to do so, so she has adequate time to review and lodge any appropriate objections without wasting the Court and the jury's time during trial.

8.  Ms. Gonzalez's Motion *in Limine* for Additional Information Regarding the Court's Trial
    <u>Procedures in Light of the COVID-19 Pandemic (ECF 186), Should Be Granted.</u>

The government does not object to Ms. Gonzalez's motion *in limine* for additional information regarding the Court's trial procedures in light of the COVID-19 pandemic.  *See* ECF 203, at 19.  Instead, the government states only that the Court's procedures "can be discussed at

---

even though the government does not contend that she was traveling alone, would only confuse the issues, mislead the jury, and waste time, in violation of Fed. R. Evid. 403.

the pretrial conference." *Id.* Ms. Gonzalez agrees that the additional information requested through her motion should be discussed by the Court and counsel during the pretrial conference and, therefore, respectfully requests that her motion be granted.

9. Ms. Gonzalez's Request for Video Visits with Her Counsel During Trial (ECF 187) Should Be Granted.

The government "takes no position" on Ms. Gonzalez's motion for an Order directing the District of Columbia to provide her with video access to her counsel during trial. *See* ECF 203, at 19. The government goes on to state that it "understands from its own communications with DC DOC that contactless visits will be available to the defendant and her counsel at DC DOC facilities during trial." *Id.* Counsel's understanding is that there is a difference between contactless visits and video visits. Video visits will allow Ms. Gonzalez access to all of her counsel at once, as well as access to documents through counsel's ability to share their screen with Ms. Gonzalez. Contactless visits involve in-person visits with Plexiglas between counsel and Ms. Gonzalez, during which phones are used for communication. It is very difficult to hear Ms. Gonzalez over the telephone, and there is no opportunity for simultaneous translation. On video, counsel is able to translate as needed. Contactless visits, therefore, will not provide Ms. Gonzalez the ability to speak with more than one of her counsel at once, will not allow counsel to display documents electronically during meetings, and will not allow counsel to translate simultaneously for Ms. Gonzalez. For these reasons, Ms. Gonzalez submits that her motion to allow video visits with her counsel during trial (ECF 187) should be granted.

## **CONCLUSION**

For the foregoing reasons, Ms. Gonzalez respectfully submits that her motions *in limine*

filed at ECF 178, 179, 180, 181, 182, 183, 184, 186, and 187 should be granted.

Respectfully submitted,


      /s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone:  (202) 450-3370
Fax:  (202) 450-33346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of March 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.

        /s/ Steven J. McCool
STEVEN J. McCOOL
