

**FILED**

**MAR 1 2 2021**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO.: 20-cr-040 (BAH) |
| | ) |
| JESSICA JOHANNA OSEGUERA GONZALEZ, | ) |
| | ) |
| Defendant. | ) |

### PLEA AGREEMENT

The United States of America, through the Narcotic and Dangerous Drug Section of the Criminal Division, United States Department of Justice (hereinafter referred to as the "United States" or "Government") and JESSICA JOHANNA OSEGUERA GONZALEZ, (hereinafter referred to as the "Defendant"), enter into the following Plea Agreement (hereinafter referred to as "Plea Agreement"):

### Defendant's Obligations, Acknowledgments, and Waivers

1. **Charges.** The Defendant agrees to plead guilty to Counts One, Two, Three, Four, and Five of the Superseding Indictment, which charge the Defendant with (1) willfully engaging in transactions or dealings in property or interests in property of foreign persons designated by the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC") as materially assisting in, or providing support for or to, or providing goods or services in support of, the international narcotics trafficking activities of the significant foreign narcotics trafficker known as the Cartel de Jalisco Nueva Generacion, and/or being controlled or directed by, or acting for or on behalf of, Cartel de Jalisco Nueva Generacion, without first obtaining the required license from OFAC, and (2) engaging in transactions or dealings to evade and avoid or, that had the effect of evading and avoiding, the prohibition on transactions or dealings in property or interests in property of foreign persons designated by OFAC as set forth above, all in violation of Title 21, United States Code, Sections 1904(c)(1), 1904(c)(2), and 1906(a)(1). The Defendant also knowingly and voluntarily pleads guilty to the allegations in Counts One through Five of the Superseding Indictment that she was an officer, director, and/or agent of the foreign entities named in the five counts of the Superseding Indictment, who knowingly participated in the violations alleged in the respective counts of the Superseding Indictment, in violation of Title 21, United States Code, Section 1906(a)(2).

The Defendant acknowledges and will reaffirm at the time of the plea of guilty the truth of the facts set forth in the Statement of Facts signed by her, which is attached to this Plea Agreement and incorporated herein. As it pertains to the Defendant's plea of guilty, the Defendant hereby waives any and all affirmative defenses that may have been presented if this matter had proceeded to trial.

1

2. **Potential Penalties, Assessments, and Restitution.** The Defendant understands that the criminal penalty provisions to which the Defendant is pleading guilty carry a statutory maximum term of up to ten (10) years imprisonment and a fine of up to $10,000,000, but that because she is pleading guilty to being an officer, director, or agent of an entity who knowingly participated in a violation of the Foreign Narcotics Kingpin Designation Act, the criminal penalty provisions to which she is pleading guilty carry a statutory maximum term of up to thirty (30) years imprisonment and a fine of up to $5,000,000. The Defendant also understands that she will not be able to withdraw her guilty plea if she believes the sentence the Court imposes istoo harsh.

In addition, the Defendant agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court before the date of sentencing, pursuant to Title 18, United States Code, Section 3013. The Defendant also understands that pursuant to Title 18, United States Code, Section 3571 and Section 5E1.2 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

3. **Sentencing Guidelines.** The Defendant understands that she will be sentenced according to Title 18, United States Code, Section 3553(a), upon consideration of the Sentencing Guidelines, which will apply to determine the Defendant's guideline range.

Although not binding on the Court or U.S. Probation, the parties agree that the following Sentencing Guideline calculations, at minimum, apply in this case:

   a. The Sentencing Guidelines do not prescribe a specific offense conduct guideline for the offense to which the Defendant is pleading guilty; thus, a sentencing court applies the "most analogous offense guideline" pursuant to § 2X5.1 of the Sentencing Guidelines;

   b. The Defendant agrees that § 2M5.1(a)(1) of the Sentencing Guidelines is the "most analogous offense guideline" because the offense for which she is pleading guilty involved a "national security control[]" within the meaning of that section.

   c. Under § 2M5.1(a)(1) of the Sentencing Guidelines, the Defendant agrees that the base offense level for the crimes to which the defendant is pleading guilty is **26.**

   d. The parties agree that the Defendant may seek a downward variance from the otherwise applicable guideline range established by the Sentencing Guidelines and the Court, pursuant to the factors set out in Title 18, United States Code, Section 3553(a). However, the Government may oppose any such arguments.

   e. The Government agrees that it will not seek an upward departure or adjustment

2

from the agreed Guidelines level of 26.[1]

The parties agree that the failure of the Court or the Probation Office to determine that § 2M5.1(a)(1) is the most analogous offense guideline will not void this Plea Agreement.

The Government agrees that it will recommend at sentencing that the Court reduce by two (2) levels the Guidelines level applicable to the Defendant's offense pursuant to § 3E1.1(a) of the Sentencing Guidelines, based on the Defendant's acceptance of responsibility, for an adjusted Guidelines level of **24**. For purposes of calculating the applicable Sentencing Guidelines in this case, the United States and the Defendant believe the Defendant's criminal history is Category I. The Government further specifically agrees to recommend to the Court at sentencing that the Defendant be given a sentence at the bottom end of the applicable Guidelines range, to wit, 51 months. However, the United States will not be required to make either of these recommendations if the Defendant:

   a. fails or refuses to make full, accurate, and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct; or

   b. is found to have misrepresented facts to the Government prior to or afterentering this Plea Agreement; or

   c. commits any misconduct after entering into this Plea Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmentalentity or official.

Moreover, the Defendant understands that pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the federal courts are not bound by the Federal Sentencing Guidelines, but must consult those Guidelines and take them into account when sentencing. The Defendant understands further that this means the Court may impose a sentence that is either more severe or less severe than the advisory guideline range. The Defendant thus understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and

---

[1] In particular, the Government is not seeking an aggravating role enhancement pursuant to § 3B1.1 of the Sentencing Guidelines. As charged in the Superseding Indictment, and as admitted in the Statement of Facts that accompanies this Agreement, the Defendant was a sole administrator and an "officer, director, or agent of an entity" within the meaning of 21 U.S.C. § 1906(a)(2). The definition of an "officer, director, or agent" under that section, however, is not coextensive with the definition of an "organizer or leader" or "manager or supervisor" of criminal activity within the meaning of § 3B1.1 of the Sentencing Guidelines, and under the particular facts and circumstances of this case, the Government has agreed not to seek that enhancement here. The government is also not seeking an adjustment for obstructing or impeding the administration of justice pursuant to § 3C1.1 of the Sentencing Guidelines, and the government does not believe that such an adjustment is warranted by the facts and circumstances of this case.

3

that the Defendant may not withdraw the plea if her sentence is at or below the statutory maximum sentence.

The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, or the Government, is a prediction, not a promise, and is not binding on the Government or the Court.

The Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this Plea Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that the Defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by both the Defendant and the Government.

The Defendant understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this Plea Agreement or serve as a basis for the withdrawal of the Defendant's plea. The Defendant understands and agrees that she will not be allowed to withdraw the guilty plea entered pursuant to this Plea Agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this Plea Agreement.

The Defendant further understands that the sentence to be imposed is a matter solely within the discretion of the Court. The Defendant acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

The Government reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the Defendant pursuant to this Agreement, to correct any factual errors asserted by the Defendant.

4. **Removal.** The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Because removal and other immigration consequences are the subjects of a separate proceeding, the Defendant understands that no one, including the Defendant's attorney or the District Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

5. **Waiver of Constitutional and Statutory Rights.** The Defendant understands that by pleading guilty in this case she agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty and the right to a jury trial. At trial, the Defendant would have the right to be represented by counsel, to confront and cross-examine witnesses against her, to compel witnesses to appear for the purpose of testifying and

4

presenting other evidence on the Defendant's behalf, and to choose whether to testify herself. If the Defendant chose not to testify at a jury trial, she would have the right to have the jury instructed that her failure to testify could not be held against her. The Defendant would further have the right to have the jury instructed that she is presumed innocent until proven guilty, and that the burden would be on the United States to prove her guilt beyond a reasonable doubt. If the Defendant were found guilty after a trial, she would have the right to appeal the conviction. Additionally, the Defendant waives any right to have facts that determine her sentence under the Guidelines alleged in the Indictment or found by a jury beyond a reasonable doubt.

The Defendant understands that the Fifth Amendment to the Constitution of the United States protects her from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, the Defendant knowingly and voluntarily waives or gives up this right against self-incrimination as to statements provided in connection with this Plea Agreement.

The Defendant agrees that with respect to the charge referred to in paragraph 1, she is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A, and will not file any claim under that law. The Defendant waives any right to additional disclosure from the Government in connection with the guilty plea.

6. **Appeal Waiver.** The Defendant is aware that federal law, specifically Title 18, United States Code, Section 3742, affords the Defendant the right to appeal her sentence. The Defendant is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, the Defendant waives any argument that the statute to which the defendant is pleading guilty is unconstitutional; any argument that her admitted conduct does not fall within the scope of the statute; and waives the right to appeal her sentence or the manner in which it was determined pursuant to Title 18, United States Code, Section 3742, *unless* the sentence (1) exceeds the maximum permitted by statute, (2) results from an upward departure from the Guidelines range established by the Court at sentencing, or (3) is based on a Guidelines range established by the Court that includes an enhancement for either an aggravating role pursuant to Sentencing Guideline § 3B1.1 or for obstructing or impeding the administration of justice pursuant to Sentencing Guideline § 3C1.1, neither of which the Government is seeking in this case. The Defendant further waives her right to appeal or collaterally attack her guilty plea and sentence pursuant to 28 U.S.C. § 2255, except to the extent such a motion is based on newly discovered evidence or on a claim that the Defendant received ineffective assistance of counsel in entering into this Plea Agreement or in connection with sentencing.

7. **Pre-Sentencing Detention.** The Defendant further agrees not to object in the event that the Government recommends to the Court at the time of the guilty plea in this case that, pursuant to Title 18, United States Code, Section 3143, the Defendant be detained without bond pending the Defendant's sentencing in this case.

8. **Reservation of Allocution.** The Defendant understands that the United States reserves its full right of allocution for purposes of sentencing in this matter. The United States further reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of the Defendant's misconduct, including any misconduct not described in the charges to which the Defendant is pleading guilty. The United States also reserves the right to

inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Plea Agreement.

The Defendant also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case. The Government and the Defendant agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against the Defendant for any purpose at the sentencing in this case any self-incriminating information provided by the Defendant in connection with this Plea Agreement.

9. **Notification to Court and Probation Office.** The United States will inform the Court and the U.S. Probation Office of all facts pertinent to the sentencing process, including all relevant information and conduct concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.

## General Conditions

10. **Prosecution by Other Agencies/Jurisdictions.** This Plea Agreement only binds the Narcotic and Dangerous Drug Section, Criminal Division of the Department of Justice. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, or any state or local prosecutor. These individuals and agencies remain free to prosecute the Defendant for any offense(s) committed within their respective jurisdictions.

11. **Voluntariness.** The Defendant represents to the Court that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is in fact guilty, and represents to the Court that she is fully satisfied with the legal advice, guidance and representation she has received from her attorney.

ARTHUR G. WYATT
CHIEF, NARCOTIC & DANGEROUS DRUG SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

Date: 3/10/2021        By: _____
                            Brett Reynolds

                            _____
                            Kaitlin Sahni

                            _____
                            Kate Naseef
                            Trial Attorneys

Approved by:

Date: _____       By: **ANTHONY NARDOZZI**
                            Digitally signed by ANTHONY NARDOZZI
                            Date: 2021.03.10 19:40:28 -05'00'
                            Anthony J. Nardozzi
                            Deputy Chief

## DEFENDANT'S ACCEPTANCE

I have reviewed this Plea Agreement, and have discussed it at length with my attorney, Steven McCool. This Plea Agreement has been translated into Spanish for me. I understand that the English version controls. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one (1).

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Plea Agreement and matters related to it.

_____       03/10/21
JESSICA JOHANNA OSEGUERA GONZALEZ         Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant, through a translator fluent in English and Spanish. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of all consequences of the Defendant's plea of guilty.

_____       3/10/21
STEVEN J. MCCOOL                         Date
Attorney for Defendant