

**FILED**

**MAR 1 2 2021**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO.: 1:20-cr-040 (BAH) |
| ) | |
| JESSICA JOHANNA OSEGUERA ) | |
| GONZALEZ, ) | |
| ) | |
| Defendant. ) | |

## AGREED FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

### Summary of the Plea Agreement

1. Jessica Johanna Oseguera Gonzalez (the "Defendant") agrees to admit guilt and enter pleas of guilty to Counts One through Five of the Superseding Indictment, which charges her with Engaging in Transactions or Dealings in Properties of a Designated Foreign Person, 21 U.S.C. §§ 1904, 1906 ("Kingpin Act").

2. This plea is made pursuant to Fed. R. Crim. P. 11(c)(1)(B), in that the parties have agreed to a particular provision of the Sentencing Guidelines, and the government has agreed to recommend a sentence of 51 months, without binding the Court as to the ultimate sentence.

### Elements of the Offense

3. Pursuant to the Court's Standing Order in Criminal Cases, the parties agree that the essential elements of the offense of Engaging in Transactions or Dealings in Properties of a Designated Foreign Person, in violation of the Kingpin Act, each of which the government must prove beyond a reasonable doubt, are:

4. That the Defendant is a United States person;

5. That the Defendant endeavored, engaged, or attempted to engage in a transaction or dealing in property, or interests in property, with a foreign person, without first obtaining a

license from the U.S. Department of Treasury, Office of Foreign Assets Control ("OFAC");

6. That the foreign person with whom the Defendant had a transaction or dealing with was designated by OFAC under the Kingpin Act; and

7. That the Defendant willfully endeavored, engaged, or attempted to engage in a transaction or dealing with the designated foreign person.

8. Additionally, as alleged in the Superseding Indictment, the government must also prove that the Defendant was an officer, director, and/or agent of an entity who knowingly participated in a violation of the Kingpin Act.

Statement of the Facts

9. The following statement of facts does not purport to include all of the Defendant's illegal conduct during the course of her charged offense. It represents sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea and is not intended to represent all of the Defendant's relevant conduct for sentencing purposes. Had the Defendant proceeded to trial, the Defendant agrees that the Government's evidence would show the following beyond a reasonable doubt:

10. The Defendant is a United States person, in that she is a natural-born United States citizen, and was a United States citizen at all times relevant to the conduct charged in the Superseding Indictment.

11. The Defendant endeavored, engaged, or attempted to engage in a transaction or dealing in property, or interests in property, with a designated person as follows:

Count 1: J&P Advertising, S.A. de C.V.

12. The Defendant was a part owner and the "sole administrator" within the meaning of Mexican corporate law of J&P Advertising, S.A. de C.V. ("J&P Advertising"), a Mexico-

based advertising company. J&P Advertising was formed in September 2009 and liquidated on or about February 11, 2016. The Defendant remained a part owner and "sole administrator" of J&P Advertising until its dissolution. As the "sole administrator" of J&P Advertising, the Defendant granted a power of attorney in October 2009 to a representative who registered a trademark for J&P Advertising with the Mexican Institute of Industrial Property. That trademark expired in April 2020. Pursuant to 31 C.F.R. §598.312, a trademark qualifies as a "property interest" for purposes of the Kingpin Act. J&P Advertising was designated by OFAC on September 17, 2015. *See* 80 Fed. Reg. 57,433 (Sep. 23, 2015).

Count 2: JJGON, S.P.R. de R.L. de C.V.

13. The Defendant was a part owner and the "sole administrator" within the meaning of Mexican corporate law of JJGON, S.P.R. de R.I. de C.V. ("JJGON"), a Mexico-based agricultural collective entity. JJGON was formed in May 2011 and dissolved on or about February 11, 2016. The Defendant remained a part owner and "sole administrator" of JJGON until its dissolution. JJGON was designated by OFAC on September 17, 2015. *See* 80 Fed. Reg. 57,433 (Sep. 23, 2015).

Count 3: Las Flores Cabanas

14. Las Flores Cabanas, also known as Cabanas Las Flores, was a set of vacation rental cabins near Tapalpa, in the state of Jalisco, Mexico. The Defendant was the sole registrant of Las Flores Cabanas's trademark with the Mexican Institute of Industrial Property, and she personally signed the trademark application, which was filed on or about June 22, 2012. The Defendant was, therefore, an officer, director, or agent of Las Flores Cabanas within the meaning of 21 U.S.C. § 1906(a)(2). The trademark is still in existence and expires on June 22, 2022. The Defendant still owns the trademark for Las Flores Cabanas as of the date this Statement of Facts

was executed. Pursuant to 31 C.F.R. §598.312, a trademark qualifies as a "property interest" for purposes of the Kingpin Act. Las Flores Cabanas was designated byOFAC on September 17, 2015. *See* 80 Fed. Reg. 57,433 (Sep. 23, 2015).

15. In approximately September 2017, Las Flores Cabanas rebranded as Cabanas La Loma.

### Count 4: Mizu Sushi Lounge, Operadora Los Famosos, S.A. de C.V., Kenzo Sushi

16. Mizu Sushi Lounge was a sushi restaurant in Guadalajara, Mexico. The Defendant was the sole registrant of Mizu Sushi Lounge's trademark with the Mexican Institute of Industrial Property, and she personally signed the trademark application, which was filed on or about May 18, 2012. The Defendant was, therefore, an officer, director, or agent of Mizu Sushi Lounge within the meaningof 21 U.S.C. § 1906(a)(2). The trademark is still in existence and expires on May 18, 2022. Pursuant to 31 C.F.R. §598.312, a trademark qualifies as a "property interest" for purposes of the Kingpin Act. Mizu Sushi Lounge was designated by OFAC on September 17, 2015. *See* 80 Fed.Reg. 57,433 (Sep. 23, 2015).

17. In approximately October 2015, Mizu Sushi Lounge changed its name to Kenzo Sushi. Kenzo Sushi was the operating name of an entity incorporated under Mexican law known as Operadora Los Famosos, S.A. de C.V. ("Operadora Los Famosos"). The Defendant was not a registered owner or administrator of Operadora Los Famosos, but continued to act in a managerial and administrative role at Kenzo Sushi until at least ~~August~~ February 2018. The Defendant received income from Operadora Los Famosos, doing business as Kenzo Sushi, and indicated on a 2016 U.S. passport application that she was the "manager" of Kenzo Sushi. The Defendant was, therefore, anofficer, director, or agent of Operadora Los Famosos, doing business as Kenzo Sushi within the meaning of 21 U.S.C. § 1906(a)(2). Operadora Los Famosos, doing business as

4

Kenzo Sushi, was designated by OFAC on September 14, 2017. *See* 82 Fed. Reg. 43,820 (Sep. 19, 2017).

Count 5: Onze Black

18. Tequila Onze Black, or Onze Black, was a tequila brand based in Mexico. The Defendant was one of two registrants for Tequila Onze Black's trademark with the Mexican Institute of Industrial Property, and she personally signed the trademark application, which was filed on or about February 17, 2012. The Defendant was, therefore, an officer, director, or agent of Tequila Onze Black within the meaning of 21 U.S.C. § 1906(a)(2). The trademark is still in existence and expires on February 17, 2022. The Defendant remains one of the co-owners of the trademark for Tequila Onze Black as of the date this Statement of Facts was executed. Pursuant to 31 C.F.R. §598.312, a trademark qualifies as a "property interest" for purposes of the Kingpin Act. Onze Black was designated by OFAC on September 17, 2015. *See* 80 Fed. Reg. 57,433 (Sep. 23, 2015).

Engaging in Dealings and Transactions Without Obtaining a License from OFAC

19. The Defendant endeavored, engaged, or attempted to engage in the transactions and dealings in property and interests in property with "foreign persons," that is, the entities identified in the Superseding Indictment, without first obtaining a license from OFAC, in that the Defendant either continued to maintain a managerial or ownership interest in the designated entities named in the Superseding Indictment following their designations by OFAC or otherwise engaged in transactions or dealings in property with the entities identified in the Superseding Indictment following their designations.

Publication of OFAC Designations

20. On September 17, 2015 OFAC designated (1) J&P Advertising, (2) JJGON, (3)

Las Flores Cabanas, (4) Mizu Sushi Lounge, and (5) Tequila Onze Black as Specially Designated Narcotics Traffickers pursuant to the Foreign Narcotics Kingpin Designation Act. *See* 80 Fed. Reg. 57,433 (Sep. 23, 2015).

21. On September 14, 2017, OFAC designated Operadora Los Famosos, doing businessas Kenzo Sushi, as a Specially Designated Narcotics Trafficker pursuant to the Foreign Narcotics Kingpin Designation Act, and updated the September 2015 listing for Las Flores Cabanas to reflect that it had been renamed as Cabanas La Loma. *See* 82 Fed. Reg. 43,820 (Sep. 19, 2017).

22. The September 17, 2015 and September 14, 2017 OFAC designations were published in the Federal Register, publicized in press releases by the Department of the Treasury, and were widely covered by news media in Mexico and the United States. Several of the Defendant's acquaintances and relatives were served, either by mail or in person, with letters from OFAC concerning the designations of Abigael Gonzalez Valencia, the Defendant's uncle, Nemesio Oseguera Cervantes, the Defendant's father, Los Cuinis, and Cartel de Jalisco Nueva Generacion by OFAC as Specially Designated Narcotics Traffickers on April 8, 2015. On September 17, 2015, OFAC sent an email identifying the designations of the entities referenced in the Superseding Indictment to email addresses that it had associated with the Defendant.

Venue

23. The Defendant agrees that venue and jurisdiction are proper in this Court pursuant to 18 USC § 3237.

Knowing and Willful Conduct

24. The Defendant was aware that her transactions and dealings in property with the entities identified in the Superseding Indictment were unlawful on account of the legal

6

prohibition against engaging in transactions or dealings in property with OFAC-designated entities without first obtaining a license from OFAC.

25. The Defendant also agrees that her participation in the above described acts was knowing, voluntary, and willful, and was not the product of accident, mistake of law or fact, duress, entrapment, or public authority.

26. The Defendant is pleading guilty because she is in fact guilty.

Respectfully Submitted,

Arthur Wyatt, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

BY: _____
Brett Reynolds
Kaitlin Sahni
Kate Naseef
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
145 N Street NE, 2nd Floor East
Washington, D.C. 20530
(202) 598-2950
brett.reynolds@usdoj.gov

7

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer, understand it, and agree that it is true and accurate. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 03/10/21

_____
Jessica Johanna Oseguera Gonzalez

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this factual proffer, reviewed them with my client, and discussed it with my client.

Date: 3\10\21

_____
Steven J. McCool
Counsel for Jessica Johanna Oseguera Gonzalez