IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JESSICA JOHANNA OSEGUERA )<br>GONZALEZ, )<br>)<br>Defendant. )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | Criminal No. 20-cr-00040 (BAH) |

**JESSICA JOHANNA OSEGUERA GONZALEZ'S RESPONSE
TO THE GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Jessica Johanna Oseguera Gonzalez, by and through her undersigned counsel, respectfully submits the following response to the Government's Sentencing Memorandum (ECF 221).

In its memorandum, the government states that it "appears that [Ms. Gonzalez] may try to minimize her conduct." *See* ECF 221, at 3.  She is not.  Ms. Gonzalez accepts responsibility for the conduct alleged in the Superseding Indictment.  Ms. Gonzalez admits that the entities she associated with were designated for supporting drug trafficking and specifically the CJNG.

Ms. Gonzalez does not accept the claim that she met with her father as alleged by the government.  *See* ECF 221, at 25-26.  The government's allegation that Ms. Gonzalez attended two meetings at Las Flores Cabanas has inexplicably become more specific over the past several months.  In its initial motion to admit this evidence, the government did not provide the dates of these two alleged meetings.  *See* ECF 139.  In its reply, the government stated, for the first time, that these meetings allegedly occurred "in approximately 2011" and "in approximately 2013 to 2014."  *See* ECF 155, at 6.  Now, the government contends that the meetings occurred in 2011 and 2013, no longer accompanied by any approximation.  *See* ECF 221.

That said, Ms. Gonzalez agrees with the government that the Court need not resolve this factual dispute to determine and impose the sentence in this case. *See* ECF 221, at 25. Indeed, as the government pointed out in its Sentencing Memorandum, a grand jury issued a second superseding indictment against Nemesio Oseguera Cervantes "as recently as last year," (*see* ECF 221, at 4), and the grand jury did not charge Ms. Gonzalez in that case.

The government's attempts to compare the sentence imposed in *Coro* and to distinguish this matter from the facts of *Sanchez* are unpersuasive. In its Sentencing Memorandum, the government fails to point out that Coro received a sentence 15 months *below* the low end of his Guidelines range. *See* ECF 220, at 42. Additionally, Sanchez worked in concert with her husband, a Specially Designated Narcotics Trafficker. In fact, Sanchez "caused the execution of four wire transfers totaling approximately $1,408,402.99 . . . from a lawyer's trust account . . . to bank accounts in Lima, Peru of the two shell corporations that the [she and her husband] controlled." *See* ECF 220, at 39. Ms. Gonzalez has not been charged with wiring drug proceeds. *Id.* Finally, Sanchez was sentenced to a term of probation.

Lastly, the government represented that Kenzo Sushi showed "revenues of approximately $1.5 million USD from between December 2015 through February 2018." *See* ECF 221, at 35. The government mistakenly characterizes this as "income." *Id.* at 35 n.10.

An accounting of Kenzo Sushi's profit and loss was provided by undersigned counsel in its sentencing submission. The figures included in the forensic accounting report by B. Riley Advisory were calculated after reviewing the restaurant's bank statements, monthly sales tax reports, and general ledger reports provided by the government in discovery. *See* ECF 220, at

Exhibit 51.[1]  This analysis demonstrates that Kenzo Sushi did not realize a profit of $1.5 million USD from between December 2015 through February 2018.

For the foregoing reasons, and the reasons set forth in Ms. Gonzalez's Memorandum in Aid of Sentencing, a sentence of time served would promote respect for the law, afford adequate deterrence, and would, most importantly, represent a just punishment.

Respectfully submitted,

    /s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
YASMIN PEREZ ORTIZ
D.C. Bar No. 1721627
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Telephone:  (202) 450-3370
Fax:  (202) 450-33346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com
yperez@mccoollawpllc.com

*Counsel for Jessica Johanna Oseguera Gonzalez*

---

[1] As shown on Schedule 1 of the B. Riley Advisory report, the discovery provided by the government regarding Kenzo Sushi (Operadora Los Famosos SA de CV) consisted of one month of financial documents for 2015, twelve months of financial documents for 2016, and seven months of financial documents for 2017.  *See* ECF 220, at Exhibit 51, at 6.  The calculations and opinions included in Exhibit 51, therefore, are based on these available documents.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 2nd day of June 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and the document is available on the ECF system.

                                            /s/ Steven J. McCool
                                            STEVEN J. McCOOL